1 | Dave Carothers, State Bar No. 125536
Nancy G. Berner, State Bar No. 227142
2 | CARLTON DiSANTE & FREUDENBERGER LLP
4510 Executive Drive
3 | Suite 300
San Diego, California 92121
4 | Telephone: (858) 646-0007
Facsimile: (858) 646-0008
5 | E-Mail: dcarothers@cdflaborlaw.com
        nberner@cdflaborlaw.com
6 |
Attorneys for Defendant
7 | REGUS GROUP PLC; REGUS MANAGEMENT GROUP,
LLC; REGUS EQUITY BUSINESS CENTERS, L.L.C.;
8 | REGUS BUSINESS CENTER LLC and HQ GLOBAL
WORKPLACES LLC

**FILED**

2008 JUL 23 PM 1: 47

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

**'08 CV 1329 W AJB**

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN REYES, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| REGUS GROUP PLC; REGUS MANAGEMENT GROUP, LLC; REGUS EQUITY BUSINESS CENTERS, L.L.C.; REGUS BUSINESS CENTER LLC; HQ GLOBAL WORKPLACES LLC THE REGUS GROUP PLC; and, DOES 1-10, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) ) |

Case No. _____

[San Diego Superior Court Case No. 37-2008-00085278-CU-BT-CTL]

**DECLARATION OF JEFF McCALL IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

**[28 U.S.C. SECTIONS 1332, 1441(b), 1446(a)]**

ORIGINAL

1

DECL. OF JEFF McCALL RE: NOTICE OF REMOVAL

302848.1

## DECLARATION OF JEFF McCALL

I, Jeff McCall, declare as follows:

1.     I am the Chief Financial Officer at Regus Management Group, LLC, (hereafter "Regus") and have held this position since 2004. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify to such facts under oath. I make this declaration in support of Regus' Notice of Removal Based on Diversity Jurisdiction.

2.     Regus Group PLC is an international corporation organized and registered in the United Kingdom as a public limited company. Regus Group PLC provides furnished, equipped and staffed office space to businesses in over 950 business centers located in 400 cities in 70 countries.

3.     Regus is a limited liability corporation incorporated under the laws of the state of Delaware, with its home office located in Addison Texas, a northern suburb of Dallas. Regus provides management services and employees to the US business centers that are part of the Regus Group PLC's network of business centers.

4.     The administrative and executive functions of Regus are performed in Texas. The Directors and Managers consist of me, a resident of Illinois, and Mark Dixon, a resident of the Principality of Monaco. We are both officers of Regus as well. In addition to the Managers, there are two other officers, Guillermo Rotman, who resides in Florida, and Bob Gaudreau, who resides in New York. The Managers and Officers meet regularly in Addison to address issues faced by the Company and set corporate policies. The majority of business records are maintained in Texas, and Regus files and pays corporate income taxes in Texas. In practical terms, the day-to-day control of the company is exercised in Texas.

5.     Regus provides management services and employees to business centers in 36 different states and about 100 cities. No single state contains a substantial predominance of the corporation's business activities. Rather, the majority of Regus' business activity takes place in multiple states.

DECL. OF JEFF McCALL RE: NOTICE OF REMOVAL

302848.1

6.    Similarly, Regus Equity Business Centers, Regus Business Centers and HQ Global Workplaces are all limited liability corporations, incorporated in the state of Delaware, and share the same home office as Regus, in Addison Texas.  Like Regus, Regus Equity Business Centers, Regus Business Centers and HQ Global Workplaces conduct business throughout the United States and do not conduct a majority of business in a single state.  Corporate records are maintained in Texas, and these companies file and pay corporate income taxes in Texas.  Corporate business decisions, made by the officers and board members for Regus Equity Business Centers, Regus Business Centers and HQ Global Workplaces are made at the same regularly held meetings of officers in Addison Texas as are held for Regus Management Group.  In terms of corporate management and policy, day-to-day control of all four limited liability corporations (Regus Management Group, Regus Equity Business Centers, Regus Business Centers and HQ Global Workplaces), is exercised in Texas.

7.    I am unaware of any corporate entity named "The Regus Group PLC."

I declare under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct.

Executed this __/8__ day of July, 2008 at Addison, Texas.

_____
                Jeff McCall

3                                        DECL. OF JEFF McCALL RE: NOTICE OF
                                              REMOVAL

302848.1

1  *Alvin Reyes v. Regus Group, PLC, et al.*
   *San Diego Superior Court, Case No.: 37-2008-00085278-CU-BT-CTL*

2

3

4                          **PROOF OF SERVICE**

5

6        STATE OF CALIFORNIA, COUNTY OF SAN DIEGO.

7        I, the undersigned, declare that I am employed in the aforesaid County, State of California.
8  I am over the age of 18 and not a party to the within action.  My business address is 4510 Executive
   Drive, Suite 300, San Diego, California 92121.  On July 23, 2008, I served upon the interested
9  party(ies) in this action the following document described as:

         **DECLARATION OF JEFF McCALL IN SUPPORT OF NOTICE OF REMOVAL**
10          **OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

11       By placing a true and correct copy thereof enclosed in sealed envelope(s) addressed as
   stated below for processing by the following method:

12
   DAN STORMER                                    SUSAN L. GUINN
13 RANDY RENICK                                   LAW OFFICE OF SUSAN L. GUINN
   HADSELL STORMER KEENY RICHARDSON &             4660 LA JOLLA VILLAGE DRIVE, SUITE #500
14 RENICK LLP                                     SAN DIEGO, CA 92122
   128 NORTH FAIR OAKS AVENUE                     TELEPHONE: 619-275-5796
15 PASADENA, CA 91103                             FACSIMILE:  619-275-3546
   TELEPHONE: 626-585-9600
16 FACSIMILE: 626-577-7079

17   [X]   By placing such envelope(s) with postage thereon fully prepaid into Carlton DiSante &
           Freudenberger LLP's interoffice mail for collection and mailing pursuant to ordinary
18         business practice.  I am familiar with the office practice of Carlton DiSante &
           Freudenberger LLP for collecting and processing mail with the United States Postal
19         Service, which practice is that when mail is deposited with the Carlton DiSante &
           Freudenberger LLP personnel responsible for depositing mail with the United States Postal
20         Service, such mail is deposited that same day in a post box, mailbox, sub-post office,
           substation, mail chute, or other like facility regularly maintained by the United States Postal
21         Service in San Diego, California.

22       I declare under penalty of perjury under the laws of the State of California that the
   foregoing is true and correct.

23
         Executed on July 23, 2008, at San Diego, California.
24

25       Leslie Rivera Mason
   _____          _____
26       (Type or print name)                              (Signature)

27

28

CARLTON DISANTE &
FREUDENBERGER LLP
                                              1
303362.1                                                            PROOF OF SERVICE

1 | Dave Carothers, State Bar No. 125536
Cindy R. Caplan, State Bar No. 203868
2 | Nancy G. Berner, State Bar No. 227142
CARLTON DiSANTE & FREUDENBERGER LLP
3 | 4510 Executive Drive
Suite 300
4 | San Diego, California 92121
Telephone: (858) 646-0007
5 | Facsimile: (858) 646-0008
E-Mail: dcarothers@cdflaborlaw.com
6 |     ccaplan@cdflaborlaw.com
     nberner@cdflaborlaw.com
7 |
Attorneys for Defendants
8 | REGUS GROUP PLC; REGUS MANAGEMENT GROUP,
LLP; REGUS EQUITY BUSINESS CENTERS, L.L.C.;
9 | REGUS BUSINESS CENTER LLC; and HQ GLOBAL
WORKPLACES LLC
10 |

**FILED**

2008 JUL 23  PM 1:47

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

**'08 CV 1329  W  AJB**

11 | **UNITED STATES DISTRICT COURT**

12 | **SOUTHERN DISTRICT OF CALIFORNIA**

13 |

14 | ALVIN REYES, on behalf of himself and all
others similarly situated,

15 |                                                    )   Case No. _____
                                                     )
16 |                  Plaintiff,                      )   [San Diego Superior Court Case No. 37-
                                                     )   2008-00085278-CU-BT-CTL]
         vs.                                         )
17 |                                                    )   **DEFENDANT REGUS MANAGEMENT**
REGUS GROUP PLC; REGUS                               )   **GROUP, LLC'S NOTICE OF REMOVAL**
18 | MANAGEMENT GROUP, LLC; REGUS                      )   **OF CIVIL ACTION TO UNITED**
EQUITY BUSINESS CENTERS, L.L.C.;                     )   **STATES DISTRICT COURT**
19 | REGUS BUSINESS CENTER LLC; HQ                     )
GLOBAL WORKPLACES LLC THE REGUS                      )   **[28 U.S.C. SECTIONS 1332, 1441(b),**
20 | GROUP PLC; and, DOES 1-10,                        )   **1446(a)]**
                                                     )
21 |                  Defendants.                      )
     _____ )

22 |     TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR

23 | THE SOUTHERN DISTRICT OF CALIFORNIA, AND TO ALL PARTIES AND THEIR

24 | ATTORNEYS OF RECORD:

25 |     Defendant Regus Management Group LLC, ("Defendant" or "Regus"), hereby provides

26 | notice pursuant to 28 U.S.C. Section 1441, 28 U.S.C. Section 1446(a) and 28 U.S.C. Section 1332

27 | that it has removed a claim pending in the Superior Court of the State of California for the County

28 | of San Diego ("Superior Court"), Case No. 37-2008-00085278-CU-BT-CTL. The following is a

**ORIGINAL**

NOTICE OF REMOVAL OF CIVIL ACTION
TO UNITED STATES DISTRICT COURT [28
U.S.C. SECTIONS 1332, 1441(b), 1446(a)]

300564.2

1  short and plain statement of the grounds for removal and a listing of pleadings to date.

2      1.      On or about June 9, 2008, Plaintiff Alvin Reyes filed a Complaint on behalf of

3  himself and others similarly situated ("Plaintiffs") against Regus Group PLC, Regus Management

4  Group, LLC, Regus Equity Business Centers, L.L.C., Regus Business Center LLC, HQ Global

5  Workplaces LLC, The Regus Group PLC and Does 1-10 in the Superior Court for the County of

6  San Diego.  Attached hereto as Exhibit A is a true and correct copy of the Complaint and Civil

7  Cover Sheet.

8      2.      The Summons and Complaint were served on Regus on June 24, 2008.  Attached

9  hereto as Exhibit B is a true and correct copy of the Summons served in this action.

10     3.      On June 17, 2008, Plaintiff Alvin Reyes filed a Peremptory Challenge to the

11  assignment of the Honorable Judge Joan M. Lewis, pursuant to California Code of Civil Procedure

12  Section 170.6.  Attached hereto as Exhibit C is a true and correct copy of the Peremptory

13  Challenge.  On July 21, 2008, Plaintiff's served a Notice of Service of Case Reassignment, which

14  is attached hereto as Exhibit D.

15     4.      On July 22, 2008, Defendants filed an Answer to the Complaint.  Attached hereto as

16  Exhibit E is a true and correct copy of the Answer.

17     5.      As of this date, there are no further pleadings in the Superior Court file.  The

18  documents attached hereto as Exhibits constitute all process, pleadings, and orders received or

19  served by Regus in the Superior Court action.

20     6.      This Notice of Removal is being filed within thirty days of service of the Complaint

21  on Regus.  Thus, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

22     7.      This Court has original jurisdiction over this case on two bases: 1) 28 U.S.C.

23  Section 1332(a); and 2) Class Action Fairness Act (27 U.S.C. Section 1332(d)).

24          **I. Diversity Jurisdiction Pursuant to 28 U.S.C. Section 1332(a)**

25  A.     **Complete Diversity of Citizenship**

26     8.      This Court has original jurisdiction over this case because diversity jurisdiction

27  exists under 28 U.S.C. Section 1332(a), in that:

28          a.      In a purported class action, such as this case, only the citizenship of the class

2

300564.2

1   representative is considered for diversity purposes. *Snyder v. Harris*, 394 U.S. 332, 340 (1969).

2   Plaintiff Alvin Reyes alleges that at all relevant times, he was and still is, a citizen of the State of

3   California. Complaint ¶ 4.

4               b.      Corporations are citizens of both the state where they are incorporated and

5   the state where they have their principal place of business, *Tosco Corporation v. Communities for a*

6   *Better Environment*, 236 F.3d 495, 499.

7               c.      Regus Group PLC is an international corporation organized and registered in

8   the United Kingdom, which maintains over 950 business centers across 400 cities in 70 countries.

9   (Declaration of Jeff McCall ("McCall Decl.") ¶ 2.)

10              d.      Defendant Regus Management Group, LLC provides employees and

11  business services to Regus Group PLC in over 100 cities in the United States, in 36 states. (McCall

12  Decl. ¶ 5.) No single state contains a substantial predominance of Regus' business activities.

13  (McCall Decl. ¶ 5.) Rather, the majority of Regus' business activity takes place in multiple states.

