Dave Carothers, State Bar No. 125536
Cindy R. Caplan, State Bar No. 203868
Nancy G. Berner, State Bar No. 227142
CARLTON DiSANTE & FREUDENBERGER LLP
4510 Executive Drive
Suite 300
San Diego, California 92121
Telephone: (858) 646-0007
Facsimile: (858) 646-0008
E-Mail: dcarothers@cdflaborlaw.com
        ccaplan@cdflaborlaw.com
        nberner@cdflaborlaw.com

Attorneys for Defendants
REGUS GROUP PLC; REGUS MANAGEMENT GROUP,
LLP; REGUS EQUITY BUSINESS CENTERS, L.L.C.;
REGUS BUSINESS CENTER LLC; and HQ GLOBAL
WORKPLACES LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN REYES, on behalf of himself and all others similarly situated,<br><br>   Plaintiff,<br><br>  vs.<br><br>REGUS GROUP PLC; REGUS MANAGEMENT GROUP, LLC; REGUS EQUITY BUSINESS CENTERS, L.L.C.; REGUS BUSINESS CENTER LLC; HQ GLOBAL WORKPLACES LLC THE REGUS GROUP PLC; and, DOES 1-10,<br><br>   Defendants. | Case No. 08 CV 1329 W AJB<br><br>[San Diego Superior Court Case No. 37-2008-00085278-CU-BT-CTL]<br><br>**DEFENDANT REGUS MANAGEMENT GROUP, LLC'S CERTIFICATE OF SERVICE OF NOTICE TO PLAINTIFF OF REMOVAL TO FEDERAL COURT** |

1

303449.1

**CERTIFICATE OF SERVICE**

I, Leslie R. Mason certify and declare as follows:

(1)     I am over the age of 18 years and not a party to this action.

(2)     My business address is Carlton DiSante & Freudenberger LLP, 4510 Executive Drive, Suite 300, San Diego, California, 92121, which is located in the city, county, and state where the mailing described below took place.

(3)     On July 24, 2008, I deposited in the United States mail at San Diego, California, a copy of the Defendant Regus Management Group LLC's Notice to Plaintiff of Removal to Federal Court ("Notice to Plaintiff") addressed to plaintiff who is represented by counsel as follows:

| | |
|---|---|
| DAN STORMER<br>RANDY RENICK<br>HADSELL STORMER KEENY RICHARDSON &<br>RENICK LLP<br>128 NORTH FAIR OAKS AVENUE<br>PASADENA, CA 91103<br>TELEPHONE: 626-585-9600<br>FACSIMILE: 626-577-7079 | SUSAN L. GUINN<br>LAW OFFICE OF SUSAN L. GUINN<br>4660 LA JOLLA VILLAGE DRIVE, SUITE #500<br>SAN DIEGO, CA 92122<br>TELEPHONE: 619-275-5796<br>FACSIMILE: 619-275-3546 |

A copy of the Notice to Plaintiff, which was concurrently filed in the San Diego County Superior Court, is attached hereto as Exhibit "A."

In addition, on July 24, 2008, I deposited in the United States mail at San Diego, California, copies of the following documents addressed to Plaintiff as set forth below:

1.  Federal Civil Case Cover Sheet

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 24th day of July, 2008, at San Diego, California.

_____
Leslie R. Mason

2

CASE NO.: 08 CV 1329 W AJB
CERTIFICATE OF SERVICE

303449.1

# EXHIBIT "A"

1  CARLTON DiSANTE & FREUDENBERGER LLP
   Dave Carothers, State Bar No. 125536
2     Cindy R. Caplan, State Bar No. 203868
      Nancy G. Berner, State Bar No. 227142
3  4510 Executive Drive
   Suite 300
4  San Diego, California 92121
   Telephone: (858) 646-0007
5  Facsimile: (858) 646-0008
   E-Mail: dcarothers@cdflaborlaw.com
6          ccaplan@cdflaborlaw.com
           nberner@cdflaborlaw.com
7
   Attorneys for Defendant
8  REGUS GROUP PLC; REGUS MANAGEMENT GROUP,
   LLP; REGUS EQUITY BUSINESS CENTERS, L.L.C.;
9  REGUS BUSINESS CENTER LLC; and HQ GLOBAL
   WORKPLACES LLC
10

11             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12             **COUNTY OF SAN DIEGO, HALL OF JUSTICE**

13

14  ALVIN REYES, on behalf of himself and all          )   Case No. 37-2008-00085278-CU-BT-CTL
    others similarly situated,                          )
15                                                      )   **DEFENDANT REGUS MANAGEMENT
                      Plaintiff,                        )   GROUP LLC'S NOTICE TO PLAINTIFF
16          vs.                                         )   OF REMOVAL TO FEDERAL COURT**
                                                        )
17  REGUS GROUP PLC; REGUS                              )   Action Filed:  June 9, 2008
    MANAGEMENT GROUP, LLC; REGUS                        )
18  EQUITY BUSINESS CENTERS, L.L.C.;                    )
    REGUS BUSINESS CENTER LLC; HQ                       )
19  GLOBAL WORKPLACES LLC THE REGUS                     )
    GROUP PLC; and, DOES 1-10,                          )
20                                                      )
                      Defendant.                        )
21  _____          )

22

23

24

25

26

27

28

                                       1
                                                    NOTICE TO PLAINTIFF OF REMOVAL TO
                                                                        FEDERAL COURT

TO PLAINTIFF ALVIN REYES AND TO HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 23, 2008, defendant Regus Management Group LLC, filed its Notice of Removal to the United States District Court based on diversity jurisdiction (28 U.S.C. §§ 1332, 1441(b)) (the "Notice of Removal") in the United States District Court for the Southern District of California (the "Federal Court"). Upon removal, the Federal Court assigned the following case number: 08 CV 1329 W AJB. A copy of the Notice of Removal is attached hereto as Exhibit 1 and is being served concurrently herewith.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446. the filing of the Notice of Removal in the Federal Court, together with the service and filing of this Notice on the San Diego County Superior Court, effects the removal of this action, and the San Diego County Superior Court may proceed no further on this matter unless and until the case is remanded.

Dated:  July 23, 2008

CARLTON DiSANTE & FREUDENBERGER LLP
Dave Carothers
Cindy R. Caplan
Nancy G. Berner

By: _Cindy R. Cc_

Cindy R. Caplan
Attorneys for Defendant
REGUS GROUP PLC; REGUS MANAGEMENT GROUP, LLP; REGUS EQUITY BUSINESS CENTERS, L.L.C.; REGUS BUSINESS CENTER LLC; and HQ GLOBAL WORKPLACES LLC

NOTICE TO PLAINTIFF OF REMOVAL TO
FEDERAL COURT

300721.1

**Exhibit "1"**

CARLTON DiSANTE & FREUDENBERGER LLP
  Dave Carothers, State Bar No. 125536
  Cindy R. Caplan, State Bar No. 203868
  Nancy G. Berner, State Bar No. 227142
4510 Executive Drive
Suite 300
San Diego, California 92121
Telephone:  (858) 646-0007
Facsimile:  (858) 646-0008
E-Mail:  dcarothers@cdflaborlaw.com
         ccaplan@cdflaborlaw.com
         nberner@cdflaborlaw.com

Attorneys for Defendant
REGUS GROUP PLC; REGUS MANAGEMENT GROUP,
LLC; REGUS EQUITY BUSINESS CENTERS, L.L.C.;
REGUS BUSINESS CENTER LLC and HQ GLOBAL
WORKPLACES LLC

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| ALVIN REYES, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> REGUS GROUP PLC; REGUS MANAGEMENT GROUP, LLC; REGUS EQUITY BUSINESS CENTERS, L.L.C.; REGUS BUSINESS CENTER LLC; HQ GLOBAL WORKPLACES LLC THE REGUS GROUP PLC; and, DOES 1-10, <br><br> Defendant. | Case No. 37-2008-00085278-CU-BT-CTL <br><br> Judge Hon. Judith Hayes <br> Dept:   68 <br><br> **NOTICE TO STATE COURT RE. REMOVAL OF ACTION TO FEDERAL COURT** <br><br> Action Filed:  June 9, 2008 |

1

303376.1

1  TO THE HONORABLE JUDGES AND CLERK OF THE SUPERIOR COURT OF THE

2  STATE OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO AND TO PLAINTIFF AND

3  HIS ATTORNEY:

4  PLEASE TAKE NOTICE that on July 23, 2008, Defendant Regus Management Group,

5  LLC ("Regus") filed a Notice of Removal removing Case No. 37-2008-00085278-CU-BT-CTL

6  from the Superior Court of the State of California for the County of San Diego, to the United States

7  District Court for the Southern District of California.  Attached as Exhibit "A" is a true and correct

8  copy of the Notice of Removal, including all exhibits, which is incorporated herein by this

9  reference.

10  Pursuant to 28 U.S.C. § 1446, the filing of the attached Notice of Removal with the United

11  States District Court effects the removal of this action.  The above-captioned State Court may

12  proceed no further unless and until the case is remanded.

13  Dated:  July 23, 2008

   CARLTON DiSANTE & FREUDENBERGER LLP
14     Dave Carothers
       Cindy R. Caplan
15     Nancy G. Berner

16

17  By: _____
              Cindy R. Caplan
18  Attorneys for Defendant
    REGUS GROUP PLC; REGUS MANAGEMENT GROUP,
19  LLC; REGUS EQUITY BUSINESS CENTERS, L.L.C.;
    REGUS BUSINESS CENTER LLC and HQ GLOBAL
20  WORKPLACES LLC

21

22

23

24

25

26

27

28

NOTICE TO STATE COURT RE. REMOVAL

303376.1

Exhibit "A"

JS 44 (Rev. 12/07)   **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ALVIN REYES

### (b) County of Residence of First Listed Plaintiff San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

### (c) Attorney's (Firm Name, Address, and Telephone Number)
Dan Stormer/Rick Renick, Hadsell, Stormer Keeny Richardson & Renick, LLP, 128 North Fair Oaks Avenue, Pasadena, CA 91103 (626) 585-9600
Susan L. Guinn, Law Office of Susan L. Guinn, 4660 La Jolla Village Drive, Suite #500, San Diego, CA 92122, (619) 275-5796.

## DEFENDANTS
REGUS GROUP PLC; REGUS MANAGEMENT GROUP, LLC; REGUS EQUITY BUSINESS CENTERS, LLC; et al.

County of Residence of First Listed Defendant
2008 JUL 23 PM 1:46
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. SOUTHERN DISTRICT OF CALIFORNIA

Attorneys (If Known)
Dave Carothers, Cindy R. Caplan, Nancy G. Berner, Carlton DiSante & Freudenberger, LLC, 4510 Executive Drive, Suite 300, San Diego, CA 92121, (858) 646-0007

**'08 CV 1329 W AJB**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 625 Drug Related Seizure of Property 21 USC 881 |  | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 630 Liquor Laws | PROPERTY RIGHTS | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 690 Other |  | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | LABOR | SOCIAL SECURITY | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability |  | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise |  | 730 Labor/Mgmt. Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | 740 Railway Labor Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting | 790 Other Labor Litigation | 865 RSI (405(g)) | 892 Economic Stabilization Act |
| 220 Foreclosure | [X] 442 Employment | 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations |  | 870 Taxes (U.S. Plaintiff or Defendant) | 894 Energy Allocation Act |
| 240 Torts to Land | 444 Welfare | PRISONER PETITIONS | 871 IRS—Third Party 26 USC 7609 | 895 Freedom of Information Act |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 510 Motions to Vacate Sentence |  | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | Habeas Corpus: |  | 950 Constitutionality of State Statutes |
|  | 440 Other Civil Rights | 530 General |  |  |
|  |  | 535 Death Penalty | IMMIGRATION |  |
|  |  | 540 Mandamus & Other | 462 Naturalization Application |  |
|  |  | 550 Civil Rights | 463 Habeas Corpus - Alien Detainee |  |
|  |  | 555 Prison Condition | 465 Other Immigration Actions |  |

## V. ORIGIN (Place an "X" in One Box Only)
- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC §§ 1332, 1441, 1446(a)
Brief description of cause:
Plaintiff seeks compensation for unpaid wages.

## VII. REQUESTED IN COMPLAINT:
- [X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE                DOCKET NUMBER

DATE  , 2008
SIGNATURE OF ATTORNEY OF RECORD
Cindy P. [signature]

**FOR OFFICE USE ONLY**

RECEIPT #       AMOUNT       APPLYING IFP       JUDGE       MAG. JUDGE

American LegalNet, Inc.
www.FormsWorkflow.com

*Alvin Reyes v. Regus Group, PLC, et al.*
*San Diego Superior Court, Case No.: 37-2008-00085278-CU-BT-CTL*

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 4510 Executive Drive, Suite 300, San Diego, California 92121. On July 23, 2008, I served upon the interested party(ies) in this action the following document described as:

### CIVIL COVER SHEET

By placing a true and correct copy thereof enclosed in sealed envelope(s) addressed as stated below for processing by the following method:

DAN STORMER
RANDY RENICK
HADSELL STORMER KEENY RICHARDSON &
RENICK LLP
128 NORTH FAIR OAKS AVENUE
PASADENA, CA 91103
TELEPHONE: 626-585-9600
FACSIMILE: 626-577-7079

SUSAN L. GUINN
LAW OFFICE OF SUSAN L. GUINN
4660 LA JOLLA VILLAGE DRIVE, SUITE #500
SAN DIEGO, CA 92122
TELEPHONE: 619-275-5796
FACSIMILE: 619-275-3546

[X] By placing such envelope(s) with postage thereon fully prepaid into Carlton DiSante & Freudenberger LLP's interoffice mail for collection and mailing pursuant to ordinary business practice. I am familiar with the office practice of Carlton DiSante & Freudenberger LLP for collecting and processing mail with the United States Postal Service, which practice is that when mail is deposited with the Carlton DiSante & Freudenberger LLP personnel responsible for depositing mail with the United States Postal Service, such mail is deposited that same day in a post box, mailbox, sub-post office, substation, mail chute, or other like facility regularly maintained by the United States Postal Service in San Diego, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 23, 2008, at San Diego, California.

Leslie Rivera Mason
(Type or print name)

(Signature)

CDF & DISANTE
FREUDENBERGER LLP
1303360 1

1

PROOF OF SERVICE

Dave Carothers, State Bar No. 125536
Cindy R. Caplan, State Bar No. 203868
Nancy G. Berner, State Bar No. 227142
CARLTON DiSANTE & FREUDENBERGER LLP
4510 Executive Drive
Suite 300
San Diego, California 92121
Telephone:  (858) 646-0007
Facsimile:  (858) 646-0008
E-Mail:  dcarothers@cdflaborlaw.com
         ccaplan@cdflaborlaw.com
         nberner@cdflaborlaw.com

Attorneys for Defendants
REGUS GROUP PLC; REGUS MANAGEMENT GROUP,
LLP; REGUS EQUITY BUSINESS CENTERS, L.L.C.;
REGUS BUSINESS CENTER LLC; and HQ GLOBAL
WORKPLACES LLC

**FILED**

**2008 JUL 23  PM 1:46**

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

ALVIN REYES, on behalf of himself and all
others similarly situated,

        Plaintiff,

    vs.