14  (*Id.*)

15              e.      At the time the Complaint was filed, and at all times since, Defendant Regus

16  Management Group, LLC has been incorporated under the laws of the state of Delaware, with its

17  principal place of business in the State of Texas, and all domestic corporate and administrative

18  functions are performed in Texas. (McCall Decl. ¶ 3, 4.) Regus' Directors and Officers, none of

19  whom are citizens of California, meet regular at Regus' Addison, Texas headquarters. (*Id.*, ¶ 4.)

20  Thus, under the "nerve center" test of diversity, Regus Management Group LLC's principal place

21  of business is in Texas. Therefore Regus Management Group LLC is not a citizen of the State of

22  California for the purpose of diversity jurisdiction. Further, the "total activities test" of diversity

23  does not apply in this case because the Ninth Circuit has determined that the "total activities test"

24  should be applied to determine whether diversity jurisdiction exists only when a corporation's

25  activities are centralized in one or two states or there is a clear predominance of business activity in

26  one state. Industrial Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090 (9th Cir. 1990). Here, Regus'

27  business activities are widely dispersed throughout 36 states, and Regus' business activities do not

28  substantially predominate in California as compared to the other states in which it does business.

                                                    3

300564.2

1          f. .      None of the named Defendants are citizens of the State of California for

2 purposes of diversity jurisdiction. Corporate defendants are unaware of any corporation named

3 "The Regus Group PLC," which is therefore not a citizen of California. (McCall Decl. ¶ 7.)

4 Similar to Defendant Regus Management Group LLC, day-to-day control of all named limited

5 liability corporations, Regus Management Group, Regus Equity Business Centers, Regus Business

6 Centers and HQ Global Workplaces, is exercised in Texas. (McCall Decl. ¶ 6.) Like Regus, these

7 Defendants conduct business throughout the United States and do not conduct a majority of

8 business in a single state. (*Id.*) Regus Equity Business Centers, Regus Business Centers and HQ

9 Global Workplaces' corporate decisions are centralized at the Addison, Texas headquarters.

10 Similarly, the day-to-day control of these Defendants is exercised in Texas. (*Id.*)

11          g.      Further, the citizenship of defendants sued under fictitious names is

12 disregarded for purposes of removal, pursuant to 28 U.S.C. Section 1441(a). *See Phillips v.*

13 *Allstate Ins. Co.* 702 F.Supp. 1466 (C.D. Cal. 1989).

14 **B.**      **Amount in Controversy Pursuant To 28 U.S.C. § 1332(a)**

15      9.      This action is a civil action of which this Court has original jurisdiction under 28

16 U.S.C. § 1332, and is one which may be removed to this Court by Regus pursuant to the provisions

17 of 28 U.S.C. § 1332(a) in that it is a civil action between citizens of different states and the matter

18 in controversy exceeds the sum of $75,000, exclusive of interest and costs because:

19          a.      Federal courts consider state law to determine how underlying claims in the

20 complaint affect the amount in controversy. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353

21 (1961). For the Court to exercise diversity jurisdiction over this action upon removal, Regus must

22 demonstrate that Plaintiff, as a representative for his proposed class, has a claim with an amount in

23 controversy in excess of $75,000. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir.

24 2001) ("[I]f a named plaintiff in a diversity class action has a claim with an amount in controversy

25 in excess of $75,000, 28 U.S.C. § 1367 confers supplemental jurisdiction over claims of unnamed

26 class members irrespective of the amount in controversy in those claims."); *Gibson v. Chrysler*

27 *Corp.*, 261 F.3d 927, 934, 938 (9th Cir. 2001) (claims of unnamed class members in a diversity

28 class action need not satisfy the amount in controversy requirement if named representative meets

NOTICE OF REMOVAL OF CIVIL ACTION
TO UNITED STATES DISTRICT COURT [28
U.S.C. SECTIONS 1332, 1441(b), 1446(a)]

300564.2

1  jurisdictional requirement).

2        b.     The appropriate measure of the amount in controversy in a case removed on

3  diversity grounds is the litigation value of the case, assuming that the allegations of the complaint

4  are true and that a jury returns a verdict for plaintiff on all claims in the complaint.  *Jackson v.*

5  *American Bankers Ins. Co. of Florida*, 976 F.Supp. 1450, 1454 (S.D. Ala. 1997); *see also*

6  Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial*, § 2:661.3 (Rutter

7  Group 2001) (same); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount

8  in controversy analysis presumes that "plaintiff prevails on liability"); *Richmond v. Allstate Ins.*

9  *Co.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995) (amount in controversy to be determined upon

10  analysis of claims made in complaint and potential recovery of punitive damages award and

11  statutory or contractual attorneys' fees); *Goldberg v. CPC Int'l, Inc.*, 678 F. 2d 1365, 1367 (9th Cir.

12  1982) (amount in controversy includes potential recovery of attorneys' fees which assumes that

13  plaintiff prevails on underlying claims).

14        c.     For the causes of action alleged in the Complaint, Plaintiff and the proposed

15  class members seek:  unpaid wages and statutory penalties (Complaint, Prayer for Relief, ¶ 2); meal

16  and rest period penalties (Complaint, ¶ 26); waiting time penalties (Complaint, ¶ 28); unpaid

17  overtime (Complaint, ¶ 29); liquidated damages pursuant to California Labor Code § 1194.2(a)

18  (Complaint, Prayer for Relief, ¶ 3); restitution of all compensation due, including but not limited to

19  unpaid wages and benefits (Complaint, Prayer for Relief, ¶ 5); reasonable attorneys' fees and costs

20  (Complaint, Prayer for Relief ¶ 7); interest accrued on damages and penalties (Complaint, Prayer

21  for Relief ¶ 8), and punitive damages (Complaint, Prayer for Relief ¶ 9).  Further, Plaintiff and the

22  proposed class members seek damages and penalties dating back four years from the filing of the

23  complaint.  Therefore, any award of damages and penalties to Plaintiff and the proposed class

24  members would be substantial and well in excess of $75,000.

25        d.     Plaintiff alleges that the proposed class consists of "several hundred" current

26  and former employees, as well as "an indefinite number of future employees." (Complaint ¶ 15.)

27  In addition to the Plaintiff's and the proposed class members' claims for hourly wages, overtime

28  wages, meal and rest period penalties, waiting time penalties, and penalties for failure to keep

5

NOTICE OF REMOVAL OF CIVIL ACTION
TO UNITED STATES DISTRICT COURT [28
U.S.C. SECTIONS 1332, 1441(b), 1446(a)]

300564.2

1  accurate records and failure provide accurate employee wage statements, the amount of which will

2  depend on the number of hours each proposed class member claims to have worked without pay

3  and/or the number of meal and rest periods each proposed class member claims to have been

4  deprived, under Ninth Circuit law, potential attorneys' fees are to be attributed pro rata to each

5  proposed class member. *See Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982), *cert.*

6  *denied*, 459 U.S. 945 (1982).

7          e.      Based on (a) the damage claims made by Plaintiff in the Complaint; (b) a

8  reasonable estimate of Plaintiff's alleged past economic losses should he prevail; (c) the potential

9  recovery of statutory penalties; (d) the potential recovery of statutory attorneys' fees; and (e) this

10  firm's experience and understanding in litigating these types of cases and knowing the range of

11  recovery and reasonable attorneys' fees that may be incurred and to which Plaintiff might be

12  entitled should he prevail, the amount in controversy exceeds $75,000 for Plaintiff, exclusive of

13  interest and costs.

14  **II. Diversity Jurisdiction Pursuant to 28 U.S.C. Section 1332(d), Class Action Fairness Act**

15  **A.      Minimal Diversity Pursuant to 28 U.S.C Section 1332(d)**

16          10.     This Court also has original jurisdiction over this case on an alternative basis

17  because diversity jurisdiction exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C.

18  Section 1332(d), in that:

19          a.      CAFA provides that district courts have original jurisdiction of any civil

20  class action in which the jurisdictional amount in controversy is met, and any member of the

21  plaintiff class is a citizen of a State different from any defendant. The named Plaintiff in this

22  matter is, according to the Complaint, a resident of California. Complaint ¶ 4. As described more

23  fully in ¶ 8, Regus is not a resident of California, and thus diversity is met pursuant to 28 U.S.C.

24  Section 1332(d)(2).

25          b.      Plaintiff's Complaint alleges a Plaintiff Class "comprised of all current,

26  former, and future hourly, non-exempt employees employed at the Regus's [*sic*] sales departments

27  in California." Complaint ¶ 2. Similarly, Plaintiff's Complaint alleges that "Plaintiff and all

28  members of Plaintiff class as defined below are, were, or will be employed by the Decedents, [*sic*]

6

300564.2

1  within the state of California during the relevant statutory period." Complaint ¶ 4. Accepting the

2  allegations of the Complaint as true for purposes of removal, Regus is informed and believes that

3  greater than two-thirds of the members of the proposed class are citizens of California.

4          c.     As discussed more fully in ¶ 8, *supra*, none of the Regus defendants are a

5  citizen of California, the state in which the Complaint was filed. Consequently, the district court

6  does not have discretion to deny jurisdiction pursuant to CAFA, which states that a district court

7  may decline to exercise jurisdiction "over a class action in which greater than one third but less

8  than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary

9  defendants are citizens of the State in which the action was original filed." 28 U.S.C. Section

10  1332(d)(3).

11          d.     Similarly, removal to the district court is not foreclosed by CAFA, which

12  states in relevant part that jurisdiction "shall" be declined over a class action when a defendant

13  "from whom significant relief is sought" and more than two-thirds of the members of the proposed

14  Plaintiff class are citizens of the State in which the action was filed. 28 U.S.C. Section 1332(d)(4).

15  Defendant Regus is the employer entity, and is thus a defendant "from whom significant relief is

16  sought," and is not a resident of California, the state of original filing. 28 U.S.C. Section

17  1332(d)(3)(A)(i)(II)(aa). Thus, jurisdiction of the district court is proper pursuant to CAFA.

18  **B.**    <u>**Amount in Controversy Pursuant to the Class Action Fairness Act**</u>

19         11.     Further, this Court has original jurisdiction under CAFA, 28 U.S.C. § 1332(d), and

20  is one which may be removed to this Court by Regus in that it is a civil action between citizens of

21  different states and the aggregated amount in controversy exceeds the sum of $5,000,000, exclusive

22  of interest and costs, as follows:

23          a.     Plaintiff alleges that the proposed class consists of "several hundred" current

24  and former employees, as well as "an indefinite number of future employees." (Complaint ¶ 15.)

25          b.     Plaintiff and the proposed class members' allege claims for hourly wages,

26  overtime wages, meal and rest period penalties, waiting time penalties, and penalties for failure to

27  keep accurate records and failure provide accurate employee wage statements, the amount of which

28  will depend on the number of hours each proposed class member claims to have worked without

NOTICE OF REMOVAL OF CIVIL ACTION
TO UNITED STATES DISTRICT COURT [28
U.S.C. SECTIONS 1332, 1441(b), 1446(a)]

300564.2

1 | pay and/or the number of meal and rest periods each proposed class member claims to have been

2 | deprived.  Plaintiff also seeks punitive damages and attorneys' fees.

3 |      c.     Plaintiff's counsel has articulated that, based on their understanding and

4 | interpretation of the underlying facts, the amount in controversy is well in excess of the statutory

5 | limit of $5,000,000.00.

6 |      d.     Based on (a) the damage claims made by Plaintiff in the Complaint; (b)

7 | representations of Plaintiffs' counsel; (c) a reasonable estimate of Plaintiff's and the proposed class

8 | members' alleged past economic losses should they prevail; (d) the potential recovery of statutory

9 | penalties; (e) the potential recovery of statutory attorneys' fees; (f) the allegations in the Complaint

10 | that the putative class consists of "hundreds" of members, and (g) this firm's experience and

11 | understanding in litigating these types of cases and knowing the range of recovery and reasonable

12 | attorneys' fees that may be incurred and to which Plaintiff and the proposed class might be entitled

13 | should they prevail, the amount in controversy exceeds $5,000,000.00 for the proposed class,

14 | exclusive of interest and costs.

15 |     WHEREFORE, Defendant removes the original action brought by Plaintiff, now pending in

16 | the Superior Court of the State of California for the County of San Diego, from that State Court to

17 | this Court.