REGUS GROUP PLC; REGUS
MANAGEMENT GROUP, LLC; REGUS
EQUITY BUSINESS CENTERS, L.L.C.;
REGUS BUSINESS CENTER LLC; HQ
GLOBAL WORKPLACES LLC THE REGUS
GROUP PLC; and, DOES 1-10,

        Defendants.

Case No. **'08 CV 1329 W AJB**

[San Diego Superior Court Case No. 37-
2008-00085278-CU-BT-CTL]

**DEFENDANT REGUS MANAGEMENT
GROUP, LLC'S NOTICE OF REMOVAL
OF CIVIL ACTION TO UNITED
STATES DISTRICT COURT**

[28 U.S.C. SECTIONS 1332, 1441(b),
1446(a)]

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR

THE SOUTHERN DISTRICT OF CALIFORNIA, AND TO ALL PARTIES AND THEIR

ATTORNEYS OF RECORD:

Defendant Regus Management Group LLC, ("Defendant" or "Regus"). hereby provides

notice pursuant to 28 U.S.C. Section 1441, 28 U.S.C. Section 1446(a) and 28 U.S.C. Section 1332

that it has removed a claim pending in the Superior Court of the State of California for the County

of San Diego ("Superior Court"), Case No. 37-2008-00085278-CU-BT-CTL.  The following is a

short and plain statement of the grounds for removal and a listing of pleadings to date.

1.      On or about June 9, 2008, Plaintiff Alvin Reyes filed a Complaint on behalf of himself and others similarly situated ("Plaintiffs") against Regus Group PLC, Regus Management Group, LLC, Regus Equity Business Centers, L.L.C., Regus Business Center LLC, HQ Global Workplaces LLC, The Regus Group PLC and Does 1-10 in the Superior Court for the County of San Diego. Attached hereto as Exhibit A is a true and correct copy of the Complaint and Civil Cover Sheet.

2.      The Summons and Complaint were served on Regus on June 24, 2008. Attached hereto as Exhibit B is a true and correct copy of the Summons served in this action.

3.      On June 17, 2008, Plaintiff Alvin Reyes filed a Peremptory Challenge to the assignment of the Honorable Judge Joan M. Lewis, pursuant to California Code of Civil Procedure Section 170.6. Attached hereto as Exhibit C is a true and correct copy of the Peremptory Challenge. On July 21, 2008, Plaintiff's served a Notice of Service of Case Reassignment, which is attached hereto as Exhibit D.

4.      On July 22, 2008, Defendants filed an Answer to the Complaint. Attached hereto as Exhibit E is a true and correct copy of the Answer.

5.      As of this date, there are no further pleadings in the Superior Court file. The documents attached hereto as Exhibits constitute all process, pleadings, and orders received or served by Regus in the Superior Court action.

6.      This Notice of Removal is being filed within thirty days of service of the Complaint on Regus. Thus, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

7.      This Court has original jurisdiction over this case on two bases: 1) 28 U.S.C. Section 1332(a); and 2) Class Action Fairness Act (27 U.S.C. Section 1332(d)).

## I. Diversity Jurisdiction Pursuant to 28 U.S.C. Section 1332(a)

### A.   Complete Diversity of Citizenship

8.      This Court has original jurisdiction over this case because diversity jurisdiction exists under 28 U.S.C. Section 1332(a), in that:

a.      In a purported class action, such as this case, only the citizenship of the class

2

300964 2

1  representative is considered for diversity purposes. *Snyder v. Harris*, 394 U.S. 332, 340 (1969).

2  Plaintiff Alvin Reyes alleges that at all relevant times, he was and still is, a citizen of the State of

3  California.  Complaint ¶ 4.

4         b.      Corporations are citizens of both the state where they are incorporated and

5  the state where they have their principal place of business. *Tosco Corporation v. Communities for a*

6  *Better Environment*, 236 F.3d 495, 499.

7         c.      Regus Group PLC is an international corporation organized and registered in

8  the United Kingdom, which maintains over 950 business centers across 400 cities in 70 countries.

9  (Declaration of Jeff McCall ("McCall Decl.") ¶ 2.)

10        d.      Defendant Regus Management Group, LLC provides employees and

11 business services to Regus Group PLC in over 100 cities in the United States, in 36 states.  (McCall

12 Decl. ¶ 5.)  No single state contains a substantial predominance of Regus' business activities.

13 (McCall Decl. ¶ 5.)  Rather, the majority of Regus' business activity takes place in multiple states.

14 (*Id.*)

15        e.      At the time the Complaint was filed, and at all times since, Defendant Regus

16 Management Group, LLC has been incorporated under the laws of the state of Delaware, with its

17 principal place of business in the State of Texas, and all domestic corporate and administrative

18 functions are performed in Texas. (McCall Decl. ¶ 3, 4.)  Regus' Directors and Officers, none of

19 whom are citizens of California, meet regular at Regus' Addison, Texas headquarters. (*Id.*, ¶ 4.)

20 Thus, under the "nerve center" test of diversity, Regus Management Group LLC's principal place

21 of business is in Texas.  Therefore Regus Management Group LLC is not a citizen of the State of

22 California for the purpose of diversity jurisdiction.  Further, the "total activities test" of diversity

23 does not apply in this case because the Ninth Circuit has determined that the "total activities test"

24 should be applied to determine whether diversity jurisdiction exists only when a corporation's

25 activities are centralized in one or two states or there is a clear predominance of business activity in

26 one state. Industrial Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090 (9th Cir. 1990).  Here, Regus'

27 business activities are widely dispersed throughout 36 states, and Regus' business activities do not

28 substantially predominate in California as compared to the other states in which it does business.

3

30Q564 2

1    f.    None of the named Defendants are citizens of the State of California for

2  purposes of diversity jurisdiction. Corporate defendants are unaware of any corporation named

3  "The Regus Group PLC," which is therefore not a citizen of California. (McCall Decl. ¶ 7.)

4  Similar to Defendant Regus Management Group LLC, day-to-day control of all named limited

5  liability corporations, Regus Management Group, Regus Equity Business Centers, Regus Business

6  Centers and HQ Global Workplaces, is exercised in Texas. (McCall Decl. ¶ 6.) Like Regus, these

7  Defendants conduct business throughout the United States and do not conduct a majority of

8  business in a single state. (Id.) Regus Equity Business Centers, Regus Business Centers and HQ

9  Global Workplaces' corporate decisions are centralized at the Addison, Texas headquarters.

10 Similarly, the day-to-day control of these Defendants is exercised in Texas. (Id.)

11    g.    Further, the citizenship of defendants sued under fictitious names is

12 disregarded for purposes of removal, pursuant to 28 U.S.C. Section 1441(a). *See Phillips v.*

13 *Allstate Ins. Co.* 702 F.Supp. 1466 (C.D. Cal. 1989).

14 **B.    Amount in Controversy Pursuant To 28 U.S.C. § 1332(a)**

15    9.    This action is a civil action of which this Court has original jurisdiction under 28

16 U.S.C. § 1332, and is one which may be removed to this Court by Regus pursuant to the provisions

17 of 28 U.S.C. § 1332(a) in that it is a civil action between citizens of different states and the matter

18 in controversy exceeds the sum of $75,000, exclusive of interest and costs because:

19    a.    Federal courts consider state law to determine how underlying claims in the

20 complaint affect the amount in controversy. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353

21 (1961). For the Court to exercise diversity jurisdiction over this action upon removal, Regus must

22 demonstrate that Plaintiff, as a representative for his proposed class, has a claim with an amount in

23 controversy in excess of $75,000. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir.

24 2001) ("[I]f a named plaintiff in a diversity class action has a claim with an amount in controversy

25 in excess of $75,000, 28 U.S.C. § 1367 confers supplemental jurisdiction over claims of unnamed

26 class members irrespective of the amount in controversy in those claims."); *Gibson v. Chrysler*

27 *Corp.*, 261 F.3d 927, 934, 938 (9th Cir. 2001) (claims of unnamed class members in a diversity

28 class action need not satisfy the amount in controversy requirement if named representative meets

4

300564.2

1    jurisdictional requirement).

2          b.          The appropriate measure of the amount in controversy in a case removed on

3    diversity grounds is the litigation value of the case, assuming that the allegations of the complaint

4    are true and that a jury returns a verdict for plaintiff on <u>all</u> claims in the complaint.  *Jackson v.*

5    *American Bankers Ins. Co. of Florida*, 976 F.Supp.1450, 1454 (S.D. Ala. 1997); *see also*

6    Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide. Fed. Civ. Pro. Before Trial*, § 2:661.3 (Rutter

7    Group 2001) (same); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount

8    in controversy analysis presumes that "plaintiff prevails on liability"); *Richmond v. Allstate Ins.*

9    *Co.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995) (amount in controversy to be determined upon

10    analysis of claims made in complaint and potential recovery of punitive damages award and

11    statutory or contractual attorneys' fees); *Goldberg v. CPC Int'l, Inc.*, 678 F. 2d 1365, 1367 (9th Cir.

12    1982) (amount in controversy includes potential recovery of attorneys' fees which assumes that

13    plaintiff prevails on underlying claims).

14          c.          For the causes of action alleged in the Complaint, Plaintiff and the proposed

15    class members seek:  unpaid wages and statutory penalties (Complaint, Prayer for Relief, ¶ 2); meal

16    and rest period penalties (Complaint, ¶ 26); waiting time penalties (Complaint, ¶ 28); unpaid

17    overtime (Complaint, ¶ 29); liquidated damages pursuant to California Labor Code § 1194.2(a)

18    (Complaint, Prayer for Relief, ¶ 3); restitution of all compensation due, including but not limited to

19    unpaid wages and benefits (Complaint, Prayer for Relief, ¶ 5); reasonable attorneys' fees and costs

20    (Complaint, Prayer for Relief ¶ 7); interest accrued on damages and penalties (Complaint, Prayer

21    for Relief ¶ 8), and punitive damages (Complaint, Prayer for Relief ¶ 9).  Further, Plaintiff and the

22    proposed class members seek damages and penalties dating back four years from the filing of the

23    complaint.  Therefore, any award of damages and penalties to Plaintiff and the proposed class

24    members would be substantial and well in excess of $75,000.

25          d.          Plaintiff alleges that the proposed class consists of "several hundred" current

26    and former employees, as well as "an indefinite number of future employees." (Complaint ¶ 15.)

27    In addition to the Plaintiff's and the proposed class members' claims for hourly wages, overtime

28    wages, meal and rest period penalties, waiting time penalties, and penalties for failure to keep

5

300564.2

1 | accurate records and failure provide accurate employee wage statements, the amount of which will

2 | depend on the number of hours each proposed class member claims to have worked without pay

3 | and/or the number of meal and rest periods each proposed class member claims to have been

4 | deprived, under Ninth Circuit law, potential attorneys' fees are to be attributed pro rata to each

5 | proposed class member. *See Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982), *cert.*

6 | *denied*, 459 U.S. 945 (1982).

7 |         e.        Based on (a) the damage claims made by Plaintiff in the Complaint; (b) a

8 | reasonable estimate of Plaintiff's alleged past economic losses should he prevail; (c) the potential

9 | recovery of statutory penalties; (d) the potential recovery of statutory attorneys' fees; and (e) this

10 | firm's experience and understanding in litigating these types of cases and knowing the range of

11 | recovery and reasonable attorneys' fees that may be incurred and to which Plaintiff might be

12 | entitled should he prevail, the amount in controversy exceeds $75,000 for Plaintiff, exclusive of

13 | interest and costs.

14 | **II. Diversity Jurisdiction Pursuant to 28 U.S.C. Section 1332(d), Class Action Fairness Act**

15 | **A.        Minimal Diversity Pursuant to 28 U.S.C Section 1332(d)**

16 |         10.        This Court also has original jurisdiction over this case on an alternative basis

17 | because diversity jurisdiction exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C.

18 | Section 1332(d), in that:

19 |         a.        CAFA provides that district courts have original jurisdiction of any civil

20 | class action in which the jurisdictional amount in controversy is met, and any member of the

21 | plaintiff class is a citizen of a State different from any defendant. The named Plaintiff in this

22 | matter is, according to the Complaint, a resident of California. Complaint ¶ 4. As described more

23 | fully in ¶ 8, Regus is not a resident of California, and thus diversity is met pursuant to 28 U.S.C.

24 | Section 1332(d)(2).

25 |         b.        Plaintiff's Complaint alleges a Plaintiff Class "comprised of all current,

26 | former, and future hourly, non-exempt employees employed at the Regus's [*sic*] sales departments

27 | in California." Complaint ¶ 2. Similarly, Plaintiff's Complaint alleges that "Plaintiff and all

28 | members of Plaintiff class as defined below are, were, or will be employed by the Decedents, [*sic*]

6

300564.2

1  within the state of California during the relevant statutory period." Complaint ¶ 4. Accepting the

2  allegations of the Complaint as true for purposes of removal, Regus is informed and believes that

3  greater than two-thirds of the members of the proposed class are citizens of California.

4          c.      As discussed more fully in ¶ 8, *supra*, none of the Regus defendants are a

5  citizen of California, the state in which the Complaint was filed. Consequently, the district court

6  does not have discretion to deny jurisdiction pursuant to CAFA, which states that a district court

7  may decline to exercise jurisdiction "over a class action in which greater than one third but less

8  than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary

9  defendants are citizens of the State in which the action was original filed." 28 U.S.C. Section

10  1332(d)(3).

11          d.      Similarly, removal to the district court is not foreclosed by CAFA, which

12  states in relevant part that jurisdiction "shall" be declined over a class action when a defendant

13  "from whom significant relief is sought" and more than two-thirds of the members of the proposed

14  Plaintiff class are citizens of the State in which the action was filed. 28 U.S.C. Section 1332(d)(4).

15  Defendant Regus is the employer entity, and is thus a defendant "from whom significant relief is

16  sought," and is not a resident of California, the state of original filing. 28 U.S.C. Section

17  1332(d)(3)(A)(i)(II)(aa). Thus, jurisdiction of the district court is proper pursuant to CAFA.

18  B.    Amount in Controversy Pursuant to the Class Action Fairness Act

19          11.     Further, this Court has original jurisdiction under CAFA, 28 U.S.C. § 1332(d), and

20  is one which may be removed to this Court by Regus in that it is a civil action between citizens of

21  different states and the aggregated amount in controversy exceeds the sum of $5,000,000, exclusive

22  of interest and costs, as follows:

23          a.      Plaintiff alleges that the proposed class consists of "several hundred" current

24  and former employees, as well as "an indefinite number of future employees." (Complaint ¶ 15.)