18 | Dated:  July 23, 2008            CARLTON DiSANTE & FREUDENBERGER LLP
                               Dave Carothers

19 |                                Cindy R. Caplan
                               Nancy G. Berner

20 |

21 |                  By: _____

22 |                                Dave Carothers
            Attorneys for Defendant

23 |             REGUS GROUP PLC; REGUS MANAGEMENT GROUP,
            LLP; REGUS EQUITY BUSINESS CENTERS, L.L.C.;

24 |             REGUS BUSINESS CENTER LLC; and HQ GLOBAL
            WORKPLACES LLC

25 |

26 |

27 |

28 |

                                   8

300564.2

**EXHIBIT A**

# Exhibit "A"

# ORIGINAL

1  Dan Stormer, Esq. [S.B. #101967]
   Randy Renick, Esq. [S.B. #179652]
2  HADSELL STORMER KEENY
       RICHARDSON & RENICK, LLP
3  128 N. Fair Oaks Avenue
   Pasadena, CA 91103
4  Telephone: (626) 585-9600
   Facsimile: (626) 577-7079
5
6  Susan L. Guinn, Esq., [#159212]
   LAW OFFICE OF SUSAN L. GUINN
7  4660 La Jolla Village Drive, #500
   San Diego, CA 92122
8  Telephone: (619) 275-5796
   Facsimile: (619) 275-3546
9
10 Attorneys for Plaintiffs
11 ALVIN REYES
12
13
14
15            SUPERIOR COURT OF THE STATE OF CALIFORNIA
16               FOR THE COUNTY OF SAN DIEGO
17                                      37-2008-00085278-CU-BT-CTL

18 ALVIN REYES, on behalf of himself      CASE NO.
   and all others similarly situated,
19                                        CLASS ACTION COMPLAINT FOR
              Plaintiffs,                 DAMAGES, DECLARATORY AND
20                                        INJUNCTIVE RELIEF, AND
        vs.                               RESTITUTION FOR:
21
   REGUS GROUP PLC; REGUS              1.   VIOLATION OF THE
22 MANAGEMENT GROUP, LLC;                   CALIFORNIA LABOR CODE
   REGUS EQUITY BUSINESS                    AND THE INDUSTRIAL
23 CENTERS, L.L.C; REGUS BUSINESS           WELFARE COMMISSION
   CENTER LLC; HQ GLOBAL                    ("IWC") WAGE ORDERS
24 WORKPLACES LLC THE REGUS
   GROUP PLC; and, DOES 1-10          2.   UNFAIR BUSINESS
25                                         PRACTICES IN VIOLATION
              Defendants.                  OF B&P CODE 17200, ET
26                                         SEQ.
27                                      DEMAND FOR JURY TRIAL
28

                                  1

On behalf of themselves and all others similarly situated, and on behalf of the general public, plaintiff ALVIN REYES brings this action against defendants REGUS GROUP PLC; REGUS MANAGEMENT GROUP, LLC; REGUS EQUITY BUSINESS CENTERS, L.L.C; REGUS BUSINESS CENTER LLC; HQ GLOBAL WORKPLACES LLC, and DOES 1-10, inclusive (collectively "Defendants") for: back wages, restitution, liquidated damages, penalties, interest, declaratory and injunctive relief, restitution, punitive damages, costs and attorneys' fees resulting from Defendants' unlawful and unfair business practices, and as grounds therefor allege:

## INTRODUCTION

1.   Plaintiff ALVIN REYES ("Class Representative") was at all relevant times classified as nonexempt  under the Industrial Welfare Commission ("IWC") Wage Orders and paid on an hourly basis as a Regus Group PLC ("Regus") employee working in California at a sales department, owned and operated by Regus.  Plaintiff is a resident of California and resides in the county of San Diego.

2.    Regus operates over 950 business centers across nearly 400 cities in 70 countries.  Regus leases fully staffed and equipped offices, offering business support services, meeting, conference and training facilities, and boasts the largest network of public video conference rooms serving over 200,000 clients on a daily basis.  Regus also offers home networking and "Virtual Office" and "Virtual PA" providing dedicated business addresses as well as mail and call handling services. Regus has approximately 250 nonexempt hourly employees in California.

3.    Plaintiff contends that Defendants deprived him and all others similarly situated with  overtime payments in violation of Labor Code § 510, as well as meal and rest breaks without proper compensation in violation of Labor Code § 226.7 and § 512 as well as in violation of applicable  IWC Wage Orders and the Business and Professions Code § 17200.

2

## **PARTIES**

4.    Plaintiff resides in California.  Plaintiff and all members of Plaintiff Class as defined below are, were, or will be employed by the Decedents, within the state of California during the relevant statutory period.

5.    Plaintiff's state claims are brought on behalf of Plaintiff Class, which is comprised of all current, former, and future hourly, non-exempt employees employed at the Regus's sales departments in California during the relevant statutory period and are California residents.  Members of Plaintiff Class were not compensated in the amounts required by the Labor Code and the IWC Wage orders promulgated pursuant thereto.  Members of Plaintiff Class did not receive the meal or rest breaks, or compensation for missed breaks, to which they are entitled under Labor Code § 226.7 and IWC Wage Orders.  Defendants' failure to compensate Plaintiff Class as required and to provide them with required breaks, or compensation for missed breaks, is and was a result of unlawful policies and practices that were commonly applied to all members of Plaintiff Class. Defendants also failed to compensate members of Plaintiff Class in accordance with the overtime requirements of the Labor Code and the IWC Wage Orders promulgated pursuant thereto.

6.    Plaintiff also brings this action on behalf of themselves, the general public, and all others similarly situated pursuant to Business and Professions Code § 17200.

7.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sue these defendants by such fictitious names and capacities.  Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously-named defendants once they have been ascertained.  Plaintiff is informed and believes, and on that basis alleges, that at all relevant times, each of the fictitiously-named

3

1  defendants were agents or employees of the named Defendants and/or were acting

2  within the course and scope of said agency or employment at the time of the

3  events herein alleged, and/or were acting directly or indirectly in the interest of

4  Defendants in relation to Plaintiff and Plaintiff Class.  Plaintiff is further informed

5  and believes and on that basis alleges that each of the fictitiously-named

6  defendants aided and assisted the named Defendants in committing the wrongful

7  acts alleged herein, and that Plaintiff's damages, as alleged herein, were

8  proximately caused by such defendants.  To the extent that the conduct and

9  omissions alleged herein were perpetrated by one or more defendants, the

10  remaining defendants confirmed and ratified said conduct and omissions.

11       8.    Plaintiff is informed and believes and thereupon alleges that at all

12  times material herein, each defendant named herein, including DOES 1 through

13  10, acted as the agent, joint venturer, representative, or alter ego of or for the other

14  defendants, and all aided and abetted the wrongful acts of the others.

15

16

17                    **FACTUAL ALLEGATIONS**

18       9.    Throughout the relevant statutory period, Plaintiff and all members of

19  Plaintiff class are and/or were nonexempt employees of Defendants and are

20  residents of California, entitled to all of the protections afforded to nonexempt

21  employees under the Labor Code and applicable IWC Wage Orders.

22       10.   At all relevant times Defendants failed to provide Plaintiff and

23  Plaintiff Class meal and rest periods as required by the applicable IWC Wage

24  Orders, failed to pay Plaintiff and Plaintiff Class compensation required by the

25  Labor Code for missed meal and rest periods, and failed to comply with other

26  requirements of those statutes as alleged herein.

27       11.   The underpayment of wages to Plaintiff and Plaintiff class is a

28  consequence of Defendants' unlawful compensation policies and practices which

                                    4

were centrally devised, implemented, communicated, and applied to all members of Plaintiff Class.  These unlawful compensation practices include, but are not limited to the following:

- Failure to permit employees to take meal and rest breaks required by law;
- Failure to include the time employees spend working through their required breaks in the number of hours worked for compensation purposes;
- Failure to pay required compensation for missed break time pursuant to Labor Code §§ 226.7, 512, and  applicable IWC Wage Orders;
- Failure to pay waiting period penalties required by §§ 201, 203 of the California Labor Code;
- Failure to pay legally-required overtime compensation pursuant to Labor Code § 510;
- Failure to keep legally-required records, including but not limited to accurate records of hours worked;
- Failure to provide accurate wage statements; and
- Other violations of the Labor Code and applicable IWC Wage Orders according to proof.

12.    As a result of Defendants' unlawful conduct, Plaintiff and Plaintiff Class have been and continue to be systematically deprived of the wages to which they are entitled by law, to the detriment of themselves, their families, and to the public at large.

13.    Plaintiff alleges that at all times material herein, Defendants have been aware of California laws requiring meal and rest breaks and have nevertheless engaged in widespread and flagrant violations of these laws.  On information and belief, Defendants' payroll records reveal that hundreds of Plaintiff Class members routinely did not receive meal breaks for several years.

5

1 Defendants have failed to establish any system to allow employees to cover each
2 others' job responsibilities to enable them to give each other breaks and ensure
3 compliance with the meal and rest break laws.  Plaintiff further alleges that
4 Defendants regularly gave members of Plaintiff Class job assignments they knew,
5 or should have known, did not allow enough time for those nonexempt employees
6 to take the required meal and rest breaks.  Plaintiff Class Members were required
7 to perform "pre-shift" and "post-shift" preparatory work at the beginning and end
8 of every workday, but were not being properly paid overtime wages for that time.
9 On information and belief, Plaintiff Class Members' supervisors changed their
10 time cards so they were not paid for all the hours they worked.  Plaintiff Class
11 Members were also required to leave their rest and meal breaks early to return to
12 work.

13

14                          **CLASS ALLEGATIONS**
15       14.    Proposed Class and Nature of the Class Claims.  The individual
16 Plaintiff, as a Class Representative, brings this action on his own behalf and on the
17 behalf of a class comprised of all nonexempt current, former, and future
18 employees employed at the Regus Management Group PLC during the relevant
19 statutory period and are California residents.
20       15.    Numerosity.  The size of Plaintiff Class makes a class action both
21 necessary and efficient.  On information and belief, Plaintiff estimates that
22 Plaintiff Class consists of several hundred current and former employees, and an
23 indefinite number of future employees.  Members of Plaintiff Class are
24 ascertainable but so numerous that joinder is impracticable.  Plaintiff Class
25 includes future class members whose joinder is inherently impossible.
26       16.    Typicality.  The claims of the Class Representative are typical of the
27 claims of the class as a whole.  The Class Representative was employed by
28 Defendants during the relevant statutory period.  The Class Representative was

1  underpaid because of Defendants' unlawful employment policies and practices.

2  The unlawful policies and practices that have operated to deny the Class

3  Representative wages, penalties, meal and rest periods, and other compensation,

4  benefits, and protections required by law are typical of the unlawful practices that

5  have and will continue to operate to deny other class members the compensation

6  and benefits to which they are entitled.

7      17.   <u>Common Questions of Law And Fact</u>.  This case poses common

8  questions of law and fact affecting the rights of all class members, including but

9  not limited to:

10          (a)   Whether the following compensation policies and practices are

11  unlawful under the Labor Code and/or IWC Wage Orders:

12              •   Failure to permit employees to take meal and rest breaks
13                  required by law;

14              •   Failure to include the time employees spend working
15                  through their required breaks in the number of hours
16                  worked for compensation purposes;

17              •   Failure to pay required compensation for missed break
18                  time pursuant to Labor Code § 226.7 and applicable IWC
19                  Wage Orders;

20              •   Failure to pay waiting period penalties required by
21                  §§201, 203 of the California Labor Code.

22              •   Failure to pay legally required overtime compensation
23                  required by Labor Code § 510.

24              •   Failure to keep legally-required records, including but
25                  not limited to accurate records of hours worked;

26              •   Failure to provide accurate wage statements;

27          (b)   What relief is necessary to remedy Defendants' unfair and
28                  unlawful conduct as herein alleged; and

7

1                    (c)    Other questions of law and fact.

2          18.    Adequacy of Class Representation.  The Class Representative can

3    adequately and fairly represent the interests of Plaintiff Class as defined above,

4    because his individual interests are consistent with, not antagonistic to, the

5    interests of the class.

6          19.    Adequacy of Counsel For the Class.  Counsel for Plaintiff possesses

7    the requisite resources and ability to prosecute this case as a class action and are

8    experienced labor and employment attorneys who have successfully litigated other

9    cases involving similar issues.

10          20.    Propriety of Class Action Mechanism.  Class certification is also

11    appropriate because Defendants have implemented a scheme which is generally

12    applicable to Plaintiff Class, making it appropriate to issue final injunctive relief

13    and corresponding declaratory relief with respect to the class as a whole.  Class

14    certification is also appropriate because the common questions of law and fact

15    predominate over any questions affecting only individual members of the class.

16    Further, the prosecution of separate actions against Defendants by individual class

17    members would create a risk of inconsistent or varying adjudications which would

18    establish incompatible standards of conduct for Defendants.  For all these and

19    other reasons, a class action is superior to other available methods for the fair and

20    efficient adjudication of the controversy set forth in this complaint.

21              **ALLEGATIONS OF THE CLASS REPRESENTATIVE**

22          21.    Alvin Reyes.  Alvin Reyes has worked for Defendants from February,

23    2004 through October 2005.  Throughout his employment with Defendants, Mr.

24    Reyes had been classified as a nonexempt employee.  Mr. Reyes had consistently

25    been denied the meal and rest breaks which he is entitled to under state law, and

26    had consistently not been paid compensation for missed meal and rest breaks or

27    compensation for time spent working through required breaks.  Defendants also

28    failed to keep legally required records, including but not limited to accurate

                                         8

1  records of hours worked, and failed to provide Mr. Reyes with accurate wage

2  statements.

3

4  ### FIRST CAUSE OF ACTION

5  ### CLASS ACTION CLAIM FOR VIOLATION OF THE CALIFORNIA

6  ### LABOR CODE

7       22.    Plaintiff re-alleges and incorporates by reference the allegations

8  contained in paragraphs 1 through 21 above.