25          b.      Plaintiff and the proposed class members' allege claims for hourly wages,

26  overtime wages, meal and rest period penalties, waiting time penalties, and penalties for failure to

27  keep accurate records and failure provide accurate employee wage statements, the amount of which

28  will depend on the number of hours each proposed class member claims to have worked without

NOTICE OF REMOVAL OF CIVIL ACTION
TO UNITED STATES DISTRICT COURT [28
U.S.C. SECTIONS 1332, 1441(b), 1446(a)]

1  pay and/or the number of meal and rest periods each proposed class member claims to have been

2  deprived. Plaintiff also seeks punitive damages and attorneys' fees.

3       c.      Plaintiff's counsel has articulated that, based on their understanding and

4  interpretation of the underlying facts, the amount in controversy is well in excess of the statutory

5  limit of $5,000,000.00.

6       d.      Based on (a) the damage claims made by Plaintiff in the Complaint; (b)

7  representations of Plaintiffs' counsel; (c) a reasonable estimate of Plaintiff's and the proposed class

8  members' alleged past economic losses should they prevail; (d) the potential recovery of statutory

9  penalties; (e) the potential recovery of statutory attorneys' fees; (f) the allegations in the Complaint

10 that the putative class consists of "hundreds" of members, and (g) this firm's experience and

11 understanding in litigating these types of cases and knowing the range of recovery and reasonable

12 attorneys' fees that may be incurred and to which Plaintiff and the proposed class might be entitled

13 should they prevail, the amount in controversy exceeds $5,000,000.00 for the proposed class,

14 exclusive of interest and costs.

15      WHEREFORE, Defendant removes the original action brought by Plaintiff, now pending in

16 the Superior Court of the State of California for the County of San Diego, from that State Court to

17 this Court.

18 Dated: July 23, 2008

19                          CARLTON DiSANTE & FREUDENBERGER LLP
                            Dave Carothers
                            Cindy R. Caplan
20                          Nancy G. Berner

21

22          By: _____
                                        Dave Carothers
23          Attorneys for Defendant
            REGUS GROUP PLC; REGUS MANAGEMENT GROUP,
24          LLP; REGUS EQUITY BUSINESS CENTERS, L.L.C.;
            REGUS BUSINESS CENTER LLC; and HQ GLOBAL
25          WORKPLACES LLC

26

27

28

300564.2

8

Exhibit "A"

# ORIGINAL

1  Dan Stormer, Esq. [S.B. #101967]
2  Randy Renick, Esq. [S.B. #179652]
   HADSELL STORMER KEENY
3      RICHARDSON & RENICK, LLP
   128 N. Fair Oaks Avenue
4  Pasadena, CA 91103
   Telephone: (626) 585-9600
5  Facsimile: (626) 577-7079

6  Susan L. Guinn, Esq., [#159212]
   LAW OFFICE OF SUSAN L. GUINN
7  4660 La Jolla Village Drive, #500
   San Diego, CA 92122
8  Telephone: (619) 275-5796
   Facsimile: (619) 275-3546

9

10 Attorneys for Plaintiffs

11 ALVIN REYES

12

13

14

15        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

16              **FOR THE COUNTY OF SAN DIEGO**

17

18 ALVIN REYES, on behalf of himself          CASE NO.
   and all others similarly situated,                    37-2008-00065278-CU-BT-CTL

19
                  Plaintiffs,            CLASS ACTION COMPLAINT FOR
20                                       DAMAGES, DECLARATORY AND
         vs.                             INJUNCTIVE RELIEF, AND
21                                       RESTITUTION FOR:
   REGUS GROUP PLC; REGUS
22 MANAGEMENT GROUP, LLC;            1.   VIOLATION OF THE
   REGUS EQUITY BUSINESS                  CALIFORNIA LABOR CODE
23 CENTERS, L.L.C; REGUS BUSINESS         AND THE INDUSTRIAL
   CENTER LLC; HQ GLOBAL                  WELFARE COMMISSION
24 WORKPLACES LLC THE REGUS              ("IWC") WAGE ORDERS
   GROUP PLC; and, DOES 1-10
25                                   2.   UNFAIR BUSINESS
26                                        PRACTICES IN VIOLATION
                  Defendants.             OF B&P CODE 17200, ET
27                                        SEQ.

28                                   DEMAND FOR JURY TRIAL

                              1

On behalf of themselves and all others similarly situated, and on behalf of the general public, plaintiff ALVIN REYES brings this action against defendants REGUS GROUP PLC; REGUS MANAGEMENT GROUP, LLC; REGUS EQUITY BUSINESS CENTERS, L.L.C; REGUS BUSINESS CENTER LLC; HQ GLOBAL WORKPLACES LLC, and DOES 1-10, inclusive (collectively "Defendants") for: back wages, restitution, liquidated damages, penalties, interest, declaratory and injunctive relief, restitution, punitive damages, costs and attorneys' fees resulting from Defendants' unlawful and unfair business practices, and as grounds therefor allege:

## INTRODUCTION

1. Plaintiff ALVIN REYES ("Class Representative") was at all relevant times classified as nonexempt under the Industrial Welfare Commission ("IWC") Wage Orders and paid on an hourly basis as a Regus Group PLC ("Regus") employee working in California at a sales department, owned and operated by Regus. Plaintiff is a resident of California and resides in the county of San Diego.

2. Regus operates over 950 business centers across nearly 400 cities in 70 countries. Regus leases fully staffed and equipped offices, offering business support services, meeting, conference and training facilities, and boasts the largest network of public video conference rooms serving over 200,000 clients on a daily basis. Regus also offers home networking and "Virtual Office" and "Virtual PA" providing dedicated business addresses as well as mail and call handling services. Regus has approximately 250 nonexempt hourly employees in California.

3. Plaintiff contends that Defendants deprived him and all others similarly situated with overtime payments in violation of Labor Code § 510, as well as meal and rest breaks without proper compensation in violation of Labor Code § 226.7 and § 512 as well as in violation of applicable IWC Wage Orders and the Business and Professions Code § 17200.

2

## PARTIES

4.    Plaintiff resides in California. Plaintiff and all members of Plaintiff Class as defined below are, were, or will be employed by the Decedents, within the state of California during the relevant statutory period.

5.    Plaintiff's state claims are brought on behalf of Plaintiff Class, which is comprised of all current, former, and future hourly, non-exempt employees employed at the Regus's sales departments in California during the relevant statutory period and are California residents. Members of Plaintiff Class were not compensated in the amounts required by the Labor Code and the IWC Wage orders promulgated pursuant thereto. Members of Plaintiff Class did not receive the meal or rest breaks, or compensation for missed breaks, to which they are entitled under Labor Code § 226.7 and IWC Wage Orders. Defendants' failure to compensate Plaintiff Class as required and to provide them with required breaks, or compensation for missed breaks, is and was a result of unlawful policies and practices that were commonly applied to all members of Plaintiff Class. Defendants also failed to compensate members of Plaintiff Class in accordance with the overtime requirements of the Labor Code and the IWC Wage Orders promulgated pursuant thereto.

6.    Plaintiff also brings this action on behalf of themselves, the general public, and all others similarly situated pursuant to Business and Professions Code § 17200.

7.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sue these defendants by such fictitious names and capacities. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously-named defendants once they have been ascertained. Plaintiff is informed and believes, and on that basis alleges, that at all relevant times, each of the fictitiously-named

3

1  defendants were agents or employees of the named Defendants and/or were acting
2  within the course and scope of said agency or employment at the time of the
3  events herein alleged, and/or were acting directly or indirectly in the interest of
4  Defendants in relation to Plaintiff and Plaintiff Class. Plaintiff is further informed
5  and believes and on that basis alleges that each of the fictitiously-named
6  defendants aided and assisted the named Defendants in committing the wrongful
7  acts alleged herein, and that Plaintiff's damages, as alleged herein, were
8  proximately caused by such defendants. To the extent that the conduct and
9  omissions alleged herein were perpetrated by one or more defendants, the
10 remaining defendants confirmed and ratified said conduct and omissions.

11      8.    Plaintiff is informed and believes and thereupon alleges that at all
12 times material herein, each defendant named herein, including DOES 1 through
13 10, acted as the agent, joint venturer, representative, or alter ego of or for the other
14 defendants, and all aided and abetted the wrongful acts of the others.

## FACTUAL ALLEGATIONS

18      9.    Throughout the relevant statutory period, Plaintiff and all members of
19 Plaintiff class are and/or were nonexempt employees of Defendants and are
20 residents of California, entitled to all of the protections afforded to nonexempt
21 employees under the Labor Code and applicable IWC Wage Orders.

22      10.   At all relevant times Defendants failed to provide Plaintiff and
23 Plaintiff Class meal and rest periods as required by the applicable IWC Wage
24 Orders, failed to pay Plaintiff and Plaintiff Class compensation required by the
25 Labor Code for missed meal and rest periods, and failed to comply with other
26 requirements of those statutes as alleged herein.

27      11.   The underpayment of wages to Plaintiff and Plaintiff class is a
28 consequence of Defendants' unlawful compensation policies and practices which

were centrally devised, implemented, communicated, and applied to all members of Plaintiff Class. These unlawful compensation practices include, but are not limited to the following:

- Failure to permit employees to take meal and rest breaks required by law;

- Failure to include the time employees spend working through their required breaks in the number of hours worked for compensation purposes;

- Failure to pay required compensation for missed break time pursuant to Labor Code §§ 226.7, 512, and applicable IWC Wage Orders;

- Failure to pay waiting period penalties required by §§ 201, 203 of the California Labor Code;

- Failure to pay legally-required overtime compensation pursuant to Labor Code § 510;

- Failure to keep legally-required records, including but not limited to accurate records of hours worked;

- Failure to provide accurate wage statements; and

- Other violations of the Labor Code and applicable IWC Wage Orders according to proof.

12.     As a result of Defendants' unlawful conduct, Plaintiff and Plaintiff Class have been and continue to be systematically deprived of the wages to which they are entitled by law, to the detriment of themselves, their families, and to the public at large.

13.     Plaintiff alleges that at all times material herein, Defendants have been aware of California laws requiring meal and rest breaks and have nevertheless engaged in widespread and flagrant violations of these laws. On information and belief, Defendants' payroll records reveal that hundreds of Plaintiff Class members routinely did not receive meal breaks for several years.

1  Defendants have failed to establish any system to allow employees to cover each
2  others' job responsibilities to enable them to give each other breaks and ensure
3  compliance with the meal and rest break laws. Plaintiff further alleges that
4  Defendants regularly gave members of Plaintiff Class job assignments they knew,
5  or should have known, did not allow enough time for those nonexempt employees
6  to take the required meal and rest breaks. Plaintiff Class Members were required
7  to perform "pre-shift" and "post-shift" preparatory work at the beginning and end
8  of every workday, but were not being properly paid overtime wages for that time.
9  On information and belief, Plaintiff Class Members' supervisors changed their
10 time cards so they were not paid for all the hours they worked. Plaintiff Class
11 Members were also required to leave their rest and meal breaks early to return to
12 work.

13
14                      **CLASS ALLEGATIONS**
15       14.   <u>Proposed Class and Nature of the Class Claims</u>. The individual
16 Plaintiff, as a Class Representative, brings this action on his own behalf and on the
17 behalf of a class comprised of all nonexempt current, former, and future
18 employees employed at the Regus Management Group PLC during the relevant
19 statutory period and are California residents.
20       15.   <u>Numerosity</u>. The size of Plaintiff Class makes a class action both
21 necessary and efficient. On information and belief, Plaintiff estimates that
22 Plaintiff Class consists of several hundred current and former employees, and an
23 indefinite number of future employees. Members of Plaintiff Class are
24 ascertainable but so numerous that joinder is impracticable. Plaintiff Class
25 includes future class members whose joinder is inherently impossible.
26       16.   <u>Typicality</u>. The claims of the Class Representative are typical of the
27 claims of the class as a whole. The Class Representative was employed by
28 Defendants during the relevant statutory period. The Class Representative was

underpaid because of Defendants' unlawful employment policies and practices. The unlawful policies and practices that have operated to deny the Class Representative wages, penalties, meal and rest periods, and other compensation, benefits, and protections required by law are typical of the unlawful practices that have and will continue to operate to deny other class members the compensation and benefits to which they are entitled.

17.    <u>Common Questions of Law And Fact</u>.  This case poses common questions of law and fact affecting the rights of all class members, including but not limited to:

(a)    Whether the following compensation policies and practices are unlawful under the Labor Code and/or IWC Wage Orders:

- Failure to permit employees to take meal and rest breaks required by law;

- Failure to include the time employees spend working through their required breaks in the number of hours worked for compensation purposes;

- Failure to pay required compensation for missed break time pursuant to Labor Code § 226.7 and applicable IWC Wage Orders;

- Failure to pay waiting period penalties required by §§201, 203 of the California Labor Code.

- Failure to pay legally required overtime compensation required by Labor Code § 510.

- Failure to keep legally-required records, including but not limited to accurate records of hours worked;

- Failure to provide accurate wage statements;

(b)    What relief is necessary to remedy Defendants' unfair and unlawful conduct as herein alleged; and

7

1      (c)    Other questions of law and fact.

2    18.    Adequacy of Class Representation.  The Class Representative can
3  adequately and fairly represent the interests of Plaintiff Class as defined above,
4  because his individual interests are consistent with, not antagonistic to, the
5  interests of the class.

6    19.    Adequacy of Counsel For the Class.  Counsel for Plaintiff possesses
7  the requisite resources and ability to prosecute this case as a class action and are
8  experienced labor and employment attorneys who have successfully litigated other
9  cases involving similar issues.

10    20.    Propriety of Class Action Mechanism.  Class certification is also
11  appropriate because Defendants have implemented a scheme which is generally
12  applicable to Plaintiff Class, making it appropriate to issue final injunctive relief
13  and corresponding declaratory relief with respect to the class as a whole.  Class
14  certification is also appropriate because the common questions of law and fact
15  predominate over any questions affecting only individual members of the class.
16  Further, the prosecution of separate actions against Defendants by individual class
17  members would create a risk of inconsistent or varying adjudications which would
18  establish incompatible standards of conduct for Defendants.  For all these and
19  other reasons, a class action is superior to other available methods for the fair and
20  efficient adjudication of the controversy set forth in this complaint.

## ALLEGATIONS OF THE CLASS REPRESENTATIVE

21    Alvin Reyes.  Alvin Reyes has worked for Defendants from February,
22
23  2004 through October 2005.  Throughout his employment with Defendants, Mr.
24  Reyes had been classified as a nonexempt employee.  Mr. Reyes had consistently
25  been denied the meal and rest breaks which he is entitled to under state law, and
26  had consistently not been paid compensation for missed meal and rest breaks or
27  compensation for time spent working through required breaks.  Defendants also
28  failed to keep legally required records, including but not limited to accurate

8

1  records of hours worked, and failed to provide Mr. Reyes with accurate wage
2  statements.