9       23.    The Class Representative and all members of Plaintiff Class are, were,

10  or will be employed by the Defendants.

11       24.    At all relevant times, Defendants failed to conform their pay practices

12  to the requirements of the law

13       25.    Under § 11 of the applicable IWC Wage Orders, "[n]o employer shall

14  employ any person for a work period of more than five (5) hours with a meal

15  period of not less than 30 minutes." Under § 12 of the applicable IWC Wage

16  Orders, "[e]very employer shall authorize and permit all employees to take rest

17  periods, which insofar as practicable shall be in the middle of each work period.

18  The authorized rest period time shall be based on the total hours worked daily at

19  the rate of ten (10) minutes net rest time per four (4) hours or major fraction

20  thereof."

21       26.    Since October 1, 2000, Labor Code § 226.7 and/or applicable IWC

22  Wage Orders required employers to pay employees one-hour of pay at the

23  employee's regular rate of each workday in which the meal and rest periods

24  guaranteed to workers under California law were not provided to an employee.

25  Defendants have not compensated the Class Representative and Plaintiff Class for

26  their missed meal and rest periods as required by Labor Code § 226.7 and/or

27  applicable IWC Wage Orders.

28       27.    Additionally, the Class Representative and the Plaintiff Class were

1   not paid for time spent working through their required breaks.

2        28.    Members of Plaintiff Class who resigned or were terminated were not

3   paid the wages due to them at the time they left employment, entitling them to

4   recover the waiting period penalties equal to thirty days' pursuant to §§ 201, 203

5   of the California Labor Code.

6        29.    During times relevant to this action, California Labor Code § 1198

7   and IWC Wage Orders require employers to pay employees, including all

8   members of Plaintiff Class, additional compensation beyond their regular wages in

9   amounts specified by law for all overtime hours worked. California Labor Code §

10  510 specifies that eight hours of labor constitutes a day's work. Any work in

11  excess of eight hours in one workday and any work in excess of 40 hours in any

12  workweek and the first eight hours worked on the seventh day of work in any one

13  workweek shall be compensated at the rate of no less than one and one-half times

14  the regular rate of pay for an employee. California Labor Code § 1194(a) and §

15  1194.2(a) provide that an employee who has not been paid overtime compensation

16  as required by § 1198 and § 510 may recover the unpaid balance of the full

17  amount of such wages interest, attorneys' fees and the costs of suit. At all times

18  relevant herein, the IWC Wage Orders were applicable to Plaintiff Class.

19       30.    At all relevant times, Defendants failed to conform their pay practices

20  to the requirements of the law. This unlawful conduct includes, but is not limited

21  to, failing to pay to Plaintiffs overtime compensation to which they were and are

22  entitled under the California Labor Code and the applicable IWC Wage Orders.

23       31.    As a result of the unlawful acts of Defendants, Plaintiff and Plaintiff

24  Class have suffered damages in amounts to be proven at trial. In addition, Plaintiff

25  Class is entitled to injunctive relief to prevent future violation of their rights under

26  the Labor Code and IWC Wage Orders.

27       32.    Defendants committed the acts alleged herein maliciously,

28  fraudulently, and oppressively with the wrongful intention of injuring Plaintiff and

1  Plaintiff Class from an improper and evil motive amounting to malice, and in

2  conscious disregard of their rights.  Plaintiff and Plaintiff Class are thus entitled to

3  recover punitive damages from Defendants in amounts to be proven at trial.

**SECOND CAUSE OF ACTION**

**UNFAIR BUSINESS PRACTICES**

**IN VIOLATION OF CALIFORNIA BUSINESS AND**

**PROFESSIONS CODE SECTIONS § 17200, _ET SEQ._**

8    33.    Plaintiffs reallege and incorporate by reference the allegations

9  contained in paragraphs 1 through 32 above.

10    34.    This claim is brought by the Class Representative on behalf of

11  himself, Plaintiff Class, and the general public, pursuant to Business and

12  Professions Code §§ 17200, et seq.  Defendants' conduct as alleged herein has

13  been, and continues to be, an unfair, unlawful, and fraudulent business practice

14  which has been, and continues to be, deleterious to Plaintiff and to those similarly

15  situated and to the general public.  Business and Professions Code §§ 17200, et

16  seq prohibits unlawful, unfair, and fraudulent business practices.  Plaintiff seeks to

17  enforce important rights affecting the public interest within the meaning of the

18  Code of Civil Procedure § 1021.5.

19    35.    Plaintiff is "persons" within the meaning of Business and Professions

20  Code § 17204, with standing to bring this suit for injunctive relief, restitution,

21  disgorgement, and other appropriate equitable relief on behalf of all similarly-

22  situated employees and on behalf of the general public.

23    36.    Labor Code § 90.5(a) sets forth the public policy of this State to

24  enforce minimum labor standards vigorously, to ensure that employees are not

25  required or permitted to work under substandard and unlawful conditions, and to

26  protect employers who comply with the law from those who attempt to gain a

27  competitive advantage by failing to comply with minimum labor standards

28    37.    Through the conduct alleged herein, Defendants have acted contrary

11



1  to these public policies, have violated specific provisions of the Labor Code, and

2  have engaged in other unlawful and unfair business practices in violation of

3  Business and Professions Code §§ 17200, et seq., depriving the Class

4  Representative, members of Plaintiff Class, and other interested persons of rights,

5  benefits, and privileges guaranteed to all employees in California.

6      38.    At all times relevant to this action, Defendants have committed unfair

7  and unlawful business practices within the meaning of Business & Professions

8  Code §§ 17200, et seq., by engaging in conduct which includes, but is not limited

9  to, failing to provide meal and rest breaks, failing to pay compensation for missed

10  break time, failing to pay for time spent working through required breaks, failing

11  to pay waiting period penalties as required by law, and failing to pay overtime

12  compensation.

13      39.    As a direct and proximate result of these unfair business practices,

14  Defendants have received and continue to receive funds that rightfully belong to

15  Plaintiff.

16      40.    Plaintiff is entitled to, and hereby seek such relief as may be

17  necessary to restore him to the funds of which Plaintiff has been deprived, by

18  means of Defendants' unlawful and unfair business practices.

19      41.    Pursuant to Business and Professions Code § 17203, injunctive relief

20  is necessary to prevent Defendants from continuing to engage in unfair business

21  practice as alleged herein.  Defendants, and persons acting in concert with them,

22  have done, are now doing, and will continue to do or cause to be done, the above-

23  described unlawful acts unless restrained and enjoined by this Court.  Unless the

24  relief prayed for below is granted, a multiplicity of actions will result.  Plaintiff

25  has no plain, speedy, or adequate remedy at law, in that it is difficult to measure

26  the amount of monetary damages that would compensate Plaintiff or the general

27  public for Defendants' wrongful acts.  Further, pecuniary compensation alone

28  would not afford adequate and complete relief.  The above described acts will

1  cause great and irreparable damage to Plaintiff, Plaintiff Class and the general

2  public if injunctive relief is not granted.

3

4

5                          **<u>PRAYER FOR RELIEF</u>**

6        WHEREFORE, the Plaintiff respectfully prays that this Court award relief

7  as follows:

8        1.    An order certifying this case as a class action and appointing Plaintiff

9              and his counsel to represent the Class;

10       2.    Unpaid wages, and statutory penalties, according to proof;

11       3.    Liquidated damages pursuant to California Labor Code § 1194.2(a);

12       4.    Preliminary and permanent injunctions enjoining and restraining

13             Defendants from continuing the unfair and unlawful business

14             practices set forth above requiring the establishment of appropriate

15             and effective means to prevent future violations;;

16       5.    Restitution of all compensation due, including but not limited to

17             unpaid wages and benefits, as a result of Defendants' unlawful and

18             unfair business practices, according to proof;

19       6.    Declaratory relief;

20       7.    Reasonable attorneys' fees and costs;

21       8.    Interest accrued on damages and penalties

22       9.    Punitive damages; and

23       10.   Such other and further relief as the Court deems just and proper.

24  ///

25  ///

26  ///

27  ///

28  ///

                                    13

1

## <u>JURY TRIAL DEMAND</u>

2

3    Plaintiff hereby demands a jury trial on all issues so triable,

4

5    DATED: June 5, 2008              LAW OFFICE OF SUSAN L. GUINN

6

7                                     By _____

8                                            Susan L. Guinn
                                          Attorneys for Plaintiffs
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

# Exhibit "B"

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FILED
CIVIL BUSINESS OFFICE 5

2008 JUN -4 P 12: 30

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Regus Group PLC; Regus Management Group, LLC; Regus Equity
Business Centers, L.L.C.; Regus Business Center LLC; HQ Global
Workplaces LLC The Regus Group PLC; and DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Alvin Reyes, on behalf of himself and all others similarly situated,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you.  Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court for the State of California, County of San Diego
330 West Broadway, 2nd Floor
San Diego, CA  92101

**CASE NUMBER:**
*(Número del Caso):*
37-2008-00069278-CU-BT-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Dan Stormer, Esq., Hadsell & Stormer, 128 N. Fair Oaks Avenue, Pasadena, CA  91103;
Tel: (626) 585-9600;   Fax: (626) 577-7079

| DATE: | | Clerk, by | | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | JUN 0 9 2008 | *(Secretario)* | C. Selinsky | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

**EXHIBIT C**

# Exhibit "C"

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Susan L. Guinn, #159212<br>Law Office of Susan L. Guinn<br>4660 La Jolla Village Drive #500<br>San Diego, CA 92122<br>    TELEPHONE NO.: (619) 275-5796    FAX NO.: (619) 275-3546<br>ATTORNEY FOR (Name): Alvin Reyes | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
- ☐ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814
- ☑ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
- ☐ FAMILY COURT, 1501 6TH AVE., SAN DIEGO, CA 92101-3298
- ☐ MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105
- ☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
- ☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
- ☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
- ☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649
- ☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792

| | |
|---|---|
| PLAINTIFF(S)<br>**ALVIN REYES** | |
| DEFENDANT(S)<br>**REGUS GROUP PLC, et al.** | JUDGE   Joan M. Lewis |
| IN THE MATTER OF<br>                                        A MINOR | DEPT:   C-65 |
| **PEREMPTORY CHALLENGE**<br>**(CCP 170.6; Superior Court Rules, Division II, Rule 5.5)** | CASE NUMBER<br>37-2008-00085278-CU-BT-CTL |

Susan L. Guinn _____, is ☐ a party ☑ an attorney for a party in the above-entitled case and declares that (Hon) Joan M. Lewis _____, the Judge to whom this case is assigned, is prejudiced against the party or the party's attorney or the interests of the party or the party's attorney such that the said party or parties believe(s) that a fair and impartial trial or hearing cannot be had before such Judge.

WHEREFORE, pursuant to the provisions of §170.6 of the California Code of Civil Procedure, I respectfully request that this Court issue its order reassigning said case to another, and different, Judge for further proceedings.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: June 17, 2008

_____
(Signature)

---

**ORDER OF THE COURT**

☐ GRANTED   ☐ DENIED

This case is referred to Presiding/Supervising Department for reassignment and a Notice will be mailed to counsel.

Dated: _____       _____
                                                          Judge of the Superior Court

---

**FOR OFFICE USE ONLY**

This case has been reassigned to Judge _____ per Presiding/Supervising Judge _____ on _____.

SDSC CIV-249(Rev. 5-00)                    **PEREMPTORY CHALLENGE**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| Title of Case (Abbr.): Reyes et al. vs. Regus Group PLC, et al. | |
| Attorney(s) Name, Address and Telephone:<br><br>**Law Offices of Susan L. Guinn**<br>**4660 La Jolla Village Drive, Suite 500**<br>**San Diego, CA 92122**<br>**Tel (619) 507-2189 / Fax (619) 275-3546** | |

| Attorney(s) For:<br>Alvin Reyes<br>Plaintiff | Hearing Date/Time/Dept. | Case Number<br>37-2008-00085278-CU-BT-CTL |
|---|---|---|

## DECLARATION OF SERVICE

I, the undersigned, declare that: I am over the age of 18 years and not a party to this action. I am employed in, or am a resident of, the county of San Diego, California; where the mailing/facsimile transmission occurs; and my business address is 4660 La Jolla Village Drive, Suite 500, San Diego, California 9222. I further declare that I am readily familiar with the business practice for collection and processing of correspondence for sending via United States Postal Service and overnight express pursuant to which the correspondence will be deposited with the U.S. Postal Service this same day in the ordinary course of business. I caused to be served the following document(s):

### PLAINTIFF'S PEREMPTORY CHALLENGE

by placing a copy thereof in a separate envelope for each addressee respectively as follows:

### PLEASE SEE ATTACHED LIST

_____  **(BY MAIL)** I caused such envelope to be deposited in the mail at San Diego, California. The envelope was mailed with postage thereon fully paid.

_____  **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the office of the addressee.

___X___  **(BY PERSONAL SERVICE VIA FACSIMILE)** I caused such document to be transmitted via facsimile to the above-named persons. I then confirmed receipt of the fax.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on ___6-17-08___ at San Diego, California.