3

4  ## FIRST CAUSE OF ACTION

5  ## CLASS ACTION CLAIM FOR VIOLATION OF THE CALIFORNIA

6  ## LABOR CODE

7    22.    Plaintiff re-alleges and incorporates by reference the allegations
8  contained in paragraphs 1 through 21 above.

9    23.    The Class Representative and all members of Plaintiff Class are, were,
10 or will be employed by the Defendants.

11   24.    At all relevant times, Defendants failed to conform their pay practices
12 to the requirements of the law

13   25.    Under § 11 of the applicable IWC Wage Orders, "[n]o employer shall
14 employ any person for a work period of more than five (5) hours with a meal
15 period of not less than 30 minutes."  Under § 12 of the applicable IWC Wage
16 Orders, "[e]very employer shall authorize and permit all employees to take rest
17 periods, which insofar as practicable shall be in the middle of each work period.
18 The authorized rest period time shall be based on the total hours worked daily at
19 the rate of ten (10) minutes net rest time per four (4) hours or major fraction
20 thereof."

21   26.    Since October 1, 2000, Labor Code § 226.7 and/or applicable IWC
22 Wage Orders required employers to pay employees one-hour of pay at the
23 employee's regular rate of each workday in which the meal and rest periods
24 guaranteed to workers under California law were not provided to an employee.
25 Defendants have not compensated the Class Representative and Plaintiff Class for
26 their missed meal and rest periods as required by Labor Code § 226.7 and/or
27 applicable IWC Wage Orders.

28   27.    Additionally, the Class Representative and the Plaintiff Class were

9

1    not paid for time spent working through their required breaks.

2         28.    Members of Plaintiff Class who resigned or were terminated were not

3    paid the wages due to them at the time they left employment, entitling them to

4    recover the waiting period penalties equal to thirty days' pursuant to §§ 201, 203

5    of the California Labor Code.

6         29.    During times relevant to this action, California Labor Code § 1198

7    and IWC Wage Orders require employers to pay employees, including all

8    members of Plaintiff Class, additional compensation beyond their regular wages in

9    amounts specified by law for all overtime hours worked. California Labor Code §

10   510 specifies that eight hours of labor constitutes a day's work. Any work in

11   excess of eight hours in one workday and any work in excess of 40 hours in any

12   workweek and the first eight hours worked on the seventh day of work in any one

13   workweek shall be compensated at the rate of no less than one and one-half times

14   the regular rate of pay for an employee. California Labor Code § 1194(a) and §

15   1194.2(a) provide that an employee who has not been paid overtime compensation

16   as required by § 1198 and § 510 may recover the unpaid balance of the full

17   amount of such wages interest, attorneys' fees and the costs of suit. At all times

18   relevant herein, the IWC Wage Orders were applicable to Plaintiff Class.

19        30.    At all relevant times, Defendants failed to conform their pay practices

20   to the requirements of the law. This unlawful conduct includes, but is not limited

21   to, failing to pay to Plaintiffs overtime compensation to which they were and are

22   entitled under the California Labor Code and the applicable IWC Wage Orders.

23        31.    As a result of the unlawful acts of Defendants, Plaintiff and Plaintiff

24   Class have suffered damages in amounts to be proven at trial. In addition, Plaintiff

25   Class is entitled to injunctive relief to prevent future violation of their rights under

26   the Labor Code and IWC Wage Orders.

27        32.    Defendants committed the acts alleged herein maliciously,

28   fraudulently, and oppressively with the wrongful intention of injuring Plaintiff and

10

Plaintiff Class from an improper and evil motive amounting to malice, and in conscious disregard of their rights. Plaintiff and Plaintiff Class are thus entitled to recover punitive damages from Defendants in amounts to be proven at trial.

## SECOND CAUSE OF ACTION
## UNFAIR BUSINESS PRACTICES
## IN VIOLATION OF CALIFORNIA BUSINESS AND
## PROFESSIONS CODE SECTIONS § 17200, *ET SEQ.*

33.   Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 32 above.

34.   This claim is brought by the Class Representative on behalf of himself, Plaintiff Class, and the general public, pursuant to Business and Professions Code §§ 17200, et seq. Defendants' conduct as alleged herein has been, and continues to be, an unfair, unlawful, and fraudulent business practice which has been, and continues to be, deleterious to Plaintiff and to those similarly situated and to the general public. Business and Professions Code §§ 17200, et seq prohibits unlawful, unfair, and fraudulent business practices. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of the Code of Civil Procedure § 1021.5.

35.   Plaintiff is "persons" within the meaning of Business and Professions Code § 17204, with standing to bring this suit for injunctive relief, restitution, disgorgement, and other appropriate equitable relief on behalf of all similarly-situated employees and on behalf of the general public.

36.   Labor Code § 90.5(a) sets forth the public policy of this State to enforce minimum labor standards vigorously, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain a competitive advantage by failing to comply with minimum labor standards

37.   Through the conduct alleged herein, Defendants have acted contrary

11

to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business and Professions Code §§ 17200, et seq., depriving the Class Representative, members of Plaintiff Class, and other interested persons of rights, benefits, and privileges guaranteed to all employees in California.

38.    At all times relevant to this action, Defendants have committed unfair and unlawful business practices within the meaning of Business & Professions Code §§ 17200, et seq., by engaging in conduct which includes, but is not limited to, failing to provide meal and rest breaks, failing to pay compensation for missed break time, failing to pay for time spent working through required breaks, failing to pay waiting period penalties as required by law, and failing to pay overtime compensation.

39.    As a direct and proximate result of these unfair business practices, Defendants have received and continue to receive funds that rightfully belong to Plaintiff.

40.    Plaintiff is entitled to, and hereby seek such relief as may be necessary to restore him to the funds of which Plaintiff has been deprived, by means of Defendants' unlawful and unfair business practices.

41.    Pursuant to Business and Professions Code § 17203, injunctive relief is necessary to prevent Defendants from continuing to engage in unfair business practice as alleged herein.  Defendants, and persons acting in concert with them, have done, are now doing, and will continue to do or cause to be done, the above-described unlawful acts unless restrained and enjoined by this Court.  Unless the relief prayed for below is granted, a multiplicity of actions will result.  Plaintiff has no plain, speedy, or adequate remedy at law, in that it is difficult to measure the amount of monetary damages that would compensate Plaintiff or the general public for Defendants' wrongful acts.  Further, pecuniary compensation alone would not afford adequate and complete relief.  The above described acts will

12

cause great and irreparable damage to Plaintiff, Plaintiff Class and the general public if injunctive relief is not granted.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court award relief as follows:

1. An order certifying this case as a class action and appointing Plaintiff and his counsel to represent the Class;

2. Unpaid wages, and statutory penalties, according to proof;

3. Liquidated damages pursuant to California Labor Code § 1194.2(a);

4. Preliminary and permanent injunctions enjoining and restraining Defendants from continuing the unfair and unlawful business practices set forth above requiring the establishment of appropriate and effective means to prevent future violations;;

5. Restitution of all compensation due, including but not limited to unpaid wages and benefits, as a result of Defendants' unlawful and unfair business practices, according to proof;

6. Declaratory relief;

7. Reasonable attorneys' fees and costs;

8. Interest accrued on damages and penalties

9. Punitive damages; and

10. Such other and further relief as the Court deems just and proper.

///
///
///
///
///

13

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

DATED: June 5, 2008

LAW OFFICE OF SUSAN L. GUINN

By _____
Susan L. Guinn
Attorneys for Plaintiffs

14

Exhibit "B"

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

Regus Group PLC; Regus Management Group, LLC; Regus Equity
Business Centers, L.L.C.; Regus Business Center LLC; HQ Global
Workplaces LLC The Regus Group PLC; and DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

Alvin Reyes, on behalf of himself and all others similarly situated,

| |
|---|
| FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>Superior Court for the State of California, County of San Diego<br>330 West Broadway, 2nd Floor<br>San Diego, CA 92101 | CASE NUMBER:<br>(Número del Caso):<br>37-2008-00063278-CU-BT-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Dan Stormer, Esq., Hadsell & Stormer, 128 N. Fair Oaks Avenue, Pasadena, CA 91103;
Tel: (626) 585-9600; Fax: (626) 577-7079

| | | | |
|---|---|---|---|
| DATE:<br>(Fecha)   JUN 0 9 2008 | Clerk, by<br>(Secretario) C. Selinsky | , Deputy<br>(Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc.
www.USCourtForms.com

Exhibit "C"

Jun 17 2008 1:05PM   HP LASERJET FAX                    858 ??7399              P.2

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Susan L. Guinn, #159212<br>Law Office of Susan L. Guinn<br>4660 La Jolla Village Drive #500<br>San Diego, CA 92122<br>TELEPHONE NO. (619) 275-5796    FAX NO. (619) 275-3546<br>ATTORNEY FOR *(Name)*: Alvin Reyes | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
☐ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814
☑ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3814
☐ FAMILY COURT, 1501 6TH AVE., SAN DIEGO, CA 92101-3827
☐ MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3296
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649
☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792

| | |
|---|---|
| PLAINTIFF(S)<br>ALVIN REYES | |
| DEFENDANT(S)<br>REGUS GROUP PLC, et al. | JUDGE  Joan M. Lewis |
| IN THE MATTER OF<br>                                                     A MINOR | DEPT.  C-65 |
| **PEREMPTORY CHALLENGE**<br>(CCP 170.6; Superior Court Rules, Division II, Rule 5.5) | CASE NUMBER<br>37-2008-00085278-CU-BT-CTL |

Susan L. Guinn

above-entitled case and declares that (Hon.) Joan M. Lewis _____, is ☐ a party ☑ an attorney for a party in the above-entitled case and declares that _____, the Judge to whom this case is assigned, is prejudiced against the party or the party's attorney or the interests of the party or the party's attorney such that the said party or parties believe(s) that a fair and impartial trial or hearing cannot be had before such Judge.

WHEREFORE, pursuant to the provisions of §170.6 of the California Code of Civil Procedure, I respectfully request that this Court issue its order reassigning said case to another, and different, Judge for further proceedings.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: June 17, 2008

_____
(Signature)

**ORDER OF THE COURT**

☐ GRANTED   ☐ DENIED

This case is referred to Presiding/Supervising Department for reassignment and a Notice will be mailed to counsel.

Dated: _____

_____
Judge of the Superior Court

**FOR OFFICE ONLY**

This case has been reassigned to Judge _____ per Presiding/Supervising Judge
on _____

CV-208(Rev. 5-00)

**PEREMPTORY CHALLENGE**

Jun 17 2008 1:05PM     HP LASERJET FAX                    858 _67399                p.3

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| Title of Case (Abbr.): Reyes et al. vs. Regus Group PLC, et al. | |
| Attorney(s) Name, Address and Telephone: | |
| Law Offices of Susan L. Guinn<br>4660 La Jolla Village Drive, Suite 500<br>San Diego, CA 92122<br>Tel (619) 507-2189 / Fax (619) 275-3546 | |

| Attorney(s) For:<br>Alvin Reyes<br>Plaintiff | Hearing Date/Time/Dept. | Case Number<br>37-2008-00085278-CU-BT-CTL |
|---|---|---|

## DECLARATION OF SERVICE

I, the undersigned, declare that: I am over the age of 18 years and not a party to this action. I am employed in, or am a resident of, the county of San Diego, California; where the mailing/facsimile transmission occurs; and my business address is 4660 La Jolla Village Drive, Suite 500, San Diego, California 9222. I further declare that I am readily familiar with the business practice for collection and processing of correspondence for mailing via United States Postal Service and overnight express pursuant to which the correspondence will be deposited with the U.S. Postal Service this same day in the ordinary course of business. I caused to be served the following document(s):

## PLAINTIFF'S PEREMPTORY CHALLENGE

placing a copy thereof in a separate envelope for each addressee respectively as follows:

## PLEASE SEE ATTACHED LIST

____ **(BY MAIL)** I caused such envelope to be deposited in the mail at San Diego, California. The envelope was mailed with postage thereon fully paid.

____ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the office of the addressee.

____ **(BY PERSONAL SERVICE VIA FACSIMILE)** I caused such document to be transmitted via facsimile to the above-named persons. I then confirmed receipt of the fax.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on ⎯6-17-08⎯ at San Diego, California.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Janet A. Mac Neill

*PROOF OF SERVICE BY MAIL*
*(C.C.P. §§ 1013A and 2015.5)*

Attachment to Proof of Service
*Reyes v. Regus Group PLC*, et al.,
Case No. 37-2008-00085278-CU-BT-CTL

| Attorney | Parties |
|---|---|
| Doug Carothers, Esq.<br>4510 Executive Drive, #300<br>San Diego, CA 92101<br>Telephone: 858-646-0007<br>Facsimile: 858-646-0008 | Co-counsel for Defendant, Regus Group PLC |
| Noah Pollack, Esq.<br>Vice President – General Counsel<br>Regus-Americas<br>5305 Dallas Parkway #1400<br>Addison, TX 75001<br>Telephone: 214-295-3754<br>Facsimile: 214-295-3705 | Co-counsel for Defendant, Regus Group PLC |
| Dan Stormer, Esq.<br>Randy Renick, Esq.<br>Hadsell Stormer Keeny Richardson & Renick LLP<br>128 North Fair Oaks Avenue<br>Pasadena, CA 91103<br>Telephone: 626-585-9600<br>Facsimile: 626-577-7079 | Co-counsel for Plaintiff |

*PROOF OF SERVICE BY MAIL*
*(C.C.P. §§ 1013A and 2015.5)*

Exhibit "D"

1  Dan Stormer, Esq. #101967
2  LAW OFFICE OF HADSELL & STORMER
   128 North Fair Oaks Avenue, Suite 204
3  Pasadena, CA 91103-3614
   Telephone: (626) 585-9600
4  Facsimile: (626) 577-7979

5  Susan L. Guinn, Esq., #159212
6  LAW OFFICE OF SUSAN L. GUINN
   4660 La Jolla Village Drive, #500
7  San Diego, CA 92122
   Telephone: (619) 275-5796
8  Facsimile: (619) 275-3546

9

10  Attorneys for Plaintiff

11              IN THE SUPERIOR COURT OF CALIFORNIA

12                    COUNTY OF SAN DIEGO

13

14  ALVIN REYES,
                                    )  CASE NO. 37-2008-00085278-CU-BT-CTL
15          Plaintiff,              )
                                    )
16  vs                             )  NOTICE OF SERVICE OF CASE
                                    )  REASSIGNMENT
17  REGUS GROUP, PLC, et al.        )
                                    )
18          Defendant              )
                                    )
19                                  )

20  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

21      PLEASE TAKE NOTICE, pursuant to the Court's order attached hereto as Exhibit A,
    this case has been re-assigned to the Honorable Judith F. Hayes, in Department C-68.
    Dated: July 21, 2008.