Janet A. Mac Neill

*PROOF OF SERVICE BY MAIL*
*(C.C.P. §§ 1013A and 2015.5)*

Attachment to Proof of Service
*Reyes v. Regus Group PLC*, et al.,
Case No. 37-2008-00085278-CU-BT-CTL

| Attorney | Parties |
|---|---|
| Doug Carothers, Esq.<br>4510 Executive Drive, #300<br>San Diego, CA 92101<br>Telephone: 858-646-0007<br>Facsimile: 858-646-0008 | Co-counsel for Defendant, Regus Group PLC |
| Noah Pollack, Esq.<br>Vice President – General Counsel<br>Regus·Americas<br>15305 Dallas Parkway #1400<br>Addison, TX 75001<br>Telephone: 214-295-3754<br>Facsimile: 214-295-3705 | Co-counsel for Defendant, Regus Group PLC |
| Dan Stormer, Esq.<br>Randy Renick, Esq.<br>Hadsell Stormer Keeny Richardson & Renick LLP<br>128 North Fair Oaks Avenue<br>Pasadena, CA 91103<br>Telephone: 626-585-9600<br>Facsimile: 626-577-7079 | Co-counsel for Plaintiff |

*PROOF OF SERVICE BY MAIL*
*(C.C.P. §§ 1013A and 2015.5)*

**Exhibit "D"**

1  | Dan Stormer, Esq. #101967
2  | LAW OFFICE OF HADSELL & STORMER
3  | 128 North Fair Oaks Avenue, Suite 204
   | Pasadena, CA 91103-3614
   | Telephone: (626) 585-9600
4  | Facsimile: (626) 577-7979

5  | Susan L. Guinn, Esq., #159212
6  | LAW OFFICE OF SUSAN L. GUINN
   | 4660 La Jolla Village Drive, #500
7  | San Diego, CA 92122
   | Telephone: (619) 275-5796
8  | Facsimile: (619) 275-3546

9

10 | Attorneys for Plaintiff

11 | **IN THE SUPERIOR COURT OF CALIFORNIA**

12 | **COUNTY OF SAN DIEGO**

13

14 | ALVIN REYES,                          ) CASE NO. 37-2008-00085278-CU-BT-CTL

15 |             Plaintiff,                )

16 | vs                                    ) **NOTICE OF SERVICE OF CASE**
   |                                       ) **REASSIGNMENT**
17 | REGUS GROUP, PLC, et al.              )

18 |             Defendant                 )

19

20 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

21 |       PLEASE TAKE NOTICE, pursuant to the Court's order attached hereto as Exhibit A,

22 | this case has been re-assigned to the Honorable Judith F. Hayes, in Department C-68.

23 | Dated: July 21, 2008.

24 |                                       LAW OFFICE OF HADSELL & STORMER
25 |                                       LAW OFFICE OF SUSAN L. GUINN

26 |                           By: _____
27 |                                       Dan Stormer
28 |                                       Susan L. Guinn
   |                                       Attorneys for Plaintiffs

1

*Reyes v. Regus Group, PLC, et al*
Notice of Service of Case Re-Assignment

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>STREET ADDRESS:    330 West Broadway<br>MAILING ADDRESS:    330 West Broadway<br>CITY AND ZIP CODE:    San Diego, CA 92101<br>BRANCH NAME:    Central<br>TELEPHONE NUMBER: (619) 450-7065 | |
| PLAINTIFF(S):   Alvin Reyes | |
| DEFENDANT(S) : Regus Group PLC et.al. | |
| ALVIN REYES VS. REGUS GROUP PLC | 06/27/2008 |

| NOTICE OF CASE REASSIGNMENT | CASE NUMBER:<br>37-2008-00085278-CU-BT-CTL |
|---|---|

**Filed :** 06/09/2008

## EFFECTIVE IMMEDIATELY, THE ABOVE-ENTITLED CASE HAS BEEN REASSIGNED

to Judge Judith F. Hayes, in Department C-68

due to the following reason:   Peremptory Challenge

All subsequent documents filed in this case must include the name of the new judge and the department number on the first page immediately below the number of the case. All counsel and self-represented litigants are advised that Division II of the Superior Court Rules is strictly enforced. It is the duty of each plaintiff (and cross-complainant) to serve a copy of this notice with the complaint (and cross-complaint).



Exhibit A

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

Central
330 West Broadway
San Diego, CA 92101

**SHORT TITLE:** Reyes vs. Regus Group PLC

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER: 37-2008-00085278-CU-BT-CTL |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the NOTICE OF CASE REASSIGNMENT was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at <u>San Diego</u>, California, on <u>06/30/2008</u>.

Clerk of the Court, by: _____ , Deputy

DAN STORMER
128 NORTH FAIR OAKS AVENUE, STE204
PASADENA, CA 91103-3614

---

SUPERIOR COURT OF CALIFORNIA
SAN DIEGO COUNTY
330 West Broadway
San Diego, CA 92101

ADDRESS FORWARD REQUESTED

530.CRT37-20080628.S11

DAN STORMER
128 NORTH FAIR OAKS AVENUE, STE204
PASADENA, CA 91103-3614

# COPY

FILED
CIVIL BUSINESS OFFICE 5
CENTRAL DIVISION

2008 JUN -9 P 12: 30

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

1   Dan Stormer, Esq. [S.B. #101967]
2   Randy Renick, Esq. [S.B. #179652]
    HADSELL STORMER KEENY
3       RICHARDSON & RENICK, LLP
    128 N. Fair Oaks Avenue
    Pasadena, CA 91103
4   Telephone: (626) 585-9600
    Facsimile: (626) 577-7079
5

6   Susan L. Guinn, Esq., [#159212]
    LAW OFFICE OF SUSAN L. GUINN
7   4660 La Jolla Village Drive, #500
    San Diego, CA 92122
8   Telephone: (619) 275-5796
    Facsimile: (619) 275-3546
9

10  Attorneys for Plaintiffs

11  ALVIN REYES

12

13

14

15          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

16              **FOR THE COUNTY OF SAN DIEGO**

17

18  ALVIN REYES, on behalf of himself       CASE NO.    37-2008-00085278-CU-BT-CTL
    and all others similarly situated,
19
                Plaintiffs,               CLASS ACTION COMPLAINT FOR
20                                        DAMAGES, DECLARATORY AND
        vs.                               INJUNCTIVE RELIEF, AND
21                                        RESTITUTION FOR:
    REGUS GROUP PLC; REGUS
22  MANAGEMENT GROUP, LLC;                1.   VIOLATION OF THE
    REGUS EQUITY BUSINESS                      CALIFORNIA LABOR CODE
23  CENTERS, L.L.C; REGUS BUSINESS            AND THE INDUSTRIAL
    CENTER LLC; HQ GLOBAL                      WELFARE COMMISSION
24  WORKPLACES LLC THE REGUS                   ("IWC") WAGE ORDERS
    GROUP PLC; and, DOES 1-10
25                                        2.   UNFAIR BUSINESS
                Defendants.                    PRACTICES IN VIOLATION
26                                             OF B&P CODE 17200, ET
                                               SEQ.
27
                                          DEMAND FOR JURY TRIAL
28

                                    1

1   On behalf of themselves and all others similarly situated, and on behalf of

2   the general public, plaintiff ALVIN REYES brings this action against defendants

3   REGUS GROUP PLC; REGUS MANAGEMENT GROUP, LLC; REGUS

4   EQUITY BUSINESS CENTERS, L.L.C; REGUS BUSINESS CENTER LLC; HQ

5   GLOBAL WORKPLACES LLC, and DOES 1-10, inclusive (collectively

6   "Defendants") for: back wages, restitution, liquidated damages, penalties, interest,

7   declaratory and injunctive relief, restitution, punitive damages, costs and

8   attorneys' fees resulting from Defendants' unlawful and unfair business practices,

9   and as grounds therefor allege:

10                                  **INTRODUCTION**

11      1.    Plaintiff ALVIN REYES ("Class Representative") was at all relevant

12   times classified as nonexempt under the Industrial Welfare Commission ("IWC")

13   Wage Orders and paid on an hourly basis as a Regus Group PLC ("Regus")

14   employee working in California at a sales department, owned and operated by

15   Regus. Plaintiff is a resident of California and resides in the county of San Diego.

16      2.    Regus operates over 950 business centers across nearly 400 cities in

17   70 countries. Regus leases fully staffed and equipped offices, offering business

18   support services, meeting, conference and training facilities, and boasts the largest

19   network of public video conference rooms serving over 200,000 clients on a daily

20   basis. Regus also offers home networking and "Virtual Office" and "Virtual PA"

21   providing dedicated business addresses as well as mail and call handling services.

22   Regus has approximately 250 nonexempt hourly employees in California.

23      3.    Plaintiff contends that Defendants deprived him and all others

24   similarly situated with overtime payments in violation of Labor Code § 510, as

25   well as meal and rest breaks without proper compensation in violation of Labor

26   Code § 226.7 and § 512 as well as in violation of applicable IWC Wage Orders

27   and the Business and Professions Code § 17200.

28

# PARTIES

4.     Plaintiff resides in California. Plaintiff and all members of Plaintiff Class as defined below are, were, or will be employed by the Decedents, within the state of California during the relevant statutory period.

5.     Plaintiff's state claims are brought on behalf of Plaintiff Class, which is comprised of all current, former, and future hourly, non-exempt employees employed at the Regus's sales departments in California during the relevant statutory period and are California residents. Members of Plaintiff Class were not compensated in the amounts required by the Labor Code and the IWC Wage orders promulgated pursuant thereto. Members of Plaintiff Class did not receive the meal or rest breaks, or compensation for missed breaks, to which they are entitled under Labor Code § 226.7 and IWC Wage Orders. Defendants' failure to compensate Plaintiff Class as required and to provide them with required breaks, or compensation for missed breaks, is and was a result of unlawful policies and practices that were commonly applied to all members of Plaintiff Class. Defendants also failed to compensate members of Plaintiff Class in accordance with the overtime requirements of the Labor Code and the IWC Wage Orders promulgated pursuant thereto.

6.     Plaintiff also brings this action on behalf of themselves, the general public, and all others similarly situated pursuant to Business and Professions Code § 17200.

7.     Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sue these defendants by such fictitious names and capacities. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously-named defendants once they have been ascertained. Plaintiff is informed and believes, and on that basis alleges, that at all relevant times, each of the fictitiously-named

1  defendants were agents or employees of the named Defendants and/or were acting

2  within the course and scope of said agency or employment at the time of the

3  events herein alleged, and/or were acting directly or indirectly in the interest of

4  Defendants in relation to Plaintiff and Plaintiff Class.  Plaintiff is further informed

5  and believes and on that basis alleges that each of the fictitiously-named

6  defendants aided and assisted the named Defendants in committing the wrongful

7  acts alleged herein, and that Plaintiff's damages, as alleged herein, were

8  proximately caused by such defendants.  To the extent that the conduct and

9  omissions alleged herein were perpetrated by one or more defendants, the

10  remaining defendants confirmed and ratified said conduct and omissions.

11      8.    Plaintiff is informed and believes and thereupon alleges that at all

12  times material herein, each defendant named herein, including DOES 1 through

13  10, acted as the agent, joint venturer, representative, or alter ego of or for the other

14  defendants, and all aided and abetted the wrongful acts of the others.

15

16

17  **FACTUAL ALLEGATIONS**

18      9.    Throughout the relevant statutory period, Plaintiff and all members of

19  Plaintiff class are and/or were nonexempt employees of Defendants and are

20  residents of California, entitled to all of the protections afforded to nonexempt

21  employees under the Labor Code and applicable IWC Wage Orders.

22      10.    At all relevant times Defendants failed to provide Plaintiff and

23  Plaintiff Class meal and rest periods as required by the applicable IWC Wage

24  Orders, failed to pay Plaintiff and Plaintiff Class compensation required by the

25  Labor Code for missed meal and rest periods, and failed to comply with other

26  requirements of those statutes as alleged herein.

27      11.    The underpayment of wages to Plaintiff and Plaintiff class is a

28  consequence of Defendants' unlawful compensation policies and practices which

4

were centrally devised, implemented, communicated, and applied to all members of Plaintiff Class. These unlawful compensation practices include, but are not limited to the following:

- Failure to permit employees to take meal and rest breaks required by law;
- Failure to include the time employees spend working through their required breaks in the number of hours worked for compensation purposes;
- Failure to pay required compensation for missed break time pursuant to Labor Code §§ 226.7, 512, and applicable IWC Wage Orders;
- Failure to pay waiting period penalties required by §§ 201, 203 of the California Labor Code;
- Failure to pay legally-required overtime compensation pursuant to Labor Code § 510;
- Failure to keep legally-required records, including but not limited to accurate records of hours worked;
- Failure to provide accurate wage statements; and
- Other violations of the Labor Code and applicable IWC Wage Orders according to proof.

12. As a result of Defendants' unlawful conduct, Plaintiff and Plaintiff Class have been and continue to be systematically deprived of the wages to which they are entitled by law, to the detriment of themselves, their families, and to the public at large.