                                    LAW OFFICE OF HADSELL & STORMER
                                    LAW OFFICE OF SUSAN L. GUINN

                                    By: _____
                                         Dan Stormer
                                         Susan L. Guinn
                                         Attorneys for Plaintiffs

                                         1

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:  330 West Broadway | |
| MAILING ADDRESS:  330 West Broadway | |
| CITY AND ZIP CODE:  San Diego, CA 92101 | |
| BRANCH NAME:  Central | |
| TELEPHONE NUMBER:  (619) 450-7065 | |

PLAINTIFF(S) :  Alvin Reyes

DEFENDANT(S) :  Regus Group PLC et al.

ALVIN REYES VS. REGUS GROUP PLC                              06/27/2008

| NOTICE OF CASE REASSIGNMENT | CASE NUMBER: 37-2008-00085278-CU-BT-CTL |
|---|---|

Filed : 06/09/2008

## EFFECTIVE IMMEDIATELY, THE ABOVE-ENTITLED CASE HAS BEEN REASSIGNED

to Judge Judith F. Hayes, in Department C-68

due to the following reason:   Peremptory Challenge

All subsequent documents filed in this case must include the name of the new judge and the department number on the first page immediately below the number of the case. All counsel and self-represented litigants are advised that Division II of the Superior Court Rules is strictly enforced. It is the duty of each plaintiff (and cross-complainant) to serve a copy of this notice with the complaint (and cross-complaint).

NOTICE OF CASE REASSIGNMENT                                  Page: 1

Exhibit A

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

Central
330 West Broadway
San Diego, CA 92101

SHORT TITLE: Reyes vs. Regus Group PLC

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER:<br>37-2008-00085278-CU-BT-CTL |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the NOTICE OF CASE REASSIGNMENT was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at <u>San Diego</u>, California, on <u>06/30/2008</u>.

Clerk of the Court, by: _____ , Deputy

DAN STORMER
128 NORTH FAIR OAKS AVENUE, STE204
PASADENA, CA 91103-3614

Jul 21 2008 2:47PM     HP LASERJET FAX                85    567399              P.5

SUPERIOR COURT OF CALIFORNIA
SAN DIEGO COUNTY
330 West Broadway
San Diego, CA 92101

ADDRESS FORWARD REQUESTED

530.CRT37-2008 0628.S11

DAN STORMER
128 NORTH FAIR OAKS AVENUE, STE204
PASADENA, CA 91103-3614

COPY

Dan Stormer, Esq. [S.B. #101967]
Randy Renick, Esq. [S.B. #179652]
HADSELL STORMER KEENY
    RICHARDSON & RENICK, LLP
128 N. Fair Oaks Avenue
Pasadena, CA 91103
Telephone: (626) 585-9600
Facsimile: (626) 577-7079

Susan L. Guinn, Esq. [#159212]
LAW OFFICE OF SUSAN L. GUINN
4660 La Jolla Village Drive, #500
San Diego, CA 92122
Telephone: (619) 275-5796
Facsimile: (619) 275-3546

Attorneys for Plaintiffs

ALVIN REYES

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| ALVIN REYES, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> REGUS GROUP PLC; REGUS MANAGEMENT GROUP, LLC; REGUS EQUITY BUSINESS CENTERS, L.L.C.; REGUS BUSINESS CENTER LLC; HQ GLOBAL WORKPLACES LLC THE REGUS GROUP PLC; and, DOES 1-10 <br><br> Defendants. | CASE NO.   37-2008-00085278-CU-BT-CTL <br><br> CLASS ACTION COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF, AND RESTITUTION FOR: <br><br> 1.   VIOLATION OF THE CALIFORNIA LABOR CODE AND THE INDUSTRIAL WELFARE COMMISSION ("IWC") WAGE ORDERS <br><br> 2.   UNFAIR BUSINESS PRACTICES IN VIOLATION OF B&P CODE 17200, ET SEQ. <br><br> DEMAND FOR JURY TRIAL |

1

On behalf of themselves and all others similarly situated, and on behalf of the general public, plaintiff ALVIN REYES brings this action against defendants REGUS GROUP PLC; REGUS MANAGEMENT GROUP, LLC; REGUS EQUITY BUSINESS CENTERS, L.L.C; REGUS BUSINESS CENTER LLC; HQ GLOBAL WORKPLACES LLC, and DOES 1-10, inclusive (collectively "Defendants") for: back wages, restitution, liquidated damages, penalties, interest, declaratory and injunctive relief, restitution, punitive damages, costs and attorneys' fees resulting from Defendants' unlawful and unfair business practices, and as grounds therefor allege:

## INTRODUCTION

1. Plaintiff ALVIN REYES ("Class Representative") was at all relevant times classified as nonexempt under the Industrial Welfare Commission ("IWC") Wage Orders and paid on an hourly basis as a Regus Group PLC ("Regus") employee working in California at a sales department, owned and operated by Regus. Plaintiff is a resident of California and resides in the county of San Diego.

2. Regus operates over 950 business centers across nearly 400 cities in 70 countries. Regus leases fully staffed and equipped offices, offering business support services, meeting, conference and training facilities, and boasts the largest network of public video conference rooms serving over 200,000 clients on a daily basis. Regus also offers home networking and "Virtual Office" and "Virtual PA" providing dedicated business addresses as well as mail and call handling services. Regus has approximately 250 nonexempt hourly employees in California.

3. Plaintiff contends that Defendants deprived him and all others similarly situated with overtime payments in violation of Labor Code § 510, as well as meal and rest breaks without proper compensation in violation of Labor Code § 226.7 and § 512 as well as in violation of applicable IWC Wage Orders and the Business and Professions Code § 17200.

2

## PARTIES

4.    Plaintiff resides in California. Plaintiff and all members of Plaintiff Class as defined below are, were, or will be employed by the Decedents, within the state of California during the relevant statutory period.

5.    Plaintiff's state claims are brought on behalf of Plaintiff Class, which is comprised of all current, former, and future hourly, non-exempt employees employed at the Regus's sales departments in California during the relevant statutory period and are California residents. Members of Plaintiff Class were not compensated in the amounts required by the Labor Code and the IWC Wage orders promulgated pursuant thereto. Members of Plaintiff Class did not receive the meal or rest breaks, or compensation for missed breaks, to which they are entitled under Labor Code § 226.7 and IWC Wage Orders. Defendants' failure to compensate Plaintiff Class as required and to provide them with required breaks, or compensation for missed breaks, is and was a result of unlawful policies and practices that were commonly applied to all members of Plaintiff Class. Defendants also failed to compensate members of Plaintiff Class in accordance with the overtime requirements of the Labor Code and the IWC Wage Orders promulgated pursuant thereto.

6.    Plaintiff also brings this action on behalf of themselves, the general public, and all others similarly situated pursuant to Business and Professions Code § 17200.

7.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sue these defendants by such fictitious names and capacities. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously-named defendants once they have been ascertained. Plaintiff is informed and believes, and on that basis alleges, that at all relevant times, each of the fictitiously-named

3

1    defendants were agents or employees of the named Defendants and/or were acting

2    within the course and scope of said agency or employment at the time of the

3    events herein alleged, and/or were acting directly or indirectly in the interest of

4    Defendants in relation to Plaintiff and Plaintiff Class. Plaintiff is further informed

5    and believes and on that basis alleges that each of the fictitiously-named

6    defendants aided and assisted the named Defendants in committing the wrongful

7    acts alleged herein, and that Plaintiff's damages, as alleged herein, were

8    proximately caused by such defendants. To the extent that the conduct and

9    omissions alleged herein were perpetrated by one or more defendants, the

10   remaining defendants confirmed and ratified said conduct and omissions.

11        8.    Plaintiff is informed and believes and thereupon alleges that at all

12   times material herein, each defendant named herein, including DOES 1 through

13   10, acted as the agent, joint venturer, representative, or alter ego of or for the other

14   defendants, and all aided and abetted the wrongful acts of the others.

15

16

17

18                      **FACTUAL ALLEGATIONS**

18        9.    Throughout the relevant statutory period, Plaintiff and all members of

19   Plaintiff class are and/or were nonexempt employees of Defendants and are

20   residents of California, entitled to all of the protections afforded to nonexempt

21   employees under the Labor Code and applicable IWC Wage Orders.

22        10.   At all relevant times Defendants failed to provide Plaintiff and

23   Plaintiff Class meal and rest periods as required by the applicable IWC Wage

24   Orders, failed to pay Plaintiff and Plaintiff Class compensation required by the

25   Labor Code for missed meal and rest periods, and failed to comply with other

26   requirements of those statutes as alleged herein.

27        11.   The underpayment of wages to Plaintiff and Plaintiff class is a

28   consequence of Defendants' unlawful compensation policies and practices which

                                    4

were centrally devised, implemented, communicated, and applied to all members of Plaintiff Class. These unlawful compensation practices include, but are not limited to the following:

- Failure to permit employees to take meal and rest breaks required by law;

- Failure to include the time employees spend working through their required breaks in the number of hours worked for compensation purposes;

- Failure to pay required compensation for missed break time pursuant to Labor Code §§ 226.7, 512, and applicable IWC Wage Orders;

- Failure to pay waiting period penalties required by §§ 201, 203 of the California Labor Code;

- Failure to pay legally-required overtime compensation pursuant to Labor Code § 510;

- Failure to keep legally-required records, including but not limited to accurate records of hours worked;

- Failure to provide accurate wage statements; and

- Other violations of the Labor Code and applicable IWC Wage Orders according to proof.

12.    As a result of Defendants' unlawful conduct, Plaintiff and Plaintiff Class have been and continue to be systematically deprived of the wages to which they are entitled by law, to the detriment of themselves, their families, and to the public at large.

13.    Plaintiff alleges that at all times material herein, Defendants have been aware of California laws requiring meal and rest breaks and have nevertheless engaged in widespread and flagrant violations of these laws. On information and belief, Defendants' payroll records reveal that hundreds of Plaintiff Class members routinely did not receive meal breaks for several years.

1  Defendants have failed to establish any system to allow employees to cover each
2  others' job responsibilities to enable them to give each other breaks and ensure
3  compliance with the meal and rest break laws.  Plaintiff further alleges that
4  Defendants regularly gave members of Plaintiff Class job assignments they knew,
5  or should have known, did not allow enough time for those nonexempt employees
6  to take the required meal and rest breaks.  Plaintiff Class Members were required
7  to perform "pre-shift" and "post-shift" preparatory work at the beginning and end
8  of every workday, but were not being properly paid overtime wages for that time.
9  On information and belief, Plaintiff Class Members' supervisors changed their
10 time cards so they were not paid for all the hours they worked.  Plaintiff Class
11 Members were also required to leave their rest and meal breaks early to return to
12 work.
13
14                          **CLASS ALLEGATIONS**
15      14.    <u>Proposed Class and Nature of the Class Claims</u>.  The individual
16 Plaintiff, as a Class Representative, brings this action on his own behalf and on the
17 behalf of a class comprised of all nonexempt current, former, and future
18 employees employed at the Regus Management Group PLC during the relevant
19 statutory period and are California residents.
20      15.    <u>Numerosity</u>.  The size of Plaintiff Class makes a class action both
21 necessary and efficient.  On information and belief, Plaintiff estimates that
22 Plaintiff Class consists of several hundred current and former employees, and an
23 indefinite number of future employees.  Members of Plaintiff Class are
24 ascertainable but so numerous that joinder is impracticable.  Plaintiff Class
25 includes future class members whose joinder is inherently impossible.
26      16.    <u>Typicality</u>.  The claims of the Class Representative are typical of the
27 claims of the class as a whole.  The Class Representative was employed by
   Defendants during the relevant statutory period.  The Class Representative was

6

underpaid because of Defendants' unlawful employment policies and practices. The unlawful policies and practices that have operated to deny the Class Representative wages, penalties, meal and rest periods, and other compensation, benefits, and protections required by law are typical of the unlawful practices that have and will continue to operate to deny other class members the compensation and benefits to which they are entitled.

17.    <u>Common Questions of Law And Fact</u>.  This case poses common questions of law and fact affecting the rights of all class members, including but not limited to:

(a)    Whether the following compensation policies and practices are unlawful under the Labor Code and/or IWC Wage Orders:

- Failure to permit employees to take meal and rest breaks required by law;

- Failure to include the time employees spend working through their required breaks in the number of hours worked for compensation purposes;

- Failure to pay required compensation for missed break time pursuant to Labor Code § 226.7 and applicable IWC Wage Orders;

- Failure to pay waiting period penalties required by §§201, 203 of the California Labor Code.

- Failure to pay legally required overtime compensation required by Labor Code § 510.

- Failure to keep legally-required records, including but not limited to accurate records of hours worked;

- Failure to provide accurate wage statements;

(b)    What relief is necessary to remedy Defendants' unfair and unlawful conduct as herein alleged; and

7

(c)    Other questions of law and fact.

18.    <u>Adequacy of Class Representation</u>.  The Class Representative can adequately and fairly represent the interests of Plaintiff Class as defined above, because his individual interests are consistent with, not antagonistic to, the interests of the class.

19.    <u>Adequacy of Counsel For the Class</u>.  Counsel for Plaintiff possesses the requisite resources and ability to prosecute this case as a class action and are experienced labor and employment attorneys who have successfully litigated other cases involving similar issues.

20.    <u>Propriety of Class Action Mechanism</u>.  Class certification is also appropriate because Defendants have implemented a scheme which is generally applicable to Plaintiff Class, making it appropriate to issue final injunctive relief and corresponding declaratory relief with respect to the class as a whole.  Class certification is also appropriate because the common questions of law and fact predominate over any questions affecting only individual members of the class. Further, the prosecution of separate actions against Defendants by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants.  For all these and other reasons, a class action is superior to other available methods for the fair and efficient adjudication of the controversy set forth in this complaint.

## ALLEGATIONS OF THE CLASS REPRESENTATIVE

21.    <u>Alvin Reyes</u>.  Alvin Reyes has worked for Defendants from February, 2004 through October 2005.  Throughout his employment with Defendants, Mr. Reyes had been classified as a nonexempt employee. Mr. Reyes had consistently been denied the meal and rest breaks which he is entitled to under state law, and had consistently not been paid compensation for missed meal and rest breaks or compensation for time spent working through required breaks.  Defendants also failed to keep legally required records, including but not limited to accurate

records of hours worked, and failed to provide Mr. Reyes with accurate wage statements.

## FIRST CAUSE OF ACTION
## CLASS ACTION CLAIM FOR VIOLATION OF THE CALIFORNIA LABOR CODE

22.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 21 above.

23.    The Class Representative and all members of Plaintiff Class are, were, or will be employed by the Defendants.

24.    At all relevant times, Defendants failed to conform their pay practices to the requirements of the law

25.    Under § 11 of the applicable IWC Wage Orders, "[n]o employer shall employ any person for a work period of more than five (5) hours with a meal period of not less than 30 minutes." Under § 12 of the applicable IWC Wage Orders, "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof."