13. Plaintiff alleges that at all times material herein, Defendants have been aware of California laws requiring meal and rest breaks and have nevertheless engaged in widespread and flagrant violations of these laws. On information and belief, Defendants' payroll records reveal that hundreds of Plaintiff Class members routinely did not receive meal breaks for several years.

5

1 Defendants have failed to establish any system to allow employees to cover each
2 others' job responsibilities to enable them to give each other breaks and ensure
3 compliance with the meal and rest break laws. Plaintiff further alleges that
4 Defendants regularly gave members of Plaintiff Class job assignments they knew,
5 or should have known, did not allow enough time for those nonexempt employees
6 to take the required meal and rest breaks. Plaintiff Class Members were required
7 to perform "pre-shift" and "post-shift" preparatory work at the beginning and end
8 of every workday, but were not being properly paid overtime wages for that time.
9 On information and belief, Plaintiff Class Members' supervisors changed their
10 time cards so they were not paid for all the hours they worked. Plaintiff Class
11 Members were also required to leave their rest and meal breaks early to return to
12 work.

13

14                    **CLASS ALLEGATIONS**

15      14.    <u>Proposed Class and Nature of the Class Claims</u>.  The individual
16 Plaintiff, as a Class Representative, brings this action on his own behalf and on the
17 behalf of a class comprised of all nonexempt current, former, and future
18 employees employed at the Regus Management Group PLC during the relevant
19 statutory period and are California residents.

20      15.    <u>Numerosity</u>.  The size of Plaintiff Class makes a class action both
21 necessary and efficient. On information and belief, Plaintiff estimates that
22 Plaintiff Class consists of several hundred current and former employees, and an
23 indefinite number of future employees. Members of Plaintiff Class are
24 ascertainable but so numerous that joinder is impracticable. Plaintiff Class
25 includes future class members whose joinder is inherently impossible.

26      16.    <u>Typicality</u>.  The claims of the Class Representative are typical of the
27 claims of the class as a whole. The Class Representative was employed by
28 Defendants during the relevant statutory period. The Class Representative was

underpaid because of Defendants' unlawful employment policies and practices. The unlawful policies and practices that have operated to deny the Class Representative wages, penalties, meal and rest periods, and other compensation, benefits, and protections required by law are typical of the unlawful practices that have and will continue to operate to deny other class members the compensation and benefits to which they are entitled.

17.     <u>Common Questions of Law And Fact</u>.  This case poses common questions of law and fact affecting the rights of all class members, including but not limited to:

(a)     Whether the following compensation policies and practices are unlawful under the Labor Code and/or IWC Wage Orders:

- Failure to permit employees to take meal and rest breaks required by law;

- Failure to include the time employees spend working through their required breaks in the number of hours worked for compensation purposes;

- Failure to pay required compensation for missed break time pursuant to Labor Code § 226.7 and applicable IWC Wage Orders;

- Failure to pay waiting period penalties required by §§201, 203 of the California Labor Code.

- Failure to pay legally required overtime compensation required by Labor Code § 510.

- Failure to keep legally-required records, including but not limited to accurate records of hours worked;

- Failure to provide accurate wage statements;

(b)     What relief is necessary to remedy Defendants' unfair and unlawful conduct as herein alleged; and

7

(c)    Other questions of law and fact.

18.    <u>Adequacy of Class Representation</u>.  The Class Representative can adequately and fairly represent the interests of Plaintiff Class as defined above, because his individual interests are consistent with, not antagonistic to, the interests of the class.

19.    <u>Adequacy of Counsel For the Class</u>.  Counsel for Plaintiff possesses the requisite resources and ability to prosecute this case as a class action and are experienced labor and employment attorneys who have successfully litigated other cases involving similar issues.

20.    <u>Propriety of Class Action Mechanism</u>.  Class certification is also appropriate because Defendants have implemented a scheme which is generally applicable to Plaintiff Class, making it appropriate to issue final injunctive relief and corresponding declaratory relief with respect to the class as a whole.  Class certification is also appropriate because the common questions of law and fact predominate over any questions affecting only individual members of the class.  Further, the prosecution of separate actions against Defendants by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants.  For all these and other reasons, a class action is superior to other available methods for the fair and efficient adjudication of the controversy set forth in this complaint.

## <u>ALLEGATIONS OF THE CLASS REPRESENTATIVE</u>

21.    <u>Alvin Reyes</u>.  Alvin Reyes has worked for Defendants from February, 2004 through October 2005.  Throughout his employment with Defendants, Mr. Reyes had been classified as a nonexempt employee.  Mr. Reyes had consistently been denied the meal and rest breaks which he is entitled to under state law, and had consistently not been paid compensation for missed meal and rest breaks or compensation for time spent working through required breaks.  Defendants also failed to keep legally required records, including but not limited to accurate

8

records of hours worked, and failed to provide Mr. Reyes with accurate wage statements.

### FIRST CAUSE OF ACTION
### CLASS ACTION CLAIM FOR VIOLATION OF THE CALIFORNIA LABOR CODE

22. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 21 above.

23. The Class Representative and all members of Plaintiff Class are, were, or will be employed by the Defendants.

24. At all relevant times, Defendants failed to conform their pay practices to the requirements of the law

25. Under § 11 of the applicable IWC Wage Orders, "[n]o employer shall employ any person for a work period of more than five (5) hours with a meal period of not less than 30 minutes." Under § 12 of the applicable IWC Wage Orders, "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof."

26. Since October 1, 2000, Labor Code § 226.7 and/or applicable IWC Wage Orders required employers to pay employees one-hour of pay at the employee's regular rate of each workday in which the meal and rest periods guaranteed to workers under California law were not provided to an employee. Defendants have not compensated the Class Representative and Plaintiff Class for their missed meal and rest periods as required by Labor Code § 226.7 and/or applicable IWC Wage Orders.

27. Additionally, the Class Representative and the Plaintiff Class were

9

1   not paid for time spent working through their required breaks.

2       28.    Members of Plaintiff Class who resigned or were terminated were not

3   paid the wages due to them at the time they left employment, entitling them to

4   recover the waiting period penalties equal to thirty days' pursuant to §§ 201, 203

5   of the California Labor Code.

6       29.    During times relevant to this action, California Labor Code § 1198

7   and IWC Wage Orders require employers to pay employees, including all

8   members of Plaintiff Class, additional compensation beyond their regular wages in

9   amounts specified by law for all overtime hours worked. California Labor Code §

10  510 specifies that eight hours of labor constitutes a day's work. Any work in

11  excess of eight hours in one workday and any work in excess of 40 hours in any

12  workweek and the first eight hours worked on the seventh day of work in any one

13  workweek shall be compensated at the rate of no less than one and one-half times

14  the regular rate of pay for an employee. California Labor Code § 1194(a) and §

15  1194.2(a) provide that an employee who has not been paid overtime compensation

16  as required by § 1198 and § 510 may recover the unpaid balance of the full

17  amount of such wages interest, attorneys' fees and the costs of suit. At all times

18  relevant herein, the IWC Wage Orders were applicable to Plaintiff Class.

19      30.    At all relevant times, Defendants failed to conform their pay practices

20  to the requirements of the law. This unlawful conduct includes, but is not limited

21  to, failing to pay to Plaintiffs overtime compensation to which they were and are

22  entitled under the California Labor Code and the applicable IWC Wage Orders.

23      31.    As a result of the unlawful acts of Defendants, Plaintiff and Plaintiff

24  Class have suffered damages in amounts to be proven at trial. In addition, Plaintiff

25  Class is entitled to injunctive relief to prevent future violation of their rights under

26  the Labor Code and IWC Wage Orders.

27      32.    Defendants committed the acts alleged herein maliciously,

28  fraudulently, and oppressively with the wrongful intention of injuring Plaintiff and

10

Plaintiff Class from an improper and evil motive amounting to malice, and in conscious disregard of their rights. Plaintiff and Plaintiff Class are thus entitled to recover punitive damages from Defendants in amounts to be proven at trial.

## SECOND CAUSE OF ACTION
## UNFAIR BUSINESS PRACTICES
## IN VIOLATION OF CALIFORNIA BUSINESS AND
## PROFESSIONS CODE SECTIONS § 17200, *ET SEQ.*

33.    Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 32 above.

34.    This claim is brought by the Class Representative on behalf of himself, Plaintiff Class, and the general public, pursuant to Business and Professions Code §§ 17200, et seq. Defendants' conduct as alleged herein has been, and continues to be, an unfair, unlawful, and fraudulent business practice which has been, and continues to be, deleterious to Plaintiff and to those similarly situated and to the general public. Business and Professions Code §§ 17200, et seq prohibits unlawful, unfair, and fraudulent business practices. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of the Code of Civil Procedure § 1021.5.

35.    Plaintiff is "persons" within the meaning of Business and Professions Code § 17204, with standing to bring this suit for injunctive relief, restitution, disgorgement, and other appropriate equitable relief on behalf of all similarly-situated employees and on behalf of the general public.

36.    Labor Code § 90.5(a) sets forth the public policy of this State to enforce minimum labor standards vigorously, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain a competitive advantage by failing to comply with minimum labor standards

37.    Through the conduct alleged herein, Defendants have acted contrary

11

to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business and Professions Code §§ 17200, et seq., depriving the Class Representative, members of Plaintiff Class, and other interested persons of rights, benefits, and privileges guaranteed to all employees in California.

38.     At all times relevant to this action, Defendants have committed unfair and unlawful business practices within the meaning of Business & Professions Code §§ 17200, et seq., by engaging in conduct which includes, but is not limited to, failing to provide meal and rest breaks, failing to pay compensation for missed break time, failing to pay for time spent working through required breaks, failing to pay waiting period penalties as required by law, and failing to pay overtime compensation.

39.     As a direct and proximate result of these unfair business practices, Defendants have received and continue to receive funds that rightfully belong to Plaintiff.

40.     Plaintiff is entitled to, and hereby seek such relief as may be necessary to restore him to the funds of which Plaintiff has been deprived, by means of Defendants' unlawful and unfair business practices.

41.     Pursuant to Business and Professions Code § 17203, injunctive relief is necessary to prevent Defendants from continuing to engage in unfair business practice as alleged herein. Defendants, and persons acting in concert with them, have done, are now doing, and will continue to do or cause to be done, the above-described unlawful acts unless restrained and enjoined by this Court. Unless the relief prayed for below is granted, a multiplicity of actions will result. Plaintiff has no plain, speedy, or adequate remedy at law, in that it is difficult to measure the amount of monetary damages that would compensate Plaintiff or the general public for Defendants' wrongful acts. Further, pecuniary compensation alone would not afford adequate and complete relief. The above described acts will

12

cause great and irreparable damage to Plaintiff, Plaintiff Class and the general
public if injunctive relief is not granted.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court award relief
as follows:

1. An order certifying this case as a class action and appointing Plaintiff
   and his counsel to represent the Class;

2. Unpaid wages, and statutory penalties, according to proof;

3. Liquidated damages pursuant to California Labor Code § 1194.2(a);

4. Preliminary and permanent injunctions enjoining and restraining
   Defendants from continuing the unfair and unlawful business
   practices set forth above requiring the establishment of appropriate
   and effective means to prevent future violations;;

5. Restitution of all compensation due, including but not limited to
   unpaid wages and benefits, as a result of Defendants' unlawful and
   unfair business practices, according to proof;

6. Declaratory relief;

7. Reasonable attorneys' fees and costs;

8. Interest accrued on damages and penalties

9. Punitive damages; and

10. Such other and further relief as the Court deems just and proper.

///
///
///
///
///

1

## <u>JURY TRIAL DEMAND</u>

2

3    Plaintiff hereby demands a jury trial on all issues so triable,

4

5    DATED: June 5, 2008                    LAW OFFICE OF SUSAN L. GUINN

6

7
                                     By _____
8
                                              Susan L. Guinn
9                                          Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|

| Title of Case (Abbr.): Reyes et al. vs. Regus Group PLC, et al. | |
|---|---|
| Attorney(s) Name, Address and Telephone:<br><br>**Law Offices of Susan L. Guinn**<br>**4660 La Jolla Village Drive, Suite 500**<br>**San Diego, CA 92122**<br>**Tel (619) 507-2189 / Fax (619) 275-3546** | |

| Attorney(s) For:<br>Alvin Reyes<br>Plaintiff | Hearing Date/Time/Dept. | Case Number<br>37-2008-00085278-CU-BT-CTL |
|---|---|---|

## DECLARATION OF SERVICE

I, the undersigned, declare that: I am over the age of 18 years and not a party to this action. I am employed in, or am a resident of, the county of San Diego, California; where the mailing/facsimile transmission occurs; and my business address is 4660 La Jolla Village Drive, Suite 500, San Diego, California 9222. I further declare that I am readily familiar with the business practice for collection and processing of correspondence for sending via United States Postal Service and overnight express pursuant to which the correspondence will be deposited with the U.S. Postal Service this same day in the ordinary course of business. I caused to be served the following document(s):

## NOTICE OF SERVICE OF CASE REASSIGNMENT

by placing a copy thereof in a separate envelope for each addressee respectively as follows:

### PLEASE SEE ATTACHED LIST

_____ ✓   **(BY MAIL)** I caused such envelope to be deposited in the mail at San Diego, California. The envelope was mailed with postage thereon fully paid.