26.    Since October 1, 2000, Labor Code § 226.7 and/or applicable IWC Wage Orders required employers to pay employees one-hour of pay at the employee's regular rate of each workday in which the meal and rest periods guaranteed to workers under California law were not provided to an employee. Defendants have not compensated the Class Representative and Plaintiff Class for their missed meal and rest periods as required by Labor Code § 226.7 and/or applicable IWC Wage Orders.

27.    Additionally, the Class Representative and the Plaintiff Class were

9

1  not paid for time spent working through their required breaks.

2      28.    Members of Plaintiff Class who resigned or were terminated were not

3  paid the wages due to them at the time they left employment, entitling them to

4  recover the waiting period penalties equal to thirty days' pursuant to §§ 201, 203

5  of the California Labor Code.

6      29.    During times relevant to this action, California Labor Code § 1198

7  and IWC Wage Orders require employers to pay employees, including all

8  members of Plaintiff Class, additional compensation beyond their regular wages in

9  amounts specified by law for all overtime hours worked. California Labor Code §

10  510 specifies that eight hours of labor constitutes a day's work. Any work in

11  excess of eight hours in one workday and any work in excess of 40 hours in any

12  workweek and the first eight hours worked on the seventh day of work in any one

13  workweek shall be compensated at the rate of no less than one and one-half times

14  the regular rate of pay for an employee. California Labor Code § 1194(a) and §

15  1194.2(a) provide that an employee who has not been paid overtime compensation

16  as required by § 1198 and § 510 may recover the unpaid balance of the full

17  amount of such wages interest, attorneys' fees and the costs of suit. At all times

18  relevant herein, the IWC Wage Orders were applicable to Plaintiff Class.

19      30.    At all relevant times, Defendants failed to conform their pay practices

20  to the requirements of the law. This unlawful conduct includes, but is not limited

21  to, failing to pay to Plaintiffs overtime compensation to which they were and are

22  entitled under the California Labor Code and the applicable IWC Wage Orders.

       31.    As a result of the unlawful acts of Defendants, Plaintiff and Plaintiff

Class have suffered damages in amounts to be proven at trial. In addition, Plaintiff

Class is entitled to injunctive relief to prevent future violation of their rights under

the Labor Code and IWC Wage Orders.

       32.    Defendants committed the acts alleged herein maliciously,

fraudulently, and oppressively with the wrongful intention of injuring Plaintiff and

10

1  Plaintiff Class from an improper and evil motive amounting to malice, and in

2  conscious disregard of their rights.  Plaintiff and Plaintiff Class are thus entitled to

3  recover punitive damages from Defendants in amounts to be proven at trial.

## SECOND CAUSE OF ACTION
## UNFAIR BUSINESS PRACTICES
## IN VIOLATION OF CALIFORNIA BUSINESS AND
## PROFESSIONS CODE SECTIONS § 17200, *ET SEQ.*

8      33.    Plaintiffs reallege and incorporate by reference the allegations

9  contained in paragraphs 1 through 32 above.

10     34.    This claim is brought by the Class Representative on behalf of

11  himself, Plaintiff Class, and the general public, pursuant to Business and

12  Professions Code §§ 17200, et seq.  Defendants' conduct as alleged herein has

13  been, and continues to be, an unfair, unlawful, and fraudulent business practice

14  which has been, and continues to be, deleterious to Plaintiff and to those similarly

15  situated and to the general public.  Business and Professions Code §§ 17200, et

16  seq prohibits unlawful, unfair, and fraudulent business practices.  Plaintiff seeks to

17  enforce important rights affecting the public interest within the meaning of the

18  Code of Civil Procedure § 1021.5.

19     35.    Plaintiff is "persons" within the meaning of Business and Professions

20  Code § 17204, with standing to bring this suit for injunctive relief, restitution,

21  disgorgement, and other appropriate equitable relief on behalf of all similarly-

22  situated employees and on behalf of the general public.

23     36.    Labor Code § 90.5(a) sets forth the public policy of this State to

24  enforce minimum labor standards vigorously, to ensure that employees are not

   required or permitted to work under substandard and unlawful conditions, and to

   protect employers who comply with the law from those who attempt to gain a

   competitive advantage by failing to comply with minimum labor standards

      37.    Through the conduct alleged herein, Defendants have acted contrary

11

to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business and Professions Code §§ 17200, et seq., depriving the Class Representative, members of Plaintiff Class, and other interested persons of rights, benefits, and privileges guaranteed to all employees in California.

38.    At all times relevant to this action, Defendants have committed unfair and unlawful business practices within the meaning of Business & Professions Code §§ 17200, et seq., by engaging in conduct which includes, but is not limited to, failing to provide meal and rest breaks, failing to pay compensation for missed break time, failing to pay for time spent working through required breaks, failing to pay waiting period penalties as required by law, and failing to pay overtime compensation.

39.    As a direct and proximate result of these unfair business practices, Defendants have received and continue to receive funds that rightfully belong to Plaintiff.

40.    Plaintiff is entitled to, and hereby seek such relief as may be necessary to restore him to the funds of which Plaintiff has been deprived, by means of Defendants' unlawful and unfair business practices.

41.    Pursuant to Business and Professions Code § 17203, injunctive relief is necessary to prevent Defendants from continuing to engage in unfair business practice as alleged herein. Defendants, and persons acting in concert with them, have done, are now doing, and will continue to do or cause to be done, the above-described unlawful acts unless restrained and enjoined by this Court. Unless the relief prayed for below is granted, a multiplicity of actions will result. Plaintiff has no plain, speedy, or adequate remedy at law, in that it is difficult to measure the amount of monetary damages that would compensate Plaintiff or the general public for Defendants' wrongful acts. Further, pecuniary compensation alone would not afford adequate and complete relief. The above described acts will

12

cause great and irreparable damage to Plaintiff, Plaintiff Class and the general public if injunctive relief is not granted.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court award relief as follows:

1.   An order certifying this case as a class action and appointing Plaintiff and his counsel to represent the Class;

2.   Unpaid wages, and statutory penalties, according to proof;

3.   Liquidated damages pursuant to California Labor Code § 1194.2(a);

4.   Preliminary and permanent injunctions enjoining and restraining Defendants from continuing the unfair and unlawful business practices set forth above requiring the establishment of appropriate and effective means to prevent future violations;;

5.   Restitution of all compensation due, including but not limited to unpaid wages and benefits, as a result of Defendants' unlawful and unfair business practices, according to proof;

6.   Declaratory relief;

7.   Reasonable attorneys' fees and costs;

8.   Interest accrued on damages and penalties

9.   Punitive damages; and

10.   Such other and further relief as the Court deems just and proper.

///
///
///
///
///

1
2
## JURY TRIAL DEMAND

3   Plaintiff hereby demands a jury trial on all issues so triable,

4

5   DATED: June 5, 2008

6                                   LAW OFFICE OF SUSAN L. GUINN

7

8                        By  _____

9                                   Susan L. Guinn
                                    Attorneys for Plaintiffs
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

14

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| Title of Case (Abbr.): Reyes et al. vs. Regus Group PLC, et al. | |
| Attorney(s) Name, Address and Telephone: **Law Offices of Susan L. Guinn** **4660 La Jolla Village Drive, Suite 500** **San Diego, CA  92122** **Tel (619) 507-2189 / Fax (619) 275-3546** | |

| Attorney(s) For: Alvin Reyes Plaintiff | Hearing Date/Time/Dept. | Case Number 37-2008-00085278-CU-BT-CTL |
|---|---|---|

## DECLARATION OF SERVICE

I, the undersigned, declare that: I am over the age of 18 years and not a party to this action. I am employed in, or am a resident of, the county of San Diego, California; where the mailing/facsimile transmission occurs; and my business address is 4660 La Jolla Village Drive, Suite 500, San Diego, California 9222. I further declare that I am readily familiar with the business practice for collection and processing of correspondence for sending via United States Postal Service and overnight express pursuant to which the correspondence will be deposited with the U.S. Postal Service this same day in the ordinary course of business. I caused to be served the following document(s):

### NOTICE OF SERVICE OF CASE REASSIGNMENT

placing a copy thereof in a separate envelope for each addressee respectively as follows:

### PLEASE SEE ATTACHED LIST

**(BY MAIL)** I caused such envelope to be deposited in the mail at San Diego, California. The envelope was mailed with postage thereon fully paid.

**(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the office of the addressee.

**(BY PERSONAL SERVICE VIA FACSIMILE)** I caused such document to be transmitted via facsimile to the above-named persons. I then confirmed receipt of the fax.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on _____ 7-21-08 _____ at San Diego, California.

Janet A. Mac Neill

*PROOF OF SERVICE BY MAIL*
*(C.C.P. §§ 1013A and 2015.5)*

Attachment to Proof of Service
*Reyes v. Regus Group PLC*, et al.,
Case No. 37-2008-00085278-CU-BT-CTL

| Attorney | Parties |
|---|---|
| Dave Carothers, Esq.<br>4510 Executive Drive, #300<br>San Diego, CA 92101<br>Telephone: 858-646-0007<br>Facsimile: 858-646-0008 | Co-counsel for Defendant, Regus Group PLC |
| Noah Pollack, Esq.<br>Vice President – General Counsel<br>Regus-Americas<br>15305 Dallas Parkway #1400<br>Addison, TX 75001<br>Telephone: 214-295-3754<br>Facsimile: 214-295-3705 | Co-counsel for Defendant, Regus Group PLC |
| Dan Stormer, Esq.<br>Randy Renick, Esq.<br>Hadsell Stormer Keeny Richardson & Renick LLP<br>128 North Fair Oaks Avenue<br>Pasadena, CA 91103<br>Telephone: 626-585-9600<br>Facsimile: 626-577-7079 | Co-counsel for Plaintiff |

*PROOF OF SERVICE BY MAIL*
*(C.C.P. §§ 1013A and 2015.5)*

Exhibit "E"

CARLTON DiSANTE & FREUDENBERGER LLP
  Dave Carothers, State Bar No. 125536
  Cindy R. Caplan, State Bar No. 203868
  Nancy G. Berner, State Bar No. 227142
4510 Executive Drive
Suite 300
San Diego, California 92121
Telephone: (858) 646-0007
Facsimile: (858) 646-0008
E-Mail: dcarothers@cdflaborlaw.com
        ccaplan@cdflaborlaw.com
        nberner@cdflaborlaw.com

Attorneys for Defendants
REGUS GROUP PLC; REGUS MANAGEMENT GROUP,
LLC; REGUS EQUITY BUSINESS CENTERS, L.L.C.;
REGUS BUSINESS CENTER LLC; HQ GLOBAL
WORKPLACES LLC, and THE REGUS GROUP PLC

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

ALVIN REYES, on behalf of himself and all others similarly situated.

    Plaintiff,

    vs

REGUS GROUP PLC; REGUS MANAGEMENT GROUP, LLC; REGUS EQUITY BUSINESS CENTERS, L.L.C.; REGUS BUSINESS CENTER LLC; HQ GLOBAL WORKPLACES LLC; THE REGUS GROUP PLC; and, DOES 1-10.

    Defendant.

Case No. 37-2008-00085278-CU-BT-CTL

**DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF AND RESTITUTION**

Action Filed: June 9, 2008
Judge: The Honorable Judith Hayes
Dept.: 68

1

309611.1

1    Defendants Regus Management Group, LLC, Regus Group PLC, Regus Equity Business
2    Centers, LLC, Regus Business Centers LLC, HQ Global Workplaces LLS ("Defendants"),
3    improperly sued as Regus Management Group, LLC, Regus Group PLC, Regus Equity Business
4    Centers, LLC, Regus Business Centers LLC, HQ Global Workplaces LLS, The Regus Group PLC,
5    hereby answer the Class Action Complaint for Damages, Declarative and Injunctive Relief and
6    Restitution based upon alleged violations of 1) California Labor Code and Industrial Welfare
7    Commission Wage Orders and 2) California Business & Professions Code section 17200, *et seq*
8    (the "Complaint") filed by Plaintiff Alvin Reyes ("Plaintiff") in this matter as follows:

9

10                              I.  **GENERAL DENIAL**

11         Pursuant to the provisions of Section 431.30(d) of the California Code of Civil Procedure,
12    Defendants generally deny each and every material allegation in the Complaint, and specifically
13    deny that Plaintiff and the proposed class members have been damaged in any amount, sum or
14    manner whatsoever.

15                          II.  **AFFIRMATIVE DEFENSES**

16         Defendants have not completed their investigation of the facts of this case, have not
17    completed discovery in this matter, and have not completed their preparation for trial.  The
18    affirmative defenses asserted herein are based on Defendants' knowledge, information, and belief
19    at this time, and Defendants specifically reserve the right to modify, amend, or supplement any
20    affirmative defense contained herein at any time.

21         Without conceding that it bears the burden of proof or persuasion as to any one of them,
22    Defendants allege the following separate affirmative defenses to the Complaint:

23                          **FIRST AFFIRMATIVE DEFENSE**

24                              (Failure to State a Claim)

25         1.    The Complaint, and each cause of action therein, fails to state facts sufficient to
26    constitute causes of action against Defendants.

27

28

                                    2
                          ANSWER TO CLASS ACTION COMPLAINT

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Satisfy Requirements of a Class Action)

2.     Plaintiff and members of the purported classes fail to adequately plead the elements that are necessary for class-action treatment, and therefore should be barred from seeking to certify this case as a class action, because there are no ascertainable classes and no well-defined communities of interest among members of the purported classes.

## THIRD AFFIRMATIVE DEFENSE

### (Failure of Predominant Common Questions of Law or Fact)

3.     Plaintiff and members of the purported classes fail to adequately plead the elements that are necessary for class-action treatment, and therefore should be barred from seeking to certify this case as a class action, because there are no predominant common questions of law or fact between the proposed class representative and members of the purported classes.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure of Proposed Class Representative Having Claims Typical of the Classes)

4.     Plaintiff and members of the purported classes fail to adequately plead the elements that are necessary for class-action treatment, and therefore should be barred from seeking to certify this case as a class action, because the proposed class representative does not have claims typical of members of the purported classes.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Qualify as Class Representative)

5.     The causes of action alleged by Plaintiff and members of the purported classes are barred, in whole or in part, as a class action because Plaintiff does not meet the requirements for a class representative.

## SIXTH AFFIRMATIVE DEFENSE

### (Class Action Not Superior Method of Adjudication)

6.     The causes of action alleged by Plaintiff and members of the purported classes are barred, in whole or in part, as a class action because a class action is not the superior method for adjudicating this dispute.

3                              ANSWER TO CLASS ACTION COMPLAINT

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Satisfy Requirements of Representative Classes)

7.    Plaintiff and members of the purported classes failed to adequately plead the elements that are necessary to maintain a representative claim under California Business and Professions Code §§ 17200 *et seq.* because all current and former employees of Defendants that are purportedly represented by Plaintiff are not similarly situated to each other or to Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

8.    If Defendants did subject Plaintiff and members of the purported classes to any wrongful or unlawful conduct, although such is not admitted hereby or herein, Plaintiff and members of the purported classes had a duty to mitigate any damages they may have suffered and failed to do so.

## NINTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

9.    The causes of action alleged by Plaintiff and members of the purported classes are barred, in whole or in part, by the applicable statutes of limitations, including, without limitation, those provided for in California Code of Civil Procedure Code §§ 338(a), 340(a), and 343, California Labor Code §§ 203 and 2699.3, and California Business and Professions Code § 17208.

## TENTH AFFIRMATIVE DEFENSE

### (No Private Cause of Action/Failure to Exhaust)

10.    Plaintiff and the proposed class members are precluded from seeking penalties pursuant to Labor Code §§ 201, 202, 203, 204b, 212, 226, 226.7, 510, 512, 551, 552, 1194, 1197 and/or 1199 because there is no private right of action to recover such penalties and/or Plaintiff failed to exhaust the prerequisites to recover such penalties set forth in Labor Code sections 2698, *et seq.*

## ELEVENTH AFFIRMATIVE DEFENSE

### (Privilege/Legitimate Business Reason)

11.    The Complaint, and each cause of action contained therein, is barred, in whole or in

4

1  part, because Defendants had an honest, good-faith belief that all decisions, if any, affecting

2  Plaintiff and members of the purported classes were made by Defendants solely for legitimate

3  business-related reasons that were not arbitrary, capricious, or unlawful, and were reasonably based

4  upon the facts as Defendants understood them.

## TWELFTH AFFIRMATIVE DEFENSE

### (Provision of Meal Breaks)

12.     Plaintiff and the members of the purported classes were provided all required meal

8  breaks, and were not forced to forego such meal breaks.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Violation of Defendant's Constitutional Rights)

13.     Any award of relief as sought by Plaintiff and members of the purported classes

12  would violate the due process and excessive fine clauses of the Fifth, Eighth, and Fourteenth

13  Amendments of the United States Constitution, as well as the Constitution of the State of

14  California.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Violation of Underlying State or Federal Law)

14     Defendants are not liable for violation of unlawful business practices under

18  California Business and Professions Code §§ 17200 *et seq.* because they are not liable to Plaintiff

19  or members of the purported classes for any alleged violation of any underlying state or federal

20  laws.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Benefits of Business Practice)

15.     Defendants are not liable for violation of California Business and Professions Code

24  §§ 17200 *et seq.* because the benefits of Defendants' practices to Plaintiff and members of the

25  purported classes outweigh whatever particular harm or impact the practices allegedly caused them.

26

27

28

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Unfair, Misleading, or Deceptive Business Practices)

16.    Defendants are not liable for violation of California Business and Professions Code §§ 17200 *et seq.* because their business practices were not unfair, not deceptive, and not likely to mislead anyone.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

17.    The relief requested by Plaintiff and members of the purported classes under California Business and Professions Code §§ 17200 *et seq.* should be denied because Plaintiff and members of the purported classes have an adequate remedy at law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Willfulness/Good Faith)

18.    Defendants did not act willfully or with knowledge or reckless disregard as to whether its conduct violated California wage-and-hour laws. Rather, Defendants acted in good faith and had reasonable grounds for believing that its actions were in compliance with California wage-and-hour laws.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Good-Faith Dispute)

19.    The Complaint, and each cause of action therein, fails to state a claim for penalties under California Labor Code § 203 because there is a good-faith dispute as to Defendants' obligation to pay any wages that may be found to be due.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Knowledge, Authorization, or Ratification)

20.    Defendants are not liable for Plaintiff's alleged damages because if any person engaged in intentional, willful, or unlawful conduct as alleged in the Complaint, he or she did so without the knowledge, authorization, or ratification of Defendants.

6                    ANSWER TO CLASS ACTION COMPLAINT

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Entitlement to Injunctive Relief)

21.    Plaintiff and members of the purported classes are precluded from obtaining injunctive relief, either in whole or in part, because they have not and cannot allege or prove that irreparable harm will result if injunctive relief is denied.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Comparative Fault)

22.    Defendants' conduct is not the sole and proximate cause of the alleged damages and losses, if any, of Plaintiff and members of the purported classes. Any damages awarded to Plaintiff and members of the purported classes must be apportioned according to the respective fault and legal responsibility of all parties, persons, and entities, or their agents and employees who contributed to and/or caused the alleged damages, if any, according to the proof presented at the time of trial.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Laches)

23.    The Complaint, and each cause of action therein, is barred, in whole or in part, by the doctrine of laches.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Waiver, Estoppel, and/or Consent)

24.    The Complaint, and each cause of action therein, is barred, in whole or in part, by the doctrines of waiver, estoppel, and/or consent.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

25.    The Complaint, and each cause of action therein, is barred, in whole or in part, by the doctrine of unclean hands.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees Not Recoverable)

26.     Plaintiff and members of the purported classes are precluded from recovering attorneys' fees from Defendants under applicable provisions of law (for some or all causes of action), including, without limitation, California Code of Civil Procedure § 1021

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Bad Faith)

27.     The Complaint was brought by Plaintiff in bad faith and is frivolous and by reason of the conduct stated herein Defendants are entitled to, and will seek, reasonable expenses, including attorneys' fees, incurred in defending this action pursuant to California Code of Civil Procedure § 128.7.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Offset)

28.     If it is determined that Defendant owes monetary damages to Plaintiff or the proposed class members, Defendants are entitled to an offset to the extent Plaintiff or the proposed class members owe money to Defendants.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Claims for Penalties Barred)

29.     Plaintiff and the proposed class members are precluded from recovering penalties, in whole or in part, from Defendants, by the due process clause of the Fourteenth Amendment to the Constitution of United States pursuant to the doctrine articulated in *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003)

## THIRTIETH AFFIRMATIVE DEFENSE

### (Proper Payment of Wages)

30.     Defendants allege that any and all wages or other compensation were paid to Plaintiff and the members of the purported classes in a complete, full, fair and timely manner consistent with any and all applicable regulations and statutes

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Improper Identification of Employer)

31.    Plaintiff and the members of the purported classes are foreclosed from seeking relief from non-employer corporate entities.

## III.  PRAYER

WHEREFORE, Defendant Regus Management Group LLC prays for judgment as follows:

(1)    That Plaintiff's Complaint and each cause of action therein be dismissed with prejudice;

(2)    That Plaintiff and members of the purported classes take nothing by Plaintiff's Complaint;

(3)    That Defendant be awarded its costs incurred herein, and reasonable attorneys' fees pursuant to California Labor Code § 218.5; and

(4)    That the Court orders such other and further relief for Defendant as the Court may deem just and proper.

Dated:  July 22, 2008

CARLTON DiSANTE & FREUDENBERGER LLP
Dave Carothers
Cindy R. Caplan
Nancy G. Berner

By [signature]
Cindy R. Caplan
Attorneys for Defendants
REGUS GROUP PLC; REGUS MANAGEMENT GROUP,
LLC; REGUS EQUITY BUSINESS CENTERS, L.L.C.;
REGUS BUSINESS CENTER LLC and HQ GLOBAL
WORKPLACES LLC

9                    ANSWER TO CLASS ACTION COMPLAINT

1 | *Alvin Reyes v. Regus Group, PLC, et al.*
San Diego Superior Court, Case No.: 37-2008-00085278-CU-BT-CTL
2 | Judge: The Honorable Judith Hayes
Dept.; 68
3

4 | <u>PROOF OF SERVICE</u>

5

6 | STATE OF CALIFORNIA, COUNTY OF SAN DIEGO.

7

8 | I, the undersigned, declare that I am employed in the aforesaid County, State of California.
I am over the age of 18 and not a party to the within action. My business address is 4510 Executive
9 | Drive, Suite 300, San Diego, California 92121. On July 22, 2008, I served upon the interested
party(ies) in this action the following document described as:

10 | **DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR
11 | DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF AND RESTITUTION**

12 | By placing a true and correct copy thereof enclosed in sealed envelope(s) addressed as
stated below for processing by the following method:

13 | DAN STORMER
RANDY RENICK
14 | HADSELL STORMER KEENY RICHARDSON &     SUSAN L. GUINN
RENICK LLP     LAW OFFICE OF SUSAN L. GUINN
15 | 128 NORTH FAIR OAKS AVENUE     4660 LA JOLLA VILLAGE DRIVE, SUITE #500
PASADENA, CA 91103     SAN DIEGO, CA 92122
16 | TELEPHONE: 626-585-9600     TELEPHONE: 619-275-5796
FACSIMILE: 626-577-7079     FACSIMILE: 619-275-3546

17

18 | [X]   By placing such envelope(s) with postage thereon fully prepaid into Carlton DiSante &
Freudenberger LLP's interoffice mail for collection and mailing pursuant to ordinary
19 | business practice. I am familiar with the office practice of Carlton DiSante &
Freudenberger LLP for collecting and processing mail with the United States Postal
20 | Service, which practice is that when mail is deposited with the Carlton DiSante &
Freudenberger LLP personnel responsible for depositing mail with the United States Postal
21 | Service, such mail is deposited that same day in a post box, mailbox, sub-post office,
substation, mail chute, or other like facility regularly maintained by the United States Postal
22 | Service in San Diego, California.

23 | I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

24 | Executed on July 22, 2008, at San Diego, California.

25

26 | Leslie Rivera Mason
(Type or print name)     (Signature)
27

28

PROOF OF SERVICE

*Alvin Reyes v. Regus Group, PLC, et al.*
*San Diego Superior Court, Case No.: 37-2008-00085278-CU-BT-CTL*

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 4510 Executive Drive, Suite 300, San Diego, California 92121. On July 23, 2008, I served upon the interested party(ies) in this action the following document described as:

**DEFENDANT REGUS MANAGEMENT GROUP, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

By placing a true and correct copy thereof enclosed in sealed envelope(s) addressed as stated below for processing by the following method:

DAN STORMER
RANDY RENICK
HADSELL STORMER KEENY RICHARDSON &
RENICK LLP
128 NORTH FAIR OAKS AVENUE
PASADENA, CA 91103
TELEPHONE: 626-585-9600
FACSIMILE: 626-577-7079

SUSAN L. GUINN
LAW OFFICE OF SUSAN L. GUINN
4660 LA JOLLA VILLAGE DRIVE, SUITE #500
SAN DIEGO, CA 92122
TELEPHONE: 619-275-5796
FACSIMILE: 619-275-3546

[X]   By placing such envelope(s) with postage thereon fully prepaid into Carlton DiSante & Freudenberger LLP's interoffice mail for collection and mailing pursuant to ordinary business practice. I am familiar with the office practice of Carlton DiSante & Freudenberger LLP for collecting and processing mail with the United States Postal Service, which practice is that when mail is deposited with the Carlton DiSante & Freudenberger LLP personnel responsible for depositing mail with the United States Postal Service, such mail is deposited that same day in a post box, mailbox, sub-post office, substation, mail chute, or other like facility regularly maintained by the United States Postal Service in San Diego, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 23, 2008, at San Diego, California.

Leslie Rivera Mason
(Type or print name)

(Signature)

1

PROOF OF SERVICE

303361.1

1   Dave Carothers, State Bar No. 125536
    Nancy G. Berner, State Bar No. 227142
2   CARLTON DiSANTE & FREUDENBERGER LLP
    4510 Executive Drive
3   Suite 300
    San Diego, California 92121
4   Telephone: (858) 646-0007
    Facsimile: (858) 646-0008
5   E-Mail: dcarothers@cdflaborlaw.com
          nberner@cdflaborlaw.com
6
    Attorneys for Defendant
7   REGUS GROUP PLC; REGUS MANAGEMENT GROUP,
    LLC; REGUS EQUITY BUSINESS CENTERS, L.L.C.;
8   REGUS BUSINESS CENTER LLC and HQ GLOBAL
    WORKPLACES LLC
9

**FILED**

2008 JUL 23 PM 1:46

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

10              UNITED STATES DISTRICT COURT

11              SOUTHERN DISTRICT OF CALIFORNIA

12                  '08 CV 1329 W AJB

| | |
|---|---|
| 13  ALVIN REYES, on behalf of himself and all others similarly situated, | )  Case No. _____ |
| 14            Plaintiff, | )  [San Diego Superior Court Case No. 37- |
| 15      vs. | )  2008-00085278-CU-BT-CTL] |
| 16  REGUS GROUP PLC; REGUS MANAGEMENT GROUP, LLC; REGUS EQUITY BUSINESS CENTERS, L.L.C.; | )  **DECLARATION OF JEFF McCALL IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT** |
| 17  REGUS BUSINESS CENTER LLC; HQ GLOBAL WORKPLACES LLC THE REGUS | ) |
| 18  GROUP PLC; and, DOES 1-10, | )  [28 U.S.C. SECTIONS 1332, 1441(b), 1446(a)] |
| 19            Defendants. | ) |

20

21

22

23

24

25

26

27

28

1                         DECL. OF JEFF McCALL RE: NOTICE OF
                                              REMOVAL

302848.1

## DECLARATION OF JEFF McCALL

I, Jeff McCall, declare as follows:

1.      I am the Chief Financial Officer at Regus Management Group, LLC, (hereafter "Regus") and have held this position since 2004.  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify to such facts under oath. I make this declaration in support of Regus' Notice of Removal Based on Diversity Jurisdiction.

2.      Regus Group PLC is an international corporation organized and registered in the United Kingdom as a public limited company.  Regus Group PLC provides furnished, equipped and staffed office space to businesses in over 950 business centers located in 400 cities in 70 countries.

3.      Regus is a limited liability corporation incorporated under the laws of the state of Delaware, with its home office located in Addison Texas, a northern suburb of Dallas.  Regus provides management services and employees to the US business centers that are part of the Regus Group PLC's network of business centers.

4.      The administrative and executive functions of Regus are performed in Texas.  The Directors and Managers consist of me, a resident of Illinois, and Mark Dixon, a resident of the Principality of Monaco.  We are both officers of Regus as well.  In addition to the Managers, there are two other officers, Guillermo Rotman, who resides in Florida, and Bob Gaudreau, who resides in New York.  The Managers and Officers meet regularly in Addison to address issues faced by the Company and set corporate policies.  The majority of business records are maintained in Texas, and Regus files and pays corporate income taxes in Texas.  In practical terms, the day-to-day control of the company is exercised in Texas.

5.      Regus provides management services and employees to business centers in 36 different states and about 100 cities.  No single state contains a substantial predominance of the corporation's business activities.  Rather, the majority of Regus' business activity takes place in multiple states.

2

302848.1

6.      Similarly, Regus Equity Business Centers, Regus Business Centers and HQ Global Workplaces are all limited liability corporations, incorporated in the state of Delaware, and share the same home office as Regus, in Addison Texas.  Like Regus, Regus Equity Business Centers, Regus Business Centers and HQ Global Workplaces conduct business throughout the United States and do not conduct a majority of business in a single state.  Corporate records are maintained in Texas, and these companies file and pay corporate income taxes in Texas.  Corporate business decisions, made by the officers and board members for Regus Equity Business Centers, Regus Business Centers and HQ Global Workplaces are made at the same regularly held meetings of officers in Addison Texas as are held for Regus Management Group.  In terms of corporate management and policy, day-to-day control of all four limited liability corporations (Regus Management Group, Regus Equity Business Centers, Regus Business Centers and HQ Global Workplaces), is exercised in Texas.