_____   **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the office of the addressee.

_____ ✓   **(BY PERSONAL SERVICE VIA FACSIMILE)** I caused such document to be transmitted via facsimile to the above-named persons. I then confirmed receipt of the fax.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on ___7-21-08___ at San Diego, California.

Janet A. Mac Neill

*PROOF OF SERVICE BY MAIL*
*(C.C.P. §§ 1013A and 2015.5)*

Attachment to Proof of Service
*Reyes v. Regus Group PLC*, et al.,
Case No. 37-2008-00085278-CU-BT-CTL

| Attorney | Parties |
|---|---|
| Dave Carothers, Esq.<br>4510 Executive Drive, #300<br>San Diego, CA 92101<br>Telephone: 858-646-0007<br>Facsimile: 858-646-0008 | Co-counsel for Defendant, Regus Group PLC |
| Noah Pollack, Esq.<br>Vice President – General Counsel<br>Regus-Americas<br>15305 Dallas Parkway #1400<br>Addison, TX 75001<br>Telephone: 214-295-3754<br>Facsimile: 214-295-3705 | Co-counsel for Defendant, Regus Group PLC |
| Dan Stormer, Esq.<br>Randy Renick, Esq.<br>Hadsell Stormer Keeny Richardson & Renick LLP<br>128 North Fair Oaks Avenue<br>Pasadena, CA 91103<br>Telephone: 626-585-9600<br>Facsimile: 626-577-7079 | Co-counsel for Plaintiff |

*PROOF OF SERVICE BY MAIL*
*(C.C.P. §§ 1013A and 2015.5)*

EXHIBIT E

**Exhibit "E"**

1   CARLTON DiSANTE & FREUDENBERGER LLP
        Dave Carothers, State Bar No. 125536
2       Cindy R. Caplan, State Bar No. 203868
        Nancy G. Berner, State Bar No. 227142
3   4510 Executive Drive
    Suite 300
4   San Diego, California 92121
    Telephone:  (858) 646-0007
5   Facsimile:  (858) 646-0008
    E-Mail:  dcarothers@cdflaborlaw.com
6            ccaplan@cdflaborlaw.com
             nberner@cdflaborlaw.com
7
    Attorneys for Defendants
8   REGUS GROUP PLC; REGUS MANAGEMENT GROUP,
    LLC; REGUS EQUITY BUSINESS CENTERS, L.L.C.;
9   REGUS BUSINESS CENTER LLC; HQ GLOBAL
    WORKPLACES LLC, and  THE REGUS GROUP PLC
10

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                        COUNTY OF SAN DIEGO

13

14  ALVIN REYES, on behalf of himself and all    )   Case No. 37-2008-00085278-CU-BT-CTL
    others similarly situated.                   )
15                                               )   **DEFENDANTS' ANSWER TO**
                                                 )   **PLAINTIFF'S CLASS ACTION**
16              Plaintiff.                        )   **COMPLAINT FOR DAMAGES,**
         vs.                                      )   **DECLARATORY AND INJUNCTIVE**
17                                               )   **RELIEF AND RESTITUTION**
    REGUS GROUP PLC; REGUS                        )
18  MANAGEMENT GROUP, LLC; REGUS                  )   Action Filed:  June 9, 2008
    EQUITY BUSINESS CENTERS, L.L.C.;              )   Judge:  The Honorable Judith Hayes
19  REGUS BUSINESS CENTER LLC; HQ                 )   Dept.:  68
    GLOBAL WORKPLACES LLC THE REGUS               )
20  GROUP PLC; and, DOES 1-10,                    )
                                                 )
21              Defendant.                        )

22

23

24

25

26

27

28

                                                1      ANSWER TO CLASS ACTION COMPLAINT

300611.1

1    Defendants Regus Management Group, LLC, Regus Group PLC, Regus Equity Business

2 Centers, LLC, Regus Business Centers LLC, HQ Global Workplaces LLS ("Defendants"),

3 improperly sued as Regus Management Group, LLC, Regus Group PLC, Regus Equity Business

4 Centers, LLC, Regus Business Centers LLC, HQ Global Workplaces LLS, The Regus Group PLC,

5 hereby answer the Class Action Complaint for Damages, Declarative and Injunctive Relief and

6 Restitution based upon alleged violations of 1) California Labor Code and Industrial Welfare

7 Commission Wage Orders and 2) California Business & Professions Code section 17200, *et seq.*

8 (the "Complaint") filed by Plaintiff Alvin Reyes ("Plaintiff") in this matter as follows:

9

10          **I. GENERAL DENIAL**

11    Pursuant to the provisions of Section 431.30(d) of the California Code of Civil Procedure,

12 Defendants generally deny each and every material allegation in the Complaint, and specifically

13 deny that Plaintiff and the proposed class members have been damaged in any amount, sum or

14 manner whatsoever.

15        **II. AFFIRMATIVE DEFENSES**

16    Defendants have not completed their investigation of the facts of this case, have not

17 completed discovery in this matter, and have not completed their preparation for trial.  The

18 affirmative defenses asserted herein are based on Defendants' knowledge, information, and belief

19 at this time, and Defendants specifically reserve the right to modify, amend, or supplement any

20 affirmative defense contained herein at any time.

21    Without conceding that it bears the burden of proof or persuasion as to any one of them,

22 Defendants allege the following separate affirmative defenses to the Complaint:

23        **FIRST AFFIRMATIVE DEFENSE**

24         (Failure to State a Claim)

25    1.  The Complaint, and each cause of action therein, fails to state facts sufficient to

26 constitute causes of action against Defendants.

27

28

              2     ANSWER TO CLASS ACTION COMPLAINT

300611.1

1

## SECOND AFFIRMATIVE DEFENSE

2

(Failure to Satisfy Requirements of a Class Action)

3     2.    Plaintiff and members of the purported classes fail to adequately plead the elements

4 that are necessary for class-action treatment, and therefore should be barred from seeking to certify

5 this case as a class action, because there are no ascertainable classes and no well-defined

6 communities of interest among members of the purported classes.

7

## THIRD AFFIRMATIVE DEFENSE

8

(Failure of Predominant Common Questions of Law or Fact)

9     3.    Plaintiff and members of the purported classes fail to adequately plead the elements

10 that are necessary for class-action treatment, and therefore should be barred from seeking to certify

11 this case as a class action, because there are no predominant common questions of law or fact

12 between the proposed class representative and members of the purported classes.

13

## FOURTH AFFIRMATIVE DEFENSE

14

(Failure of Proposed Class Representative Having Claims Typical of the Classes)

15     4.    Plaintiff and members of the purported classes fail to adequately plead the elements

16 that are necessary for class-action treatment, and therefore should be barred from seeking to certify

17 this case as a class action, because the proposed class representative does not have claims typical of

18 members of the purported classes.

19

## FIFTH AFFIRMATIVE DEFENSE

20

(Failure to Qualify as Class Representative)

21     5.    The causes of action alleged by Plaintiff and members of the purported classes are

22 barred, in whole or in part, as a class action because Plaintiff does not meet the requirements for a

23 class representative.

24

## SIXTH AFFIRMATIVE DEFENSE

25

(Class Action Not Superior Method of Adjudication)

26     6.    The causes of action alleged by Plaintiff and members of the purported classes are

27 barred, in whole or in part, as a class action because a class action is not the superior method for

28 adjudicating this dispute.

3       ANSWER TO CLASS ACTION COMPLAINT

1

## SEVENTH AFFIRMATIVE DEFENSE

2

(Failure to Satisfy Requirements of Representative Classes)

3

7.    Plaintiff and members of the purported classes failed to adequately plead the

4

elements that are necessary to maintain a representative claim under California Business and

5

Professions Code §§ 17200 *et seq.* because all current and former employees of Defendants that are

6

purportedly represented by Plaintiff are not similarly situated to each other or to Plaintiff.

7

## EIGHTH AFFIRMATIVE DEFENSE

8

(Failure to Mitigate)

9

8.    If Defendants did subject Plaintiff and members of the purported classes to any

10

wrongful or unlawful conduct, although such is not admitted hereby or herein, Plaintiff and

11

members of the purported classes had a duty to mitigate any damages they may have suffered and

12

failed to do so.

13

## NINTH AFFIRMATIVE DEFENSE

14

(Statutes of Limitation)

15

9.    The causes of action alleged by Plaintiff and members of the purported classes are

16

barred, in whole or in part, by the applicable statutes of limitations, including, without limitation,

17

those provided for in California Code of Civil Procedure Code §§ 338(a), 340(a), and 343,

18

California Labor Code §§ 203 and 2699.3, and California Business and Professions Code § 17208.

19

## TENTH AFFIRMATIVE DEFENSE

20

(No Private Cause of Action/Failure to Exhaust)

21

10.    Plaintiff and the proposed class members are precluded from seeking penalties

22

pursuant to Labor Code §§ 201, 202, 203, 204b, 212, 226, 226.7, 510, 512, 551, 552, 1194, 1197

23

and/or 1199 because there is no private right of action to recover such penalties and/or Plaintiff

24

failed to exhaust the prerequisites to recover such penalties set forth in Labor Code sections 2698,

25

*et seq.*

26

## ELEVENTH AFFIRMATIVE DEFENSE

27

(Privilege/Legitimate Business Reason)

28

11.    The Complaint, and each cause of action contained therein, is barred, in whole or in

4

300611.1

1  part, because Defendants had an honest, good-faith belief that all decisions, if any, affecting

2  Plaintiff and members of the purported classes were made by Defendants solely for legitimate,

3  business-related reasons that were not arbitrary, capricious, or unlawful, and were reasonably based

4  upon the facts as Defendants understood them.

### TWELFTH AFFIRMATIVE DEFENSE

(Provision of Meal Breaks)

7  12.    Plaintiff and the members of the purported classes were provided all required meal

8  breaks, and were not forced to forego such meal breaks.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Violation of Defendant's Constitutional Rights)

11  13.    Any award of relief as sought by Plaintiff and members of the purported classes

12  would violate the due process and excessive fine clauses of the Fifth, Eighth, and Fourteenth

13  Amendments of the United States Constitution, as well as the Constitution of the State of

14  California.

### FOURTEENTH AFFIRMATIVE DEFENSE

(No Violation of Underlying State or Federal Law)

17  14.    Defendants are not liable for violation of unlawful business practices under

18  California Business and Professions Code §§ 17200 *et seq.* because they are not liable to Plaintiff

19  or members of the purported classes for any alleged violation of any underlying state or federal

20  laws.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Benefits of Business Practice)

23  15.    Defendants are not liable for violation of California Business and Professions Code

24  §§ 17200 *et seq.* because the benefits of Defendants' practices to Plaintiff and members of the

25  purported classes outweigh whatever particular harm or impact the practices allegedly caused them.

26

27

28

5                    ANSWER TO CLASS ACTION COMPLAINT

300611.1

1

## SIXTEENTH AFFIRMATIVE DEFENSE

2

(No Unfair, Misleading, or Deceptive Business Practices)

3      ,16.      Defendants are not liable for violation of California Business and Professions Code

4  §§ 17200 *et seq.* because their business practices were not unfair, not deceptive, and not likely to

5  mislead anyone.

6

## SEVENTEENTH AFFIRMATIVE DEFENSE

7

(Adequate Remedy at Law)

8      17.      The relief requested by Plaintiff and members of the purported classes under

9  California Business and Professions Code §§ 17200 *et seq.* should be denied because Plaintiff and

10  members of the purported classes have an adequate remedy at law.

11

## EIGHTEENTH AFFIRMATIVE DEFENSE

12

(No Willfulness/Good Faith)

13      18.      Defendants did not act willfully or with knowledge or reckless disregard as to

14  whether its conduct violated California wage-and-hour laws.  Rather, Defendants acted in good

15  faith and had reasonable grounds for believing that its actions were in compliance with California

16  wage-and-hour laws.

17

## NINETEENTH AFFIRMATIVE DEFENSE

18

(Good-Faith Dispute)

19      19.      The Complaint, and each cause of action therein, fails to state a claim for penalties

20  under California Labor Code § 203 because there is a good-faith dispute as to Defendants'

21  obligation to pay any wages that may be found to be due.

22

## TWENTIETH AFFIRMATIVE DEFENSE

23

(No Knowledge, Authorization, or Ratification)

24      20.      Defendants are not liable for Plaintiff's alleged damages because if any person

25  engaged in intentional, willful, or unlawful conduct as alleged in the Complaint, he or she did so

26  without the knowledge, authorization, or ratification of Defendants.

27

28  .

6                    ANSWER TO CLASS ACTION COMPLAINT

1

## TWENTY-FIRST AFFIRMATIVE DEFENSE

2

(No Entitlement to Injunctive Relief)

3    21.    Plaintiff and members of the purported classes are precluded from obtaining

4 injunctive relief, either in whole or in part, because they have not and cannot allege or prove that

5 irreparable harm will result if injunctive relief is denied.

6

## TWENTY-SECOND AFFIRMATIVE DEFENSE

7

(Comparative Fault)

8    22.    Defendants' conduct is not the sole and proximate cause of the alleged damages and

9 losses, if any, of Plaintiff and members of the purported classes.  Any damages awarded to Plaintiff

10 and members of the purported classes must be apportioned according to the respective fault and

11 legal responsibility of all parties, persons, and entities, or their agents and employees who

12 contributed to and/or caused the alleged damages, if any, according to the proof presented at the

13 time of trial.

14

## TWENTY-THIRD AFFIRMATIVE DEFENSE

15

(Laches)

16    23.    The Complaint, and each cause of action therein, is barred, in whole or in part, by

17 the doctrine of laches.

18

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

19

(Waiver, Estoppel, and/or Consent)

20    24.    The Complaint, and each cause of action therein, is barred, in whole or in part, by

21 the doctrines of waiver, estoppel, and/or consent.

22

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

23

(Unclean Hands)

24    25.    The Complaint, and each cause of action therein, is barred, in whole or in part, by

25 the doctrine of unclean hands.

26

27

28

7                    ANSWER TO CLASS ACTION COMPLAINT

300611.1

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Attorneys' Fees Not Recoverable)

26.    Plaintiff and members of the purported classes are precluded from recovering attorneys' fees from Defendants under applicable provisions of law (for some or all causes of action), including, without limitation, California Code of Civil Procedure § 1021.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Bad Faith)

27.    The Complaint was brought by Plaintiff in bad faith and is frivolous and by reason of the conduct stated herein Defendants are entitled to, and will seek, reasonable expenses, including attorneys' fees, incurred in defending this action pursuant to California Code of Civil Procedure § 128.7.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Offset)

28.    If it is determined that Defendant owes monetary damages to Plaintiff or the proposed class members, Defendants are entitled to an offset to the extent Plaintiff or the proposed class members owe money to Defendants.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

(Claims for Penalties Barred)

29.    Plaintiff and the proposed class members are precluded from recovering penalties, in whole or in part, from Defendants, by the due process clause of the Fourteenth Amendment to the Constitution of United States pursuant to the doctrine articulated in *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

## THIRTIETH AFFIRMATIVE DEFENSE

(Proper Payment of Wages)

30.    Defendants allege that any and all wages or other compensation were paid to Plaintiff and the members of the purported classes in a complete, full, fair and timely manner consistent with any and all applicable regulations and statutes.

8                    ANSWER TO CLASS ACTION COMPLAINT

## THIRTY-FIRST AFFIRMATIVE DEFENSE

(Improper Identification of Employer)

31.    Plaintiff and the members of the purported classes are foreclosed from seeking relief from non-employer corporate entities.

## III. PRAYER

WHEREFORE, Defendant Regus Management Group LLC prays for judgment as follows:

(1)    That Plaintiff's Complaint and each cause of action therein be dismissed with prejudice;

(2)    That Plaintiff and members of the purported classes take nothing by Plaintiff's Complaint;

(3)    That Defendant be awarded its costs incurred herein, and reasonable attorneys' fees pursuant to California Labor Code § 218.5; and

(4)    That the Court orders such other and further relief for Defendant as the Court may deem just and proper.

Dated:  July 22, 2008

CARLTON DiSANTE & FREUDENBERGER LLP
Dave Carothers
Cindy R. Caplan
Nancy G. Berner

By: _____
                    Cindy R. Caplan
Attorneys for Defendants
REGUS GROUP PLC; REGUS MANAGEMENT GROUP,
LLC; REGUS EQUITY BUSINESS CENTERS, L.L.C.;
REGUS BUSINESS CENTER LLC and HQ GLOBAL
WORKPLACES LLC

9                                    ANSWER TO CLASS ACTION COMPLAINT

300611.1

1 | *Alvin Reyes v. Regus Group, PLC, et al.*
*San Diego Superior Court, Case No.: 37-2008-00085278-CU-BT-CTL*
2 | *Judge:  The Honorable Judith Hayes*
*Dept.;  68*
3

FILED
CIVIL BUSINESS OFFICE 18
DIVISION

08 JUL 22  PN 3: 25

SUPERIOR COURT
SAN DIEGO COUNTY. CA

4 | **PROOF OF SERVICE**

5

6 | STATE OF CALIFORNIA, COUNTY OF SAN DIEGO.

7

8 | I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action.  My business address is 4510 Executive Drive, Suite 300, San Diego, California 92121.  On July 22, 2008, I served upon the interested

9 | party(ies) in this action the following document described as:

10 | **DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF AND RESTITUTION**

11

12 | By placing a true and correct copy thereof enclosed in sealed envelope(s) addressed as stated below for processing by the following method:

13 | DAN STORMER
RANDY RENICK
14 | HADSELL STORMER KEENY RICHARDSON & RENICK LLP
15 | 128 NORTH FAIR OAKS AVENUE
PASADENA, CA 91103
16 | TELEPHONE:  626-585-9600
FACSIMILE: 626-577-7079

SUSAN L. GUINN
LAW OFFICE OF SUSAN L. GUINN
4660 LA JOLLA VILLAGE DRIVE, SUITE #500
SAN DIEGO, CA 92122
TELEPHONE: 619-275-5796
FACSIMILE:  619-275-3546

17

18 | [X]  By placing such envelope(s) with postage thereon fully prepaid into Carlton DiSante & Freudenberger LLP's interoffice mail for collection and mailing pursuant to ordinary business practice.  I am familiar with the office practice of Carlton DiSante & Freudenberger LLP for collecting and processing mail with the United States Postal Service, which practice is that when mail is deposited with the Carlton DiSante & Freudenberger LLP personnel responsible for depositing mail with the United States Postal Service, such mail is deposited that same day in a post box, mailbox, sub-post office, substation, mail chute, or other like facility regularly maintained by the United States Postal Service in San Diego, California.

19

20

21

22

23 | I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

24 | Executed on July 22, 2008, at San Diego, California.

25

26 | Leslie Rivera Mason
(Type or print name)

(Signature)

27

28

CARLTON DISANTE &
FREUDENBERGER LLP

303218.1

1

PROOF OF SERVICE

1  *Alvin Reyes v. Regus Group, PLC, et al.*
   *San Diego Superior Court, Case No.: 37-2008-00085278-CU-BT-CTL*

2

3

4                                    **PROOF OF SERVICE**

5

   STATE OF CALIFORNIA, COUNTY OF SAN DIEGO.

6

7        I, the undersigned, declare that I am employed in the aforesaid County, State of California.
   I am over the age of 18 and not a party to the within action.  My business address is 4510 Executive
8  Drive, Suite 300, San Diego, California 92121.  On July 23, 2008, I served upon the interested
   party(ies) in this action the following document described as:

9

   **DEFENDANT REGUS MANAGEMENT GROUP, LLC'S NOTICE OF REMOVAL**
10      **OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

11       By placing a true and correct copy thereof enclosed in sealed envelope(s) addressed as
   stated below for processing by the following method:

12
   DAN STORMER                                    SUSAN L. GUINN
13 RANDY RENICK                                   LAW OFFICE OF SUSAN L. GUINN
   HADSELL STORMER KEENY RICHARDSON &             4660 LA JOLLA VILLAGE DRIVE, SUITE #500
14 RENICK LLP                                     SAN DIEGO, CA 92122
   128 NORTH FAIR OAKS AVENUE                     TELEPHONE: 619-275-5796
15 PASADENA, CA 91103                             FACSIMILE: 619-275-3546
   TELEPHONE: 626-585-9600
16 FACSIMILE: 626-577-7079

17 [X]   By placing such envelope(s) with postage thereon fully prepaid into Carlton DiSante &
         Freudenberger LLP's interoffice mail for collection and mailing pursuant to ordinary
18       business practice.  I am familiar with the office practice of Carlton DiSante &
         Freudenberger LLP for collecting and processing mail with the United States Postal
19       Service, which practice is that when mail is deposited with the Carlton DiSante &
         Freudenberger LLP personnel responsible for depositing mail with the United States Postal
20       Service, such mail is deposited that same day in a post box, mailbox, sub-post office,
         substation, mail chute, or other like facility regularly maintained by the United States Postal
21       Service in San Diego, California.

22       I declare under penalty of perjury under the laws of the State of California that the
   foregoing is true and correct.

23

   Executed on July 23, 2008, at San Diego, California.

24

25     Leslie Rivera Mason
       (Type or print name)                                          (Signature)
26

27

28

                                          1

CARLTON DISANTE &
FREUDENBERGER LLP

303361.1                                                          PROOF OF SERVICE

**ORIGINAL**

§ JS 44 (Rev. 12/07)                                     **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ALVIN REYES | REGUS GROUP PLC; REGUS MANAGEMENT GROUP, LLC; REGUS EQUITY BUSINESS CENTERS, L.L.C.; et al. |

FILED
2008 JUL 23 PM 1:48
CLERK US DIS
SOUTHERN DISTRICT OF CALIFORNIA

08 CV 1329 W AJB

| (b) County of Residence of First Listed Plaintiff San Diego | County of Residence of First Listed Defendant |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

(c) Attorney's (Firm Name, Address, and Telephone Number)
Dan Stormer/Rick Renick, Hadsell, Stormer Keeny Richardson & Renick, LLP, 128 North Fair Oaks Avenue, Pasadena, CA 91103 (626) 585-9600
Susan L. Guinn, Law Office of Susan L. Guinn, 4660 La Jolla Village Drive, Suite #500, San Diego, CA 92122, (619) 275-5796

Attorneys (If Known)
David J. Carothers, Cindy R. Coffey, Nancy G. Berner, Carlton DiSante & Freudenberger, LLC, 4510 Executive Drive, Suite 300, San Diego, CA 92121, (858) 646-0007

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [X] 442 Employment | **Habeas Corpus:** | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | **IMMIGRATION** | | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus - Alien Detainee | | [ ] 950 Constitutionality of State Statutes |
| | | | [ ] 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC §§ 1232, 1441, 1446(a)
Brief description of cause:
Plaintiff seeks compensation for unpaid wages.

**VII. REQUESTED IN COMPLAINT:**
[X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE
July 23, 2008

SIGNATURE OF ATTORNEY OF RECORD
Cindy P.

FOR OFFICE USE ONLY
RECEIPT # 153376   AMOUNT $350   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____
JAC 7/23/08

American LegalNet, Inc.
www.FormsWorkflow.com

1. *Alvin Reyes v. Regus Group, PLC, et al.*
   *San Diego Superior Court, Case No.: 37-2008-00085278-CU-BT-CTL*

2.

3.

### PROOF OF SERVICE

4.

5.

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO.

6.

7.    I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 4510 Executive
8.  Drive, Suite 300, San Diego, California 92121. On July 23, 2008, I served upon the interested party(ies) in this action the following document described as:
9.

### CIVIL COVER SHEET

10.

    By placing a true and correct copy thereof enclosed in sealed envelope(s) addressed as
11. stated below for processing by the following method:

12. DAN STORMER                                      SUSAN L. GUINN
    RANDY RENICK                                     LAW OFFICE OF SUSAN L. GUINN
13. HADSELL STORMER KEENY RICHARDSON &               4660 LA JOLLA VILLAGE DRIVE, SUITE #500
    RENICK LLP                                       SAN DIEGO, CA 92122
14. 128 NORTH FAIR OAKS AVENUE                       TELEPHONE: 619-275-5796
    PASADENA, CA 91103                               FACSIMILE: 619-275-3546
15. TELEPHONE: 626-585-9600
    FACSIMILE: 626-577-7079

16.

    [X]   By placing such envelope(s) with postage thereon fully prepaid into Carlton DiSante &
17.       Freudenberger LLP's interoffice mail for collection and mailing pursuant to ordinary
          business practice. I am familiar with the office practice of Carlton DiSante &
18.       Freudenberger LLP for collecting and processing mail with the United States Postal
          Service, which practice is that when mail is deposited with the Carlton DiSante &
19.       Freudenberger LLP personnel responsible for depositing mail with the United States Postal
          Service, such mail is deposited that same day in a post box, mailbox, sub-post office,
20.       substation, mail chute, or other like facility regularly maintained by the United States Postal
          Service in San Diego, California.

21.

    I declare under penalty of perjury under the laws of the State of California that the
22. foregoing is true and correct.

23.    Executed on July 23, 2008, at San Diego, California.

24.

25.    Leslie Rivera Mason
       (Type or print name)                                    (Signature)

26.

27.

28.

CARLTON DISANTE &
FREUDENBERGER LLP

303360.1

1

PROOF OF SERVICE

# UNITED STATES
# DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### SAN DIEGO DIVISION

# # 153276    — TC

## July 23, 2008
## 13:45:43

## Civ Fil Non-Pris

USAO #.: 08CV1329
Judge..: THOMAS J WHELAN
Amount.:                    $350.00 CK
Check#.: BC70458

# Total—> $350.00

FROM: ALVIN REYES
            VS
            REGUS GROUP