7.      I am unaware of any corporate entity named "The Regus Group PLC."

I declare under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct.

Executed this __18__ day of July, 2008 at Addison, Texas.


_____
                        Jeff McCall

DECL. OF JEFF McCALL RE: NOTICE OF REMOVAL

*Alvin Reyes v. Regus Group, PLC, et al.*
*San Diego Superior Court, Case No.: 37-2008-00085278-CU-BT-CTL*

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 4510 Executive Drive, Suite 300, San Diego, California 92121. On July 23, 2008, I served upon the interested party(ies) in this action the following document described as:

## DECLARATION OF JEFF McCALL IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

By placing a true and correct copy thereof enclosed in sealed envelope(s) addressed as stated below for processing by the following method:

DAN STORMER
RANDY RENICK
HADSELL STORMER KEENY RICHARDSON &
RENICK LLP
128 NORTH FAIR OAKS AVENUE
PASADENA, CA 91103
TELEPHONE: 626-585-9600
FACSIMILE: 626-577-7079

SUSAN L. GUINN
LAW OFFICE OF SUSAN L. GUINN
4660 LA JOLLA VILLAGE DRIVE, SUITE #500
SAN DIEGO, CA 92122
TELEPHONE: 619-275-5796
FACSIMILE: 619-275-3546

[X]   By placing such envelope(s) with postage thereon fully prepaid into Carlton DiSante & Freudenberger LLP's interoffice mail for collection and mailing pursuant to ordinary business practice. I am familiar with the office practice of Carlton DiSante & Freudenberger LLP for collecting and processing mail with the United States Postal Service, which practice is that when mail is deposited with the Carlton DiSante & Freudenberger LLP personnel responsible for depositing mail with the United States Postal Service, such mail is deposited that same day in a post box, mailbox, sub-post office, substation, mail chute, or other like facility regularly maintained by the United States Postal Service in San Diego, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 23, 2008, at San Diego, California.

Leslie Rivera Mason
(Type or print name)

(Signature)

1

303362.1

1  Dave Carothers, State Bar No. 125536
   Cindy R. Caplan, State Bar No. 203868
2  Nancy G. Berner, State Bar No. 227142
   CARLTON DiSANTE & FREUDENBERGER LLP
3  4510 Executive Drive
   Suite 300
4  San Diego, California 92121
   Telephone: (858) 646-0007
5  Facsimile: (858) 646-0008
   E-Mail: dcarothers@cdflaborlaw.com
6          ccaplan@cdflaborlaw.com
           nberner@cdflaborlaw.com
7
   Attorneys for Defendant
8  REGUS GROUP PLC; REGUS MANAGEMENT GROUP,
   LLP; REGUS EQUITY BUSINESS CENTERS, L.L.C.;
9  REGUS BUSINESS CENTER LLC; and HQ GLOBAL
   WORKPLACES LLC
10

FILED

2008 JUL 23 PH 1:46

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

11              UNITED STATES DISTRICT COURT

12            SOUTHERN DISTRICT OF CALIFORNIA

13

14  ALVIN REYES, on behalf of himself and all        Case No.  '08 CV 1329 W AJB
    others similarly situated,
15                                                    [San Diego Superior Court Case No. 37-
              Plaintiff,                              2008-00085278-CU-BT-CTL]
16       vs.
                                                      DEFENDANT REGUS MANAGEMENT
17  REGUS GROUP PLC; REGUS                            GROUP LLC'S NOTICE OF
    MANAGEMENT GROUP, LLC; REGUS                      INTERESTED PARTIES PURSUANT
18  EQUITY BUSINESS CENTERS, L.L.C.;                  TO LOCAL RULE 7.1-1
    REGUS BUSINESS CENTER LLC; HQ
19  GLOBAL WORKPLACES LLC THE REGUS
    GROUP PLC; and, DOES 1-10,
20
              Defendants.
21

22       The undersigned, counsel of record for Defendant Regus Management Group LLC,

23  ("Defendant" or "Regus"), certifies that the following listed parties have a direct, pecuniary interest

24  in the outcome of this case. These representations are made to enable the Court to evaluate

25  possible disqualification or recusal.

26       Regus Group PLC

27       Regus Management Group, LLC

28       Regus Equity Business Centers, LLC

                                    1
                                                        NOTICE OF INTERESTED PARTIES

1   Regus Business Center LLC

2   HQ Global Workplaces. LLC

3

4

Dated:  July 23, 2008

5                                CARLTON DiSANTE & FREUDENBERGER LLP
                                       Dave Carothers
6                                      Cindy R. Caplan
                                       Nancy G. Berner
7

8                                By: _____

9                                            Cindy R. Caplan
                                 Attorneys for Defendants
10                               REGUS GROUP PLC; REGUS MANAGEMENT GROUP.
                                 LLP; REGUS EQUITY BUSINESS CENTERS, L.L.C.;
11                               REGUS BUSINESS CENTER LLC: and HQ GLOBAL
                                 WORKPLACES LLC
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

303015 1

1  *Alvin Reyes v. Regus Group, PLC, et al.*
2  *San Diego Superior Court, Case No.: 37-2008-00085278-CU-BT-CTL*

3

4  ### PROOF OF SERVICE

5

6  STATE OF CALIFORNIA, COUNTY OF SAN DIEGO.

7

   I, the undersigned, declare that I am employed in the aforesaid County, State of California.
   I am over the age of 18 and not a party to the within action. My business address is 4510 Executive
8  Drive, Suite 300, San Diego, California 92121. On July 23, 2008, I served upon the interested
   party(ies) in this action the following document described as:
9

10  ### DEFENDANT REGUS MANAGEMENT GROUP LLC'S NOTICE OF INTERESTED PARTIES PURSUANT TO LOCAL RULE 7.1-1

11  By placing a true and correct copy thereof enclosed in sealed envelope(s) addressed as
    stated below for processing by the following method:
12

13  DAN STORMER
    RANDY RENICK
    HADSELL STORMER KEENY RICHARDSON &
14  RENICK LLP
    128 NORTH FAIR OAKS AVENUE
15  PASADENA, CA 91103
    TELEPHONE: 626-585-9600
16  FACSIMILE: 626-577-7079

    SUSAN L. GUINN
    LAW OFFICE OF SUSAN L. GUINN
    4660 LA JOLLA VILLAGE DRIVE, SUITE #500
    SAN DIEGO, CA 92122
    TELEPHONE: 619-275-5796
    FACSIMILE: 619-275-3546

17  [X]  By placing such envelope(s) with postage thereon fully prepaid into Carlton DiSante &
         Freudenberger LLP's interoffice mail for collection and mailing pursuant to ordinary
18       business practice. I am familiar with the office practice of Carlton DiSante &
         Freudenberger LLP for collecting and processing mail with the United States Postal
19       Service, which practice is that when mail is deposited with the Carlton DiSante &
         Freudenberger LLP personnel responsible for depositing mail with the United States Postal
20       Service, such mail is deposited that same day in a post box, mailbox, sub-post office,
         substation, mail chute, or other like facility regularly maintained by the United States Postal
21       Service in San Diego, California.

22  I declare under penalty of perjury under the laws of the State of California that the
    foregoing is true and correct.
23

24  Executed on July 23, 2008, at San Diego, California.

25
    Leslie Rivera Mason
26  (Type or print name)                                              (Signature)

27

28

DiSANTE &
FREUDENBERGER LLP

003363.1

1

1 | *Alvin Reyes v. Regus Group, PLC, et al.*
2 | *San Diego Superior Court, Case No.: 37-2008-00085278-CU-BT-CTL*

3

4 | ### PROOF OF SERVICE

5

6 | STATE OF CALIFORNIA, COUNTY OF SAN DIEGO.

7 | I, the undersigned, declare that I am employed in the aforesaid County, State of California.
I am over the age of 18 and not a party to the within action. My business address is 4510 Executive
8 | Drive, Suite 300, San Diego, California 92121. On July 23, 2008, I served upon the interested
9 | party(ies) in this action the following document described as:

10 | **NOTICE TO STATE COURT RE REMOVAL OF ACTION TO FEDERAL COURT**

By placing a true and correct copy thereof enclosed in sealed envelope(s) addressed as
11 | stated below for processing by the following method:

12 | DAN STORMER
RANDY RENICK
13 | HADSELL STORMER KEENY RICHARDSON &
RENICK LLP
14 | 128 NORTH FAIR OAKS AVENUE
PASADENA, CA 91103
15 | TELEPHONE: 626-585-9600
FACSIMILE: 626-577-7079

SUSAN L. GUINN
LAW OFFICE OF SUSAN L. GUINN
4660 LA JOLLA VILLAGE DRIVE, SUITE #500
SAN DIEGO, CA 92122
TELEPHONE: 619-275-5796
FACSIMILE: 619-275-3546

16

17 | [X]   By placing such envelope(s) with postage thereon fully prepaid into Carlton DiSante &
Freudenberger LLP's interoffice mail for collection and mailing pursuant to ordinary
18 | business practice. I am familiar with the office practice of Carlton DiSante &
Freudenberger LLP for collecting and processing mail with the United States Postal
19 | Service, which practice is that when mail is deposited with the Carlton DiSante &
Freudenberger LLP personnel responsible for depositing mail with the United States Postal
20 | Service, such mail is deposited that same day in a post box, mailbox, sub-post office,
substation, mail chute, or other like facility regularly maintained by the United States Postal
21 | Service in San Diego, California.

22 | I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

23 | Executed on July 23, 2008, at San Diego, California.

24

25 | Leslie Rivera Mason
(Type or print name)                                    (Signature)

26

27

28

CARLTON DiSANTE &
FREUDENBERGER LLP

303381.1

1

PROOF OF SERVICE

1   *Alvin Reyes v. Regus Group, PLC, et al.*
    *San Diego Superior Court, Case No.: 37-2008-00085278-CU-BT-CTL*

2

3

                                  **PROOF OF SERVICE**

4

5

       STATE OF CALIFORNIA, COUNTY OF SAN DIEGO.

6

7        I, the undersigned, declare that I am employed in the aforesaid County, State of California.
I am over the age of 18 and not a party to the within action. My business address is 4510 Executive

8 Drive, Suite 300, San Diego, California 92121. On July 23, 2008, I served upon the interested
party(ies) in this action the following document described as:

9

10   **DEFENDANT REGUS MANAGEMENT GROUP LLC'S NOTICE TO PLAINTIFF OF**
                    **REMOVAL TO FEDERAL COURT**

11        By placing a true and correct copy thereof enclosed in sealed envelope(s) addressed as

12     stated below for processing by the following method:

13 DAN STORMER                         SUSAN L. GUINN
   RANDY RENICK                     LAW OFFICE OF SUSAN L. GUINN

14 HADSELL STORMER KEENY RICHARDSON &    4660 LA JOLLA VILLAGE DRIVE, SUITE #500
   RENICK LLP                         SAN DIEGO, CA 92122

15 128 NORTH FAIR OAKS AVENUE          TELEPHONE: 619-275-5796
   PASADENA, CA 91103               FACSIMILE: 619-275-3546

16 TELEPHONE: 626-585-9600
   FACSIMILE: 626-577-7079

17

18 [X]   By placing such envelope(s) with postage thereon fully prepaid into Carlton DiSante &
        Freudenberger LLP's interoffice mail for collection and mailing pursuant to ordinary
19      business practice. I am familiar with the office practice of Carlton DiSante &
        Freudenberger LLP for collecting and processing mail with the United States Postal
20      Service, which practice is that when mail is deposited with the Carlton DiSante &
        Freudenberger LLP personnel responsible for depositing mail with the United States Postal
21      Service, such mail is deposited that same day in a post box, mailbox, sub-post office,
        substation, mail chute, or other like facility regularly maintained by the United States Postal
22      Service in San Diego, California.

23        I declare under penalty of perjury under the laws of the State of California that the
   foregoing is true and correct.

24        Executed on July 23, 2008, at San Diego, California.

25

26      Leslie Rivera Mason
      (Type or print name)                        (Signature)

27

28

1  *Alvin Reyes v. Regus Group, PLC, et al.*
   *United States District Court, Southern, Case No.: 08 CV 1329 W AJB*
2  *[San Diego Superior Court, Case No.: 37-2008-00085278-CU-BT-CTL]*

3

4

## PROOF OF SERVICE

5

6

7  STATE OF CALIFORNIA, COUNTY OF SAN DIEGO.

8      I, the undersigned, declare that I am employed in the aforesaid County, State of California.
   I am over the age of 18 and not a party to the within action. My business address is 4510 Executive
9  Drive, Suite 300, San Diego, California 92121. On July 24, 2008, I served upon the interested
   party(ies) in this action the following document described as:
10

11  **DEFENDANT REGUS MANAGEMENT GROUP, LLC'S CERTIFICATE OF
    SERVICE OF NOTICE TO PLAINTIFF OF REMOVAL TO FEDERAL COURT**

12      By placing a true and correct copy thereof enclosed in sealed envelope(s) addressed as
    stated below for processing by the following method:
13

DAN STORMER                              SUSAN L. GUINN
14  RANDY RENICK                             LAW OFFICE OF SUSAN L. GUINN
    HADSELL STORMER KEENY RICHARDSON &       4660 LA JOLLA VILLAGE DRIVE, SUITE #500
15  RENICK LLP                               SAN DIEGO, CA 92122
    128 NORTH FAIR OAKS AVENUE               TELEPHONE: 619-275-5796
16  PASADENA, CA 91103                       FACSIMILE: 619-275-3546
    TELEPHONE: 626-585-9600
17  FACSIMILE: 626-577-7079

18  [X]  By placing such envelope(s) with postage thereon fully prepaid into Carlton DiSante &
         Freudenberger LLP's interoffice mail for collection and mailing pursuant to ordinary
19       business practice. I am familiar with the office practice of Carlton DiSante &
         Freudenberger LLP for collecting and processing mail with the United States Postal
20       Service, which practice is that when mail is deposited with the Carlton DiSante &
         Freudenberger LLP personnel responsible for depositing mail with the United States Postal
21       Service, such mail is deposited that same day in a post box, mailbox, sub-post office,
         substation, mail chute, or other like facility regularly maintained by the United States Postal
22       Service in San Diego, California.

23      I declare under penalty of perjury under the laws of the State of California that the
    foregoing is true and correct.
24

25      Executed on July 24, 2008, at San Diego, California.

26      Leslie Rivera Mason
        _____          _____
27      (Type or print name)                      (Signature)

28

CARLTON DISANTE &
FREUDENBERGER LLP

1

303450.